**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEPRACOR INC., <br><br> Plaintiff, <br><br> vs. <br><br> BARR LABORATORIES, INC. <br><br> Defendant. | C.A. No. 07-438 *** <br><br><br> **JURY DEMANDED** |

**DEFENDANT'S AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND**

Defendant Barr Laboratories, Inc. ("Barr") by and through its undersigned attorneys hereby amends its answer as a matter of right pursuant to Fed. R. Civ. P. 15(a) as follows:

**THE PARTIES**

1.   Sepracor is a Delaware corporation having its principal place of business at 84 Waterford Drive, Marlborough, Massachusetts 01752.

**ANSWER:**   On information and belief, Barr admits the allegations of paragraph 1.

2.   On information and belief, Barr is a Delaware corporation having a place of business at 400 Chestnut Ridge Road, Woodcliff Lake, New Jersey, 07677.

**ANSWER:**   Barr admits the allegations of paragraph 2.

## NATURE OF ACTION

3. This is a civil action against Barr for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.,* and more particularly 35 U.S.C. §§ 271(e)(2) and 281. The act of infringement relates to, *inter alia,* Barr's filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA") for approval of copies of certain of Sepracor's XOPENEX® (levalbuterol hydrochloride) inhalation solutions prior to the expiration of various United States Patents owned by Sepracor.

**ANSWER:** Barr admits that Sepracor's complaint is for patent infringement, but denies that Sepracor is entitled to relief or that Sepracor has met the requirements of the cited statutory provisions to establish a claim. Barr further admits that it filed with the FDA the ANDA No. 78-860 seeking approval to market a generic version (not copies) of specified Xopenex® inhalation formulations prior to the expiration of U.S. Patent Nos. 5,362,755 ("the '755 patent"); 5,547,994 ("the '994 patent"); 5,760,090 ("the '090 patent"); 5,844,002 ("the '002 patent"); and 6,083,993 ("the '993 patent"). Barr denies the remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Paragraph 4 contains conclusions of law for which no response is required. To the extent a response is required, Barr admits that this Court has subject matter jurisdiction for claims of patent infringement.

5. This Court has personal jurisdiction over Barr because Barr is a Delaware corporation with a registered office in Delaware and/or because Barr has designated an agent in Delaware for service of process.

**ANSWER:** Barr admits the allegations of paragraph 5.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c), 1391(d) and 1400(b).

**ANSWER:** Barr admits that venue is proper in this judicial district, but denies the remaining allegations of paragraph 6.

## PATENTS IN SUIT

7. United States Patent 5,362,755 ("the '755 patent") entitled, "Method for Treating Asthma Using Optically Pure (R)-Albuterol" was duly and legally issued by the United States Patent and Trademark Office on November 8, 1994. Sepracor is and has been the owner of the `755 patent. A true and correct copy of the '755 patent is attached hereto as Exhibit A.

**ANSWER:** Barr admits that the '755 patent states on its face an issue date of November 8, 1994, lists Sepracor as the assignee, and is entitled "Method for Treating Asthma Using Optically Pure (R)-Albuterol." Barr is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies them.

8. United States Patent 5,547,994 ("the '994 patent") entitled, "Method for Treating Asthma Using Optically Pure R(-) Albuterol" was duly and legally issued by the United States Patent and Trademark Office on August 20, 1996. Sepracor is and has been the owner of the '994 patent. A true and correct copy of the '994 patent is attached hereto as Exhibit B.

**ANSWER:** Barr admits that the '994 patent states on its face an issue date of August 20, 1996, lists Sepracor as the assignee, and is entitled "Method for Treating Asthma Using Optically Pure R(-) Albuterol." Barr is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies them.

9. United States Patent 5,760,090 ("the '090 patent") entitled, "Method for Treating Asthma Using Optically Pure R(-) Albuterol" was duly and legally issued by the United States Patent and Trademark Office on June 2, 1998. Sepracor is and has been the owner of the '090 patent. A true and correct copy of the '090 patent is attached hereto as Exhibit C.

