IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR INC.,<br><br>                 Plaintiff,<br>v.<br><br>BARR LABORATORIES, INC.,<br><br>                 Defendant. | C.A. No. 07-438-*** (MPT) |

### PLAINTIFF SEPRACOR INC.'S REPLY TO DEFENDANT BARR LABORATORIES, INC.'S AMENDED COUNTERCLAIMS

Plaintiff Sepracor Inc. ("Sepracor") responds to each of the numbered paragraphs of the Amended Counterclaims[1] (D.I. 11) of Defendant Barr Laboratories, Inc. ("Barr") below.[2] Sepracor expressly denies any allegations not admitted in this Reply.

### REPLY TO AMENDED COUNTERCLAIMS

#### Parties

1.    Sepracor admits that it alleged, upon information and belief, that Barr is a Delaware corporation having a place of business at 400 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677.

2.    Sepracor admits the allegations set forth in paragraph 2 of Barr's Amended Counterclaims.

---

[1]    In response to Sepracor's Complaint (D.I. 1), Barr filed an Answer to Complaint, Affirmative Defenses, Counterclaims, and Jury Demand on August 1, 2007 (D.I. 6). Before Sepracor filed a responsive pleading, Barr filed an Amended Answer to Complaint, Affirmative Defenses, Counterclaims, and Jury Demand on August 20, 2007 (D.I. 11).

[2]    Sepracor's numbered paragraphs in this Reply track those of the numbered paragraphs in the Amended Counterclaims portion of D.I. 11.

## Jurisdiction and Venue

3.  Sepracor admits the allegations set forth in paragraph 3 of Barr's Amended Counterclaims.

4.  Sepracor admits the allegations set forth in paragraph 4 of Barr's Amended Counterclaims.

5.  Sepracor admits the allegations set forth in paragraph 5 of Barr's Amended Counterclaims.

## Background

6.  Sepracor admits the allegations set forth in paragraph 6 of Barr's Amended Counterclaims.

7.  Sepracor admits the allegations set forth in paragraph 7 of Barr's Amended Counterclaims.

8.  Sepracor admits the allegations set forth in paragraph 8 of Barr's Amended Counterclaims.

9.  Paragraph 9 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

10. Paragraph 10 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

11. Paragraph 11 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

12. Paragraph 12 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

13.     Paragraph 13 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

14.     Paragraph 14 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

15.     With regard to paragraph 15 of Barr's Amended Counterclaims, Sepracor admits that United States Patent Nos. 5,362,755 ("the '755 patent"); 5,547,994 ("the '994 patent"); 5,760,090 ("the '090 patent"); 5,844,002 ("the '022 patent); and 6,083,993 ("the '993 patent") (collectively "the Sepracor Patents") are listed in the Food and Drug Administration Center ("FDA") for Drug Evaluation and Research *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book) publication in connection with Sepracor's New Drug Application ("NDA") No. 20-837 for XOPENEX® (levalbuterol hydrochloride) inhalation solutions.

16.     With regard to paragraph 16 of Barr's Amended Counterclaims, Sepracor admits that, in its Complaint, it alleged the following:

- on information and belief, Barr filed its ANDA No. 78-860 with the FDA in order to obtain approval to engage in the commercial manufacture, importation, use, or sale of certain levalbuterol hydrochloride inhalation solutions ("Barr's Levalbuterol Inhalation Solutions") before the expiration of the Sepracor Patents; and

- Barr notified Sepracor that it filed its ANDA No. 78-860 with a patent certification pursuant to section 505(j)(2)(A)(vii)(IV) of the Federal Food Drug and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), directed to the Sepracor Patents.

17.     With regard to paragraph 17 of Barr's Amended Counterclaims, Sepracor admits that, in its Complaint, it alleged the following:

- in a letter dated May 31, 2007, Barr stated generally that its ANDA No. 78-860 contained a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in Barr's opinion, the Sepracor Patents are invalid, unenforceable, and/or not infringed;

- as part of its letter dated May 31, 2007, Barr set forth more specific purported grounds on which Barr alleges the Sepracor Patents are either invalid and/or not infringed; and

- Barr's letter asserted no specific grounds for unenforceability of the Sepracor Patents. Sepracor denies the remaining allegations set forth in paragraph 17 of Barr's Amended Counterclaims.

