## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SEPRACOR INC., <br><br>          Plaintiff, <br><br> v. <br><br> BARR LABORATORIES, INC., <br><br>          Defendant. | C.A. No. 07-438-***-(MPT) |

## OPENING BRIEF OF PLAINTIFF SEPRACOR INC. IN SUPPORT OF
## MOTION TO STRIKE THE JURY TRIAL DEMAND
## OF DEFENDANT BARR LABORATORIES, INC.

OF COUNSEL:

Todd R. Walters
Susan M. Dadio
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620 (Phone)
(703) 836-2021 (Fax)
todd.walters@bipc.com
susan.dadio@bipc.com

William E. Davis
BUCHANAN INGERSOLL & ROONEY PC
Bank of America Tower
100 S.E. Second Street, 34th Floor
Miami, FL 33131-2158
(305) 347-4080 (Phone)
(305) 347-4089 (Fax)
william.davis@bipc.com

September 4, 2007

Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
THE BAYARD FIRM
222 Delaware Ave., Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000 (Phone)
(302) 658-6395 (Fax)
rkirk@bayardfirm.com
astitzer@bayardfirm.com

Attorneys for Plaintiff,
SEPRACOR INC.

# TABLE OF CONTENTS

Page

I.  INTRODUCTION/PROCEDURAL HISTORY ................................................... 1

    A.  Hatch-Waxman Act ............................................................................. 1

    B.  Sepracor's Patents ............................................................................. 2

    C.  Barr's ANDA ...................................................................................... 2

    D.  Sepracor's Hatch-Waxman Action Against Barr ........................................ 3

II.  APPLICABLE LAW ...................................................................................... 3

    A.  Motions To Strike Under Rule 12(f) ........................................................ 3

    B.  There Is No Right to a Jury Trial in a Patent Infringement
        Action Brought Under The Hatch-Waxman Act ........................................ 4

III.  THERE IS NO RIGHT TO A JURY TRIAL IN THIS ACTION .......................... 7

IV.  CONCLUSION AND REQUESTED RELIEF .................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Biovail Labs., Inc. v. Torpharm, Inc.*, No. 01 C 9008,
    2002 WL 1732372 (N.D. Ill. July 25, 2002) ...................................................... 4, 7

*Brooks Furniture Mfg. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005) ................. 8

*Chauffeurs Local No. 391 v. Terry*, 494 U.S. 558 (1990)) .................................................. 4

*Continental Bank, N.A. v. Everett*, No. 90 C 1476,
    1994 WL 171660 (N.D. Ill. March 30, 1994) ......................................................... 9

*Glaxo Group Ltd. v. Apotex, Inc.*, No. 00 C 5791,
    2001 WL 1246628 (N.D. Ill. Oct. 16, 2001) ............................................... 4, 5, 6, 7

*Glaxo, Inc. v. Novopharm Ltd.*, 110 F.3d 1562 (Fed. Cir. 1997)) .................................. 2, 5

*In re Apotex Inc.*, 49 Fed. Appx. 902 (Fed. Cir. 2002) ....................................................... 7

*In re Lockwood*, 50 F.3d 966 (Fed. Cir. 1995) .............................................................. 5, 6

*In re Tech. Licensing Corp.*, 423 F.3d 1286 (Fed. Cir. 2005) ............................................ 4

*Pfizer Inc. v. Novopharm Ltd.*, No. 00 C 1475,
    2001 WL 477163 (N.D. Ill. May 3, 2001)............................................................ 5, 6

*Sanofi-Synthelabo v. Apotex Inc.*, No. 02 Civ. 2255 RWS,
    2002 WL 1917871 (S.D.N.Y. Aug. 20, 2002) .................................................... 4, 7

*Syntex (U.S.A.) LLC v. Apotex, Inc.*, 407 F.3d 1371 (Fed. Cir. 2005) ................................ 1

*Takeda Chem. Indus., Ltd. v. Mylan Labs, Inc.*, 459 F. Supp.2d 227 (S.D.N.Y. 2006) ..... 9

*Tegal Corp. v. Tokyo Electra Am. Inc.*, 257 F.3d 1331 (Fed. Cir. 2001) ........................... 4

*Tull v. United States*, 481 U.S. 412 (1987) ................................................................... 5, 6

*Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339 (Fed. Cir. 2000) ... 8

**Statutes/Rules**

21 U.S.C. § 355 ................................................................................................. 1, 2, 3, 8