**ANSWER:** Barr admits that the '090 patent states on its face an issue date of June 2, 1998, lists Sepracor as the assignee, and is entitled "Method for Treating Asthma Using Optically Pure R(-) Albuterol." Barr is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies them.

10. United States Patent 5,844,002 ("the '002 patent") entitled, "Method for Inducing Bronchodilation Using Optically Pure R(-) Albuterol" was duly and legally issued by the United States Patent and Trademark Office on December 1, 1998. Sepracor is and has been the owner of the '002 patent. A true and correct copy of the '002 patent is attached hereto as Exhibit D.

**ANSWER:** Barr admits that the '002 patent states on its face an issue date of December 1, 1998, lists Sepracor as the assignee, and is entitled "Method for Treating Asthma Using Optically Pure R(-) Albuterol." Barr is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies them.

11. United States Patent 6,083,993 ("the '993 patent") entitled, "Method for Treating Bronchospasm Using Optically Pure R(-) Albuterol" was duly and legally issued by the United States Patent and Trademark Office on July 4, 2000. Sepracor is and has been the owner of the '993 patent. A true and correct copy of the '993 patent is attached hereto as Exhibit E.

**ANSWER:** Barr admits that the '993 patent states on its face an issue date of July 4, 2000, lists Sepracor as the assignee, and is entitled "Method for Treating Asthma Using Optically Pure R(-) Albuterol." Barr is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies them.

12. Sepracor is the current holder of approved New Drug Application ("NDA") No. 20-837 for XOPENEX® (levalbuterol hydrochloride) inhalation solutions.

**ANSWER:** Barr admits that the FDA lists Sepracor as the holder of approved NDA No. 20-837, for levalbuterol hydrochloride inhalation formulations that Sepracor sells as Xopenex®. Barr denies the remaining allegations of paragraph 12.

## ACTS GIVING RISE TO THIS ACTION

13. On information and belief, Barr filed its ANDA No. 78-860, allegedly under the provisions of 21 U.S.C. § 355(j), with the FDA in order to obtain approval to engage in the commercial manufacture, importation, use or sale of copies of certain XOPENEX® (levalbuterol hydrochloride) inhalation solutions ("Barr's Levalbuterol Inhalation Solutions") before the expiration of Sepracor's '755, '994, '090, '002, and '993 patents (collectively "Sepracor Patents"), which collectively cover Sepracor's XOPENEX® (levalbuterol hydrochloride) inhalation solutions and the FDA approved method of use thereof.

**ANSWER:** Barr admits that it filed ANDA No. 78-860 under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, importation, use, or sale of levalbuterol inhalation formulations before the expiration of the '755, '994, '090, '002, and '993 patents, among others. Barr denies the remaining allegations of paragraph 13.

14. In a letter dated May 31, 2007, Barr notified Sepracor that it filed its ANDA No. 78-860 seeking approval to engage in the commercial manufacture, importation, use or sale of Barr's Levalbuterol Inhalation Solutions and further notifying Sepracor that Barr had filed a patent certification pursuant to section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), directed to the Sepracor Patents.

**ANSWER:** Barr admits that in the letter dated May 31, 2007, it notified Sepracor that Barr filed ANDA No. 78-860, further notifying Sepracor that Barr had filed a Paragraph IV certification, and that the notice letter to Sepracor contained detailed factual and legal statements as to why the asserted '755, '994, '090, '002, and '993 patents are invalid, unenforceable, and/or not infringed by Barr's ANDA products. Barr denies the remaining allegations of paragraph 14.

5

15. Specifically, in its letter dated May 31, 2007, Barr stated that it filed its ANDA No. 78-860 to obtain approval from the FDA to engage in the commercial manufacture, importation, use or sale of Barr's Levalbuterol Inhalation Solutions before expiration of the Sepracor Patents, each of which is listed in the Patent and Exclusivity Information Addendum of FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as "the Orange Book").

**ANSWER:** Barr admits that it notified Sepracor in the letter dated May 31, 2007, that Barr seeks FDA approval to engage in the commercial manufacture, importation, use or sale of its ANDA products before expiration of the '755, '994, '090, '002, and '993 patents. Barr further admits that these patents are or were listed in the Orange Book. Barr denies the remaining allegations of paragraph 15.