18. With regard to paragraph 18 of Barr's Amended Counterclaims, Sepracor admits that in Barr's letter dated May 31, 2007, Barr included an Offer of Confidential Access to Application to "provide confidential access to certain information from its ANDA No. 78-860." Sepracor denies the remaining allegations set forth in paragraph 18 of Barr's Amended Counterclaims.

19. With regard to paragraph 19 of Barr's Amended Counterclaims, Sepracor admits that it negotiated revised confidentiality provisions with Barr and, pursuant to the revised provisions, Sepracor subsequently received access to certain information from Barr's ANDA No. 78-860. Sepracor denies the remaining allegations set forth in paragraph 19 of Barr's Amended Counterclaims.

20. With regard to paragraph 20 of Barr's Amended Counterclaims, Sepracor admits that it filed a civil action against Barr for patent infringement and, in its Complaint, alleges that Barr does and will infringe one or more claims of the Sepracor Patents by making, using, selling,

offering to sell, or importing Barr's Levalbuterol Inhalation Solutions in the United States before the expiration of the Sepracor Patents.

21. Sepracor denies the allegations set forth in paragraph 21 of Barr's Amended Counterclaims.

## COUNT I
### Declaration of Non-Infringement of the '755, '994, '090, '002, and '993 Patents

22. Sepracor restates and incorporates by reference its responses to each of the allegations of paragraphs 1-21 as set forth herein.

23. Sepracor admits Barr's counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States of America, 35 U.S.C. § 100 *et seq.*. Sepracor denies the allegation that claims of the Sepracor Patents will not be infringed by the manufacture, use, offer for sale, or sale of Barr's ANDA products.

24. Sepracor admits the allegations set forth in paragraph 24 of Barr's Amended Counterclaims.

25. Sepracor denies the allegations set forth in paragraph 25 of Barr's Amended Counterclaims.

26. Paragraph 26 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

27. Sepracor denies the allegations set forth in paragraph 27 of Barr's Amended Counterclaims.

## COUNT II
### Declaration of Invalidity of the '755, '994, '090, '002, and '993 Patents

28. Sepracor restates and incorporates by reference its responses to each of the allegations of paragraphs 1-27 as set forth herein.

29. Sepracor admits that Barr's counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States of America, 35 U.S.C. § 100 *et seq.* Sepracor denies the allegation that claims of the Sepracor Patents are invalid.

30. Sepracor admits the allegations set forth in paragraph 30 of Barr's Amended Counterclaims.

31. Sepracor denies the allegations set forth in paragraph 31 of Barr's Amended Counterclaims.

32. Paragraph 32 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

33. Sepracor denies the allegations set forth in paragraph 33 of Barr's Amended Counterclaims.

## COUNT III
### Declaration of Unenforceability of the '755, '994, '090, '002, and '993 Patents

34. Sepracor restates and incorporates by reference its responses to each of the allegations of paragraphs 1-33 as set forth herein.

35. Sepracor admits that Barr's counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States of America, 35 U.S.C. § 100 *et seq.* Sepracor denies the allegation that claims of the Sepracor Patents are unenforceable.

36. Sepracor admits the allegations set forth in paragraph 36 of Barr's Amended Counterclaims.

37. Sepracor admits the following:

- the '755 patent issued from U.S. Patent Appl. No. 08/163,581, which is a continuation of Appl. No. 07/896,725, which is a continuation of Appl. No. 07/461,262;

- the '994 patent issued from U.S. Patent Appl. No. 08/335,480, which is a continuation of Appl. No. 08/163,581, which is a continuation of Appl. No. 07/896,725, which is a continuation of Appl. No. 07/461,262;

- the '090 patent issued from United States Patent Appl. No. 08/691,604, which is a continuation of Appl. No. 08/335,480, which is a continuation of Appl. No. 08/163,581, which is a continuation of Appl. No. 07/896,725, which is a continuation of Appl. No. 07/461,262;

- the '002 patent issued from U.S. Patent Appl. No. 09/063,551, which is a continuation of Appl. No. 08/691,604, which is a continuation of Appl. No. 08/335,480, which is a continuation of Appl. No. 08/163,581, which is a continuation of Appl. No. 07/896,725, which is a continuation of Appl. No. 07/461,262; and

- the '993 patent issued from U.S. Patent Appl. No. 09/466,107, which is a continuation of Appl. No. 09/200,541, which is a continuation of Appl. No. 09/063,551, which is a continuation of Appl. No. 08/691,604, which is a continuation of Appl. No. 08/335,480, which is a continuation of Appl. No. 08/163,581, which is a continuation of Appl. No. 07/896,725, which is a continuation of Appl. No. 07/461,262.