35 U.S.C. § 271 ................................................................................................... *passim*

35 U.S.C. § 285 ........................................................................................................ 8, 9

Fed. Cir. R. 47.6 ......................................................................................................... 7

Fed. R. Civ. P. 11 ....................................................................................................... 8

Fed. R. Civ. P. 12 ................................................................................................... 1, 4

Pub. L. No. 98-417, 98 Stat. 1585 ............................................................................. 1

669244-1

This opening brief is filed in support of the motion of Plaintiff Sepracor Inc. ("Sepracor") pursuant to Fed. R. Civ. P. 12(f), for an Order to strike the jury trial demand of Defendant Barr Laboratories, Inc. ("Barr"). Courts have consistently held that there is no right to a jury trial in a patent infringement case brought under the Drug Price Competition and Patent Term Restoration Act of 1984 (the "Hatch-Waxman Act").[1] Thus, the Court should grant Sepracor's motion and strike Barr's jury demand.

## I.     INTRODUCTION/PROCEDURAL HISTORY

### A.     Hatch-Waxman Act

Courts have aptly summarized the unique nature of patent infringement actions brought under the Hatch-Waxman Act. *See, e.g., Syntex (U.S.A.) LLC v. Apotex, Inc.*, 407 F.3d 1371, 1375-76 (Fed. Cir. 2005). Under the Hatch-Waxman Act, a generic drug manufacturer may use patented drugs for which another manufacturer has already obtained approval from the U.S. Food and Drug Administration ("FDA") to develop a generic drug and seek approval for its manufacture and sale. 35 U.S.C. § 271(e)(1). A generic manufacturer seeks approval from FDA by filing an Abbreviated New Drug Application ("ANDA") in which "generic manufacturers must demonstrate that the proposed generic drug is the bioequivalent of a drug previously approved by the FDA." 21 U.S.C. § 355(j)(2)(A)(iv).

The Hatch-Waxman Act requires that a party submitting an ANDA address any unexpired patents covering the brand-name drug and officially listed in the "Orange Book." 21 U.S.C. § 355(j)(2)(A)(vii)(IV). If there is an unexpired patent(s) listed in the Orange Book, the generic drug company must also include in its ANDA a paragraph IV

---

[1]     Pub. L. No. 98-417, 98 Stat. 1585 (codified at various sections of Titles 21, 35 and 42 U.S.C.).

certification, alleging either that the patent(s) will not be infringed by the manufacture and sale of the generic drug and/or that the existing patent(s) is/are are invalid. *Id.* The ANDA filer who has also submitted a paragraph IV certification must notify the patent holder. 21 U.S.C. § 355(j)(2)(B)(i)(I). "The patent holder then has forty-five days to bring an infringement suit against the ANDA applicant under 35 U.S.C. § 271(e)(2)." 21 U.S.C. § 355(j)(5)(B)(iii). "Because the ordinary ANDA applicant has not yet infringed the patents in any meaningful sense, § 271(e)(2) deems the filing of an ANDA an artificial act of infringement 'sufficient to create case or controversy jurisdiction to enable a court to promptly resolve any dispute concerning infringement and validity.'" *Glaxo, Inc. v. Novopharm Ltd.,* 110 F.3d 1562, 1569 (Fed. Cir. 1997).

### B.    Sepracor's Patents

Sepracor is the owner of the five United States Patents at issue in this case (collectively, the "Sepracor Patents").[2] The Sepracor Patents collectively cover, *inter alia,* Sepracor's XOPENEX® (levalbuterol hydrochloride) inhalation solutions and FDA approved methods of use thereof. These five patents are listed in the Orange Book.

### C.    Barr's ANDA

Barr filed its ANDA No. 78-860 with FDA, purportedly under the provisions of 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, importation, use, and/or sale of generic copies of certain XOPENEX® (levalbuterol hydrochloride) inhalation solutions before the expiration of the Sepracor Patents.

Sepracor received a letter dated May 31, 2007 from Barr's counsel notifying Sepracor that Barr had filed its ANDA No. 78-860. In its letter of May 31, 2007, Barr

---

[2]    These include U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002; and 6,083,993.

669244-1

asserted that its ANDA No. 78-860 contained a paragraph IV certification under 21

U.S.C. § 355(j)(2)(A)(vii)(IV), and that, in Barr's opinion, the Sepracor Patents are

invalid, unenforceable and/or not infringed.