16. In its letter dated May 31, 2007, Barr further stated generally that its ANDA No. 78-860 contained a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in Barr's opinion, Sepracor's Patents are invalid, unenforceable, and/or not infringed.

**ANSWER:** Barr admits that in the letter dated May 31, 2007, it notified Sepracor that Barr filed ANDA No. 78-860, further notifying Sepracor that Barr had filed a Paragraph IV certification, and the notice letter to Sepracor contained detailed factual and legal statements as to why the asserted '755, '994, '090, '002, and '993 patents are invalid, unenforceable, and/or not infringed by Barr's ANDA products.

17. As part of its letter dated May 31, 2007, Barr asserted more specific purported grounds on which Barr asserts that the Sepracor Patents are either invalid and/or not infringed. Barr's letter asserts no specific grounds for unenforceability of the Sepracor Patents.

**ANSWER:** Barr admits that the letter to Sepracor dated May 31, 2007 contained detailed factual and legal statements as to why the asserted '755, '994, '090, '002, and '993 patents are invalid, unenforceable, and/or not infringed by Barr's ANDA products.

## COUNT I - INFRINGEMENT OF THE SEPRACOR PATENTS

18.     Sepracor incorporates by reference each of the averments of paragraphs 1 through 17 as though fully set forth.

**ANSWER:**     Barr incorporates by reference its answers to paragraphs 1-17.

19.     Under 35 U.S.C. § 271(e)(2)(A), Barr's submission to the FDA of ANDA No. 78-860 to obtain approval for the commercial manufacture, importation, use or sale of Barr's Levalbuterol Inhalation Solutions in the United States before the expiration date of the Sepracor Patents constitutes an act of infringement of one or more claims of each of the Sepracor Patents.

**ANSWER:**     Barr admits that its filing of ANDA No. 78-860, containing a paragraph IV certification for the asserted patents, vests this Court with subject matter jurisdiction pursuant to 35 U.S.C. § 271(e).  Barr denies the remaining allegations of paragraph 19, including any implication that the products that are the subject of Barr's ANDA infringe any valid, enforceable claim of the asserted patents.

20.     Upon FDA approval of Barr's ANDA No. 78-860, Barr will infringe one or more claims of each of the Sepracor Patents by making, offering to sell, selling and/or importing Barr's Levalbuterol Inhalation Solutions in the United States, and/or by actively inducing and/or contributing to infringement by others (collectively "infringe," "infringement," or "infringed"), unless this Court orders that the effective date of any FDA approval of Barr's ANDA shall be no earlier than the expiration date of the Sepracor Patents.

**ANSWER:**     Barr denies the allegations of paragraph 20.

21.     Barr has actual notice of each of the Sepracor Patents and, upon information and belief, was aware that the filing of its ANDA No. 78-860 and certification with respect to the Sepracor Patents constituted an act of infringement of one or more claims of the Sepracor Patents.

**ANSWER:**     Barr denies the allegations of paragraph 21.

22.     This action was brought before the expiration of forty-five (45) days from the date of receipt by Sepracor of Barr's letter dated May 31, 2007.

**ANSWER:**     Barr admits the allegations of paragraph 22.

  23. Sepracor will be substantially and irreparably harmed and damaged by Barr's infringement if not enjoined.

**ANSWER:** Barr denies the allegations of paragraph 23.

  24. Sepracor has no adequate remedy at law.

**ANSWER:** Barr denies the allegations of paragraph 24.

  25. This case is an exceptional one, and Sepracor is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Barr denies the allegations of paragraph 25.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Barr does not actually infringe, and if marketed would not infringe, any valid and enforceable claims of the asserted patents with its ANDA products that are the subject of ANDA No. 78-860.

### Second Affirmative Defense

The claims of the asserted patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidation.

### Third Affirmative Defense

The asserted patents are unenforceable due to inequitable conduct before the PTO, for at least the reasons discussed in Barr's Counterclaims identified below.