Sepracor denies the remaining allegations set forth in paragraph 37 of Barr's Amended Counterclaims.

38. Paragraph 38 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

39. Paragraph 39 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

40. Paragraph 40 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

41. Paragraph 41 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

42. Sepracor admits that United Kingdom/Great Britain Patent Specification 1,298,494 ("UK '494") indicates on its face: "Complete specifications published 6 Dec. 1972." Sepracor admits that the preliminary amendment (document no. 7) filed in U.S. Patent Appl. No. 08/691,604 and dated May 7, 1997, states on page 4, lines 2-4 that "[o]ne week before issue, on August 13, 1996, two references [one reference being UK '494] were brought to the attention of applicants' undersigned representative." Sepracor denies the remaining allegations set forth in paragraph 42 of Barr's Amended Counterclaims.

43. Sepracor admits the allegations set forth in paragraph 43 of Barr's Amended Counterclaims.

44. Sepracor admits that UK '494 indicates on its face: "Complete specifications published 6 Dec. 1972." Sepracor denies the remaining allegations set forth in paragraph 44 of Barr's Amended Counterclaims.

45. Sepracor admits that the preliminary amendment (document number 7) filed by Sepracor, its agent, and/or attorney in U.S. Application No. 08/691,604 and dated May 7, 1997, states on page 4, lines 7-8 and page 5, lines 1-3 that "applicants believe that the 'references' are merely cumulative to the references already of record." Sepracor denies the remaining allegations set forth in paragraph 45 of Barr's Amended Counterclaims.

46. Sepracor admits that the preliminary amendment (document no. 7) filed in U.S. Patent Appl. No. 08/691,604 and dated May 7, 1997, states on page 4, lines 2-4 that "[o]ne week

before issue, on August 13, 1996, two references [one reference being UK '494] were brought to the attention of applicants' undersigned representative." Sepracor denies the remaining allegations set forth in paragraph 46 of Barr's Amended Counterclaims.

47. Sepracor denies the allegations set forth in paragraph 47 of Barr's Amended Counterclaims.

48. Sepracor denies the allegations set forth in paragraph 48 of Barr's Amended Counterclaims.

49. Sepracor admits that, through its registered United States patent agent, it cited UK '494 to the United States Patent and Trademark Office in a submission dated August 20, 1996, and UK '494, in column 1, lines 13-14 and 15-16 cites "United Kingdom Specification 1,200,886." Sepracor admits that United Kingdom/Great Britain Patent Specification 1,200,886 ("UK '886") indicates on its face: "Complete Specifications published 5 Aug. 1970." Sepracor denies the remaining allegations set forth in paragraph 42 of Barr's Amended Counterclaims.

50. Sepracor admits the allegations set forth in paragraph 50 of Barr's Amended Counterclaims.

51. Sepracor admits that UK '886 indicates on its face: "Complete Specifications published 5 Aug. 1970." Sepracor denies the remaining allegations set forth in paragraph 51 of Barr's Amended Counterclaims.

52. Sepracor denies the allegations set forth in paragraph 52 of Barr's Amended Counterclaims.

53. Sepracor denies the allegations set forth in paragraph 53 of Barr's Amended Counterclaims.

54. Sepracor denies the allegations set forth in paragraph 54 of Barr's Amended Counterclaims.

55. Sepracor admits that an International Search Report for International Application No. PCT/US91/000088 indicates on its face a date of mailing of "31.05.91." Sepracor denies the remaining allegations set forth in paragraph 55 of Barr's Amended Counterclaims.

56. Sepracor admits that an International Search Report for International Application No. PCT/US91/000088 cites EP-A-0248150, EP-A-0320550, and Trends Pharmacol. Sci. Vol. 7/5 1986 Elseviers Science Publishers B.V., (Amsterdam, NL), EJ Ariëns: "Chirality in bioactive agents and its pitfalls," pages 200-205. Sepracor denies the remaining allegations in paragraph 56 of Barr's Amended Counterclaims.