### D.    Sepracor's Hatch-Waxman Action Against Barr

On July 12, 2007, Sepracor filed a Complaint in the United States District Court

for the District of Delaware (D.I. 1) within 45 days of receipt of Barr's paragraph IV

notice letter. Sepracor's Complaint alleged infringement of the Sepracor patents and

seeks relief in the form of a declaratory judgment, as well as permanent injunctive relief

to prevent Barr from making, using, selling, offering to sell, and/or importing its generic

levalbuterol inhalation solutions until after the expiration of the last to expire of the

Sepracor Patents.

In response to Sepracor's Complaint, Barr filed Defendant's Answer to Complaint,

Affirmative Defenses, Counterclaims, and Jury Demand ("Answer") on August 1, 2007

(D.I. 6). Before Sepracor filed a responsive pleading regarding Barr's counterclaims or

otherwise, Barr filed Defendant's Amended Answer to Complaint, Affirmative Defenses,

Counterclaims, and Jury Demand ("Amended Answer") on August 20, 2007 (D.I. 11). In

response to Barr's demand for a jury trial, Sepracor respectfully submits the

accompanying motion to strike and this opening brief in support of Sepracor's motion to

strike.

## II.    APPLICABLE LAW

### A.    Motions To Strike Under Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, as

follows:

       **(f)**    **Motion to Strike.**  Upon motion made by a party before responding to a pleading . . . , the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).

**B.**    **There Is No Right to a Jury Trial in a Patent Infringement Action Brought Under The Hatch-Waxman Act**

Courts have consistently held that, in the absence of a claim for damages, there is no right to a jury trial in an action for patent infringement brought under the Hatch-Waxman Act.[3]  *Sanofi-Synthelabo v. Apotex Inc.*, No. 02 Civ. 2255 RWS, 2002 WL 1917871 (S.D.N.Y. Aug. 20, 2002); *Biovail Labs., Inc. v. Torpharm, Inc.*, No. 01 C 9008, 2002 WL 1732372 (N.D. Ill. July 25, 2002); and *Glaxo Group Ltd. v. Apotex, Inc.*, No. 00 C 5791, 2001 WL 1246628 (N.D. Ill. Oct. 16, 2001).

In *Glaxo Group*, the court began its analysis with the basic premise that "[t]he Seventh Amendment to the United States Constitution guarantees litigants the right to a jury trial in suits at common law."  *Glaxo Group*, 2001 WL 1246628, at *1.  A "suit at common law" is one in which "'legal rights are to be ascertained and determined, in contra distinction to those where equitable rights alone are recognized and equitable remedies are administered.'"  *Id.* (quoting *Chauffeurs Local No. 391 v. Terry*, 494 U.S. 558, 563 (1990)) (citation omitted).  The court next applied the Supreme Court's two-part test to determine whether an action involves legal rights or equitable rights: "First, we compare the statutory action to the 18th Century actions brought in the courts of England prior to the merger of the courts of law and equity.  Second, we examine the remedy

---

[3]    The Federal Circuit has recently affirmed that there is no right to a jury trial in an action where the patentee only seeks injunctive relief, whether or not there is a claim of patent invalidity.  *In re Tech. Licensing Corp.*, 423 F.3d 1286, 1286-91 (Fed. Cir. 2005); *see also Tegal Corp. v. Tokyo Electra Am. Inc.*, 257 F.3d 1331, 1339-41 (Fed. Cir. 2001).

sought and determine whether it is legal or equitable in nature." *Id.* (quoting *Tull v. United States*, 481 U.S. 412, 417-18 (1987)) (citation omitted). Prior to *Glaxo Group*, the Federal Circuit had addressed the right to jury trial in patent infringement cases, but not in the specific context of a statutory action brought under the Hatch-Waxman Act. The district court therefore looked to the available non-Hatch-Waxman case law, including *In re Lockwood*, 50 F.3d 966, 969 (Fed. Cir. 1995), *cert. granted*, 515 U.S. 1121, *vacated*, 515 U.S. 1182 (1995),[4] and applied it to the Hatch-Waxman case before it.