### Fourth Affirmative Defense

Sepracor is not entitled to relief because it is estopped by prosecution history and subject to prosecution history laches.

WHEREFORE, Defendant Barr Laboratories, Inc. hereby demands judgment dismissing Plaintiff's Complaint with prejudice, judgment for costs and fees of suit, and for such other relief as the Court may deem just.

## COUNTERCLAIMS

For its counterclaims against Plaintiff Sepracor Inc. ("Sepracor"), Defendant Barr Laboratories, Inc. ("Barr") states as follows:

### Parties

1. Barr Laboratories, Inc. is a Delaware corporation having its corporate offices and a principal place of business at Two Quaker Road, P.O. Box 2900, Pomona, NY 10970.

2. On information and belief, Sepracor is a Delaware corporation having its principal place of business at 84 Waterford Drive, Marlborough, Massachusetts 01752.

### Jurisdiction and Venue

3. This action arises under the patent laws of the United States of America. Subject matter jurisdiction is proper in this Court by Title 28, United States Code Sections 1331, 1338(a), 2201, and/or 2202.

4. Personal jurisdiction is proper in this Court because Sepracor is a Delaware corporation and because Sepracor has subjected itself to the jurisdiction of this court by virtue of filing its Complaint.

5. Venue is proper in this Court under Title 28, United States Code 1391 and 1400.

**Background**

6. On information and belief, the United States Patent and Trademark Office issued U.S. Patent Nos. 5,362,755 ("the '755 patent"); 5,547,994 ("the '994 patent"); 5,760,090 ("the '090 patent"); 5,844,002 ("the '002 patent"); and 6,083,993 ("the '993 patent"), listing Timothy J. Barberich and James W. Young as inventors, and listing Sepracor as the assignee.

7. Sepracor asserts that Barr infringes and, if the products are marketed will infringe, claims of the '755, '994, '090, '002, and '993 patents. Sepracor claims to own and have the right to enforce these asserted patents.

8. On information and belief, Sepracor is the current holder of approved New Drug Application ("NDA") No. 20-837 for XOPENEX® (levalbuterol hydrochloride) inhalation solutions.

9. The Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act ("FDCA") authorize a generic drug company to submit an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA").

10. The FDCA requires NDA holders to disclose to the FDA the patent numbers and expiration dates of patents that the holders believe claim the "drug" for which the NDA is submitted, or patents covering a "method of using such drug." 21 U.S.C. §§ 355(b)(1) and (c)(2).

11. The FDA then lists patents identified by the NDA holders in the publication "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly called the "Orange Book."

12. If a company seeks approval to market a generic version of an NDA drug before a patent listed in the Orange Book expires, then the company seeking to obtain approval must include in its ANDA submission a "certification" that the patent is invalid, unenforceable, and/or

would not be infringed by the generic product. This type of certification is commonly called a "Paragraph IV Certification."

13. The ANDA applicant must send both the NDA holder and the patent holder a notice letter that includes a detailed statement of factual and legal bases for the ANDA applicant's opinion that the patent is invalid, unenforceable, and/or would not be infringed.

14. Pursuant to 21 U.S.C. § 355(j)(5)(C), the ANDA applicant may include within its notice letter an "offer of confidential access" to its ANDA, which provides the NDA holder the opportunity to inspect the ANDA "for the purpose of determining whether" it should file suit against the ANDA holder.

15. The FDA "Orange Book" lists the '755, '994, '090, '002, and '993 patents associated with Sepracor's NDA No. 20-837 for Xopenex® levalbuterol inhalation solutions.

16. Barr filed with the FDA an ANDA containing a Paragraph IV Certification to obtain approval to engage in the manufacture, use or sale of certain formulations and doses of levalbuterol inhalation solution ("Barr's ANDA products").

17. In a letter dated May 31, 2007, Barr's representative provided Sepracor with notice that it had submitted an ANDA with a Paragraph IV certification, and the notice letter contained a detailed factual and legal statement as to why the asserted patents are invalid, unenforceable and/or not infringed by Barr's ANDA products.