57. Sepracor admits the allegations set forth in paragraph 57 of Barr's Amended Counterclaims.

58. Sepracor admits that the International Search Report for International Application No. PCT/US91/000088 has an "X" designation for EP-A-0248150, EP-A-0320550, and Trends Pharmacol. Sci. Vol. 7/5 1986 Elseviers Science Publishers B.V., (Amsterdam, NL), EJ Ariëns: "Chirality in bioactive agents and its pitfalls," pages 200-205. Sepracor denies the remaining allegations in paragraph 58 of Barr's Amended Counterclaims.

59. Sepracor denies the allegations set forth in paragraph 59 of Barr's Amended Counterclaims.

60. Sepracor denies the allegations set forth in paragraph 60 of Barr's Amended Counterclaims.

61. Sepracor denies the allegations set forth in paragraph 61 of Barr's Amended Counterclaims.

62. Sepracor denies the allegations set forth in paragraph 62 of Barr's Amended Counterclaims.

63. Sepracor denies the allegations set forth in paragraph 63 of Barr's Amended Counterclaims.

64. Sepracor denies the allegations set forth in paragraph 64 of Barr's Amended Counterclaims.

65. Sepracor denies the allegations set forth in paragraph 65 of Barr's Amended Counterclaims.

66. Sepracor denies the allegations set forth in paragraph 66 of Barr's Amended Counterclaims.

67. Paragraph 67 of Barr's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it. Sepracor denies that the Sepracor Patents are unenforceable.

68. Sepracor denies the allegations set forth in paragraph 68 of Barr's Amended Counterclaims.

69. Sepracor denies all allegations not expressly denied or otherwise responded to herein.

70. Sepracor denies that Barr is entitled to any of the relief sought in its Prayer for Relief.

## DEFENSES

### FIRST DEFENSE

Barr's Amended Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The making, using, selling, offering to sell, or importing of Barr's Levalbuterol Inhalation Solutions do and will, if marketed, infringe one or more claims of each of the Sepracor Patents.

### THIRD DEFENSE

The claims of the Sepracor Patents are valid under all conditions of patentability set forth in Title 35 of the United States Code.

### FOURTH DEFENSE

The claims of the Sepracor Patents are enforceable.

### PRAYER FOR RELIEF

Sepracor denies that Barr is entitled to any of the relief requested in Barr's Prayer for Relief and respectfully requests that Barr's Amended Counterclaims be dismissed with prejudice; and that judgment be entered in favor of Sepracor as follows:

(A) A judgment declaring that Barr has infringed and that Barr's making, using, selling, offering to sell, or importing of Barr's Levalbuterol Inhalation Solutions will infringe one or more of claims of each of Sepracor Patents.

(B) A judgment declaring that the effective date of any approval of Barr's ANDA No. 78-860 under § 505(j) of the FFDCA codified as 21 U.S.C. § 355(j) for Barr's Levalbuterol Inhalation Solutions must be no earlier than the expiration date of the last to expire of the infringed Sepracor Patents.

(C)    A permanent injunction enjoining Barr, its officers, agents, attorneys, and employees and anyone acting in concert with them, from making, using, selling, offering to sell, or importing Barr's Levalbuterol Inhalation Solutions until after the last to expire of the infringed Sepracor Patents.

(D)    A judgment that this action is an exceptional case and that Sepracor is entitled to its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

(E)    A judgment awarding Sepracor costs and expenses in this action.

(F)    For such other and further relief as the Court deems just and equitable.

## BARR'S JURY DEMAND

Sepracor denies that Barr is entitled to a jury trial in this case. Accordingly, Sepracor has filed a motion pursuant to Fed. R. Civ. P. 12(f) for an Order to strike Barr's jury trial demand.

September 4, 2007

OF COUNSEL:

Todd R. Walters
Susan M. Dadio
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
todd.walters@bipc.com
susan.dadio@bipc.com

William E. Davis
BUCHANAN INGERSOLL & ROONEY PC
Bank of America Tower
100 S.E. Second Street, 34th Floor
Miami, FL 33131-2158
(305) 347-4080
william.davis@bipc.com

THE BAYARD FIRM

*/s/ Richard D. Kirk (rk0922)*
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

Attorneys for Plaintiff
SEPRACOR INC.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 4, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard K. Herrmann, Esquire
Mary B. Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494

The undersigned counsel further certifies that, on September 4, 2007, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

George C. Lombardi, Esquire
Imron T. Aly, Esquire
Elizabeth H. Erickson, Esquire
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

667705-1