The court in *Glaxo Group* concluded that no right to damages existed because the defendant had not yet attempted to market or sell the product. *Glaxo Group*, 2001 WL 1246628, at *4. The defendant had committed only a "technical" or "artificial" act of infringement by submitting an ANDA to the FDA; thus, the plaintiff's claims under § 271(e)(2)(A) were premised on a statutorily defined act of infringement intended by Congress "to provide patentees with a defined act of infringement sufficient to create case or controversy jurisdiction to enable the court to resolve any dispute concerning infringement and validity promptly." *Id.* (citing *Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1569 (Fed. Cir. 1997)). Plaintiff would only be entitled to damages under § 271(e)(4) if the defendant had already engaged in the commercial manufacture, use or sale of the drug without FDA approval. *Glaxo Group*, 2001 WL 1246628, at *4.

---

[4]    *In re Lockwood* did not involve an action brought under the Hatch-Waxman Act, but did involve a detailed analysis of the difference between legal and equitable remedies in patent infringement cases. Although the Supreme Court vacated the decision in *Lockwood*, it did so after Lockwood withdrew its jury demand. Nonetheless, *Lockwood* is still considered "persuasive as a 'source of guidance' and as an indication of the Federal Circuit's likely position on the Seventh Amendment question." *Pfizer Inc. v. Novopharm Ltd.*, No. 00 C 1475, 2001 WL 477163, at *3 (N.D. Ill. May 3, 2001).

5

After recognizing the statutory limitations on the remedies available to the plaintiff, the court turned its attention to the counterclaims for declaratory judgment of invalidity and non-infringement raised by the defendant. Like the instant action, it was the defendant, and not the plaintiff, that sought a jury trial on all issues. Because of the statutory nature of the action, the court concluded, it does not make a difference which party requests a jury trial. Following *Pfizer*, a Hatch-Waxman case in which the defendant requested a jury trial on its affirmative defense of invalidity, the district court reasoned that "even under the non-precedential *Lockwood* analysis, the parties are not entitled to a jury trial in an infringement action of this sort." *Glaxo Group*, 2001 WL 1246628, at *5. The "sort" of action involved was "a controversy of recent vintage created by Congress for the specific purpose of posturing drug patent claims for adjudication *before* actual infringement occurs. As such, it is inherently equitable, and the remedies are limited accordingly." *Id.* (quoting *Pfizer*, 2001 WL 477163, at *3) (emphasis in original).

The district court then applied the same rationale to the counterclaims of invalidity and non-infringement asserted by the defendant:

> This court agrees with the analysis in *Pfizer* that an action brought pursuant to § 271(e)(2) is inherently equitable in nature, and that the remedies are limited accordingly. Therefore, . . . both prongs of the *Tull* test point to equity, *and neither plaintiff nor defendant is entitled to a jury on any of the issues raised in this case.* The mere fact that invalidity has been raised in a counterclaim rather than in an affirmative defense does nothing to change this characterization.

669244-1

*Id.* (emphasis added). The district court therefore granted plaintiff's motion to strike the defendant's jury demand.[5]

Other courts have reached similar conclusions. *See, e.g., Biovail Labs.,* 2002 WL 1732372, at *3 (granting defendant's motion to strike plaintiff's jury demand in a Hatch-Waxman case); *Sanofi-Synthelabo,* 2002 WL 1917871, at *7 (granting defendant's motion to strike plaintiff's demand for jury trial on defendant's counterclaims seeking declaratory judgment of invalidity and non-infringement).

## III.   THERE IS NO RIGHT TO A JURY TRIAL IN THIS ACTION

Nothing distinguishes the circumstances in this case from the precedent discussed above. Like *Glaxo Group* and the other cases cited above, there are no claims for damages in this action. *See* Sepracor's Complaint (D.I. 1) and Barr's Amended Answer (D.I. 11). Sepracor seeks relief in the form of a declaratory judgment, as well as permanent injunctive relief to prevent Barr from making, using, selling, offering to sell or importing its generic levalbuterol inhalation solutions until after the expiration of the last to expire of the infringed Sepracor Patents. The declaratory and injunctive relief sought by Sepracor is inherently equitable, not legal. This is because the Hatch-Waxman Act prohibits a claim for damages except where the generic defendant has already engaged in

---

[5]     The defendant in *Glaxo Group* petitioned the Federal Circuit for a writ of mandamus directing the district court to vacate its order granting plaintiff's motion to strike. Recognizing the persuasive, albeit non-binding *Lockwood,* the Federal Circuit agreed with the district court that because the defendant had not yet marketed any infringing products, the nature of the remedy was equitable and no right to a jury trial exists "where the nature of the underlying controversy is entirely equitable." *In re Apotex Inc.,* 49 Fed. Appx. 902, 903 (Fed. Cir. 2002). Thus, the Federal Circuit denied the defendant's petition for a writ of mandamus, thereby affirming the district court's decision to strike the defendant's jury demand. That decision, however, is not citable as precedent pursuant to Fed. Cir. R. 47.6.