18. Within its notice letter, and pursuant to 21 U.S.C. § 355(j)(5)(C), Barr offered to provide its ANDA to Sepracor with certain confidentiality provisions.

19. Sepracor and Barr thereafter negotiated revised confidentiality provisions and Barr agreed to renegotiate those provisions to reach an agreement. Sepracor thereafter received Barr's ANDA submission.

20.     Sepracor filed a patent infringement lawsuit against Barr. In its complaint, Sepracor alleges that Barr's ANDA products will infringe the '755, '994, '090, '002, and '993 patents, which Barr has denied herein.

21. This case is an exceptional one, and Barr is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT I
**Declaration of Non-Infringement of the '755, '994, '090, '002, and '993 patents**

22.     Barr re-alleges and incorporates herein the allegations of paragraphs 1-21.

23.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that claims of the '755, '994, '090, '002, and '993 patents will not be infringed by the manufacture, use, offer for sale, or sale of Barr's ANDA products.

24.     Sepracor asserts that the manufacture, use, offer for sale, or sale of Barr's ANDA Products do and will infringe claims of the '755, '994, '090, '002, and '993 patents.

25.     The manufacture, use, offer for sale, or sale of Barr's ANDA Products do not and will not infringe valid claims of the '755, '994, '090, '002, and '993 patents.

26.     A present, genuine justiciable controversy exists between Barr and Sepracor regarding the issue of whether the manufacture, use, offer for sale, or sale of Barr's ANDA products would infringe claims of the '755, '994, '090, '002, and '993 patents.

27.     Barr is entitled to a declaration that the manufacture, use, offer for sale, or sale of its ANDA products do not and will not infringe claims of the '755, '994, '090, '002, and '993 patents.

## COUNT II
### Declaration of Invalidity of the '755, '994, '090, '002, and '993 patents

28.    Barr re-alleges and incorporates herein the allegations of paragraphs 1-27.

29.    This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that claims of the '755, '994, '090, '002, and '993 patents are invalid.

30.    Sepracor asserts that valid claims of the '755, '994, '090, '002, and '993 patents are infringed.

31.    The manufacture, use, offer for sale, or sale of Barr's ANDA Products do not and will not infringe valid claims of the '755, '994, '090, '002, and '993 patents, as the claims of those patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 or 112, or other judicially-created bases for invalidation.

32.    A present, genuine, and justiciable controversy exists between Barr and Plaintiff/Counterclaim-Defendant Sepracor regarding the validity of the '755, '994, '090, '002, and '993 patents.

33.    Barr is entitled to a declaration that claims of the '755, '994, '090, '002, and '993 patents are invalid.

## COUNT III
**Declaration of Unenforceability of the '755, '994, '090, '002, and '993 patents**

34. Barr re-alleges and incorporates herein the allegations of paragraphs 1-33.

35. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that claims of the '755, '994, '090, '002, and '993 patents are unenforceable.

36. Sepracor asserts that enforceable claims of the '755, '994, '090, '002, and '993 patents are infringed.

37. The '755, '994, '090, '002, and '993 patents are related patents, in the same family, and all claiming benefit to the same parent application.

38. Prosecuting a patent application is an *ex parte* process, and patent applicants are subject to the duties of good faith, candor, and disclosure. *See* 37 C.F.R. § 1.56; *Manual of Patent Examining Procedure* (MPEP) § 2000.

39. The duty of candor/disclosure requires, among other things, that the applicant, his or her agents and/or attorneys, the named inventors, and anyone else substantively involved in prosecuting the application disclose all information that is material to the patentability of the claims.

40. Pursuant to § 2001.06 of the MPEP, applicants and other individuals involved in the prosecution of the patents in suit have a duty to bring to the attention of the US Patent and Trademark Office any material prior art or other information cited or brought to their attention in any related foreign application.

41. An applicant's intentional withholding of information known to be material to patentability with intent to deceive the PTO constitutes inequitable conduct and renders a patent unenforceable.

42. By no later than August 20, 1996, Sepracor, its agents, the named inventors, and/or the attorneys or agents involved in prosecuting the applications that resulted in the '755, '994, '090, '002, and '993 patents knew of Great Britain Patent Specification No. 1,298,494 ("GB '494"). The GB '494 reference was published on December 6, 1972.

43. GB '494 states that "[t]his invention is concerned with a process for the preparation of optical enantiomers of certain 1-phenyl-2-aminoethanol derivatives." Albuterol is a 1-phenyl-2-aminoethanol derivative.

44. GB '494 is a printed publication and is prior art for all of the asserted patents.

45. During the prosecution of the '090 patent, however, individuals representing Sepracor identified GB '494 in a set of references but stated that "applicants believe that the references are merely cumulative to the references already of record."

46. Sepracor did not provide the GB '494 reference to the U.S. Patent and Trademark Office until one week before the issuance of the '090 patent.

47. GB '494 is not merely cumulative. GB '494 is material. GB '494 anticipates or renders obvious each claim of the asserted patents. Thus, a patent examiner would consider the reference important to patentability, the reference affects the patentability of the patents in suit, and arguments made by the applicant during prosecution are contradicted by the reference.

48. Upon information and belief, and based upon a reasonable inference because of the high materiality of the GB '494 reference, Sepracor, its agents, the named inventors, and/or the attorneys or agents involved in prosecuting the applications that resulted in the '755, '994,

'090, '002, and '993 patents intentionally misrepresented the materiality and significance of the GB '494 reference.

49.     By no later than August 20, 1996, Sepracor, its agents, the named inventors, and/or the attorneys or agents involved in prosecuting the applications that resulted in the '755, '994, '090, '002, and '993 patents knew of Great Britain Patent Specification No. 1,200,886 ("GB '886"). The GB '886 reference was published on August 5, 1970.

50.     GB '886 states that "[t]his invention relates to novel 1-phenyl-2-aminoethanol derivatives." Albuterol is a 1-phenyl-2-aminoethanol derivative.

51.     GB '886 is a printed publication and is prior art for all of the asserted patents.

52.     GB '494 incorporates by reference the GB '886 reference. During the prosecution of the asserted patents, however, individuals representing Sepracor did not separately identify the GB '886 reference, did not distinguish the GB '886 reference, and did not discuss the GB '886 reference. Individuals representing Sepracor did not discuss or distinguish the combined effect of the GB '886 reference with the GB '494 reference discussed above.

53.     GB '886 is not merely cumulative. GB '886 is material. GB '886 anticipates or renders obvious each claim of the asserted patents. Thus, a patent examiner would consider the reference important to patentability, the reference affects the patentability of the patents in suit, and arguments made by the applicant during prosecution are contradicted by the reference.

54.     Upon information and belief, and based upon a reasonable inference because of the high materiality of the GB '886 reference, Sepracor, its agents, the named inventors, and/or the attorneys or agents involved in prosecuting the applications that resulted in the '755, '994, '090, '002, and '993 patents intentionally withheld or misrepresented the materiality and significance of the GB '886 reference.

55. Sepracor obtained an International Search Report dated May 31, 1991, in response to a filing by Sepracor of International Application No. PCT US91/00088.

56. The International Search Report identified as prior art, among other references, (1) EP-A-0248150, (2) EP-A-0320550, (3) Trends Pharmacol. Sci., vol. 7/5, 1986, Eleviers Science Publishers B.V. (Amsteradam NL), and (4) EJ Ariëns, "Chirality in bioactive agents and its pitfalls," pages 200-205.

57. The International Search Report for International Application No. PCT US91/00088 indicates on its face that an "X" category document is considered by the International Search Report to be "a document of particular relevance: the claimed invention cannot be considered novel or cannot be considered to involve inventive step."

58. Each of the references listed in paragraph 56 contained an "X" indicating that it is a document of particular relevance.

59. Sepracor, its agents, the named inventors, and/or the attorneys or agents involved in prosecuting the applications that resulted in the '755, '994, '090, '002, and '993 patents did not disclose to the US Patent and Trademark Office the references listed in paragraph 56 above.

60. The references listed in paragraph 56 are not merely cumulative. The references listed in paragraph 56 anticipate or render obvious each claim of the asserted patents. A patent examiner would consider the references important to patentability, the references affect the patentability of the patents in suit, and the references contradict arguments made by the applicant during prosecution. Thus, the references listed in paragraph 56 are material.

61. Upon information and belief, and based upon a reasonable inference because of the high materiality of the references listed in paragraph 56 and as shown by the International Search Report, Sepracor, its agents, the named inventors, and/or the attorneys or agents involved

in prosecuting the applications that resulted in the '755, '994, '090, '002, and '993 patents intentionally withheld or misrepresented the materiality and significance of the references listed in paragraph 56.

62.     Upon information and belief, Sepracor, its agents, the named inventors, and/or the attorneys or agents involved in prosecuting the applications that resulted in the '755, '994, '090, '002, and '993 patents knew of research data that showed that side-effects attributed to the S(+) enantiomer were not as significant as stated in the specification for these patents.

63.     Upon information and belief, Sepracor knew of such research data by no later than December 1, 1998. Nonetheless, and with knowledge of such research data, Sepracor did not timely reveal the data or an assessment of the data to the US Patent and Trademark Office.

64.     While withholding the data showing that the side-effects attributed to the S(+) enantiomer were not as significant as stated in the specification for the asserted patents, Sepracor had pending claims covering reduced side effects.

65.     The withheld data was not merely cumulative. The withheld data was material. The withheld data affects the patentability and contradicts the argument put forth for any claim of the asserted patents purporting to cover reduced side effects. Thus, a patent examiner would consider the reference important to patentability, the reference affects the patentability of the patents in suit, and arguments made by the applicant during prosecution are contradicted by the reference.

66.     Upon information and belief, and based upon a reasonable inference because of the high materiality of the withheld data, Sepracor, its agents, the named inventors, and/or the attorneys or agents involved in prosecuting the applications that resulted in the '755, '994, '090,

'002, and '993 patents intentionally withheld or misrepresented the materiality and significance of the withheld data.

67. A present, genuine, and justiciable controversy exists between Barr and Plaintiff/Counterclaim-Defendant Sepracor regarding the unenforceability of the '755, '994, '090, '002, and '993 patents.

68. Barr is entitled to a declaration that claims of the '755, '994, '090, '002, and '993 patents are unenforceable.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaim-Plaintiff Barr Laboratories, Inc. prays that the Court enter judgment in its favor and against Plaintiff/Counterclaim-Defendant Sepracor Inc. as follows:

a) For a declaration that Barr Laboratories, Inc.'s ANDA Products do not and will not infringe claims of U.S. Patent Nos. 5,362,755 ("the '755 patent"); 5,547,994 ("the '994 patent"); 5,760,090 ("the '090 patent"); 5,844,002 ("the '002 patent"); and 6,083,993 ("the '993 patent");

b) For a declaration that the claims of U.S. Patent Nos. 5,362,755 ("the '755 patent"); 5,547,994 ("the '994 patent"); 5,760,090 ("the '090 patent"); 5,844,002 ("the '002 patent"); and 6,083,993 ("the '993 patent") are invalid;

c) For a declaration that the claims of U.S. Patent Nos. 5,362,755 ("the '755 patent"); 5,547,994 ("the '994 patent"); 5,760,090 ("the '090 patent"); 5,844,002 ("the '002 patent"); and 6,083,993 ("the '993 patent") are unenforceable;

d) For an award of attorneys' fees pursuant to 35 U.S.C. § 285;

e) For an award of costs; and

f) For such other relief as the Court determines to be just and proper.

## **JURY DEMAND**

Defendant and Counterclaim Plaintiff, Barr Laboratories, Inc., requests a jury trial on all issues so triable.

Dated:  August 20, 2007

                                                                */s/ Richard K. Herrmann*
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801-1494
(302) 888-6800
rherrmann@morrisjames.com

George C. Lombardi
Imron T. Aly
Elizabeth H. Erickson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
(312)558-5600

Attorneys for Defendant
BARR LABORATORIES, INC.