7

the commercial manufacture, use, or sale of the drug without FDA approval. 35 U.S.C. § 271(e)(4).

Likewise, the counterclaims asserted by Barr in this action involve purely equitable, and not legal, remedies, as they arise only by virtue of the action filed by Sepracor. Like Sepracor's claims against Barr, Barr's counterclaims against Sepracor arise only out of the Hatch-Waxman Act, which expressly prohibits a generic drug company from asserting a claim for declaratory judgment, except as a counterclaim in an action brought by the patentee within the 45 day period. 21 U.S.C. § 355(j)(2)(C).

Further, there is no indication, and it is not alleged, that Barr has yet engaged in the commercial manufacture, use, offer of sale, or sale of a generic version of Sepracor's XOPENEX®. Because there has been no commercial manufacture, use, or sale, there is no claim for damages. Barr does not assert any claim for damages in its counterclaims because it has none. Therefore, the only remedies available to either party are equitable. Accordingly, there is no right to a jury trial under the Seventh Amendment.

Finally, neither party's claim for attorneys' fees under 35 U.S.C. § 285 changes the outcome of this analysis. Under Section 285, "[t]he court in exceptional cases may award reasonable attorney's fees to the prevailing party." 35 U.S.C. § 285. An "exceptional case" has been described as one where "there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." *Brooks Furniture Mfg. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005); *see also Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1346 (Fed. Cir.

2000) (holding that "a baseless and 'wholly unjustified' paragraph IV certification in an ANDA filing, when combined with litigation misconduct, warranted an exceptional case finding."); *Takeda Chem. Indus., Ltd. v. Mylan Labs.*, Inc., 459 F. Supp.2d 227 (S.D.N.Y. 2006) (granting award of attorneys' fees in paragraph IV ANDA case based on exceptional conduct). The plain language of Section 285 permits a *court* to award attorneys' fees in an exceptional case. To the extent this is an "exceptional case," due to willful infringement or otherwise, a claim for attorneys' fees by either party arises only by virtue of the statutory action for declaratory and injunctive relief. The statutory remedy of attorneys' fees does not convert the nature of this action from equitable to legal. *"[T]he remedy of attorneys, [sic] fees was available to both the courts of law and equity prior to 1791, creating the inference that the remedy does not involve legal rights. Given that the awarding of attorney's fees was left to the judge in courts of law,* the nature of the remedy must be described as equitable as well." *Continental Bank, N.A. v. Everett*, No. 90 C 1476, 1994 WL 171660, at *3 (N.D. Ill. March 30, 1994) (citations omitted) (emphasis in original). "The fact that the relief sought . . . will take the form of a monetary judgment does not necessarily make the remedy 'legal. Instead, it is the context of the legal action in which the remedy is sought which determines its legal or equitable nature.'" *Id.* The remedies here are purely equitable; a demand or prayer for an award of attorneys' fees does not alter this conclusion.

## IV.    CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Plaintiff Sepracor Inc. respectfully requests that this

Court grant its Motion to Strike the Jury Trial Demand of Defendant Barr Laboratories,

Inc.

September 4, 2007                          THE BAYARD FIRM

                                           */s/ Richard D. Kirk (rk0922)*
                                           Richard D. Kirk (rk0922)
                                           Ashley B. Stitzer (as3891)
                                           222 Delaware Avenue, Suite 900
                                           P.O. Box 25130
                                           Wilmington, DE 19899-5130
                                           (302) 655-5000
                                           rkirk@bayardfirm.com
                                           astitzer@bayardfirm.com

                                           Attorneys for Plaintiff,
                                           SEPRACOR INC.

OF COUNSEL:

Todd R. Walters
Susan M. Dadio
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
todd.walters@bipc.com
susan.dadio@bipc.com

William E. Davis
BUCHANAN INGERSOLL & ROONEY PC
Bank of America Tower
100 S.E. Second Street, 34th Floor
Miami, FL 33131-2158
(305) 347-4080
william.davis@bipc.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 4, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard K. Herrmann, Esquire
Mary B. Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494

The undersigned counsel further certifies that, on September 4, 2007, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

George C. Lombardi, Esquire
Imron T. Aly, Esquire
Elizabeth H. Erickson, Esquire
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk