**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SEPRACOR INC.,<br><br>               Plaintiff,<br><br>    v.<br><br>BARR LABORATORIES, INC.,<br><br>               Defendant. | C.A. No. 07-438-*** (MPT) |

**JOINT PROPOSED SCHEDULING ORDER**

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.2, a meeting among counsel was held by telephone on August 22, 2007.  Counsel for Plaintiff Sepracor Inc. ("Sepracor") – Susan M. Dadio – and Defendant Barr Laboratories, Inc. ("Barr") – Imron T. Aly – participated in the telephone conference.

The parties have attempted to reach agreement but, after making reasonable efforts, do not agree on certain of the dates for the respective events.  For those dates which agreement could not be reached, both parties' proposals are identified herein.[1]

    1.    <u>Rule 26(a) (1) Initial Disclosures and E-Discovery Default Standard</u>.

Sepracor submitted its Rule 26(a)(1) initial disclosures within the fourteen-day time period after the Rule 26(f) conference between the parties.  *See* FED. R. CIV. P. 26(a)(1).  Barr agrees to submit its Rule 26(a)(1) initial disclosures no later than <u>September 17, 2007</u>.  The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (*see* Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

---

[1]  Not all of the parties in this case consent to the exercise of jurisdiction by a United States Magistrate Judge.

2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before <u>December 17, 2007</u>.

3.    <u>Discovery</u>

a.    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of <u>150</u> hours of taking non-expert testimony by deposition upon oral examination.

b.    <u>Location of Depositions</u>.  The parties agree that they will make reasonable efforts to agree on the location of depositions of any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court, unless otherwise ordered by the Court.  If after making reasonable efforts the parties cannot agree, the deposition will be required to occur at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c.    <u>Discovery Cut Off</u>.

Sepracor proposes that all fact discovery in this case shall be initiated so that it will be completed on or before <u>November 1, 2008</u>.

Barr proposes that all fact discovery in this case shall be initiated so that it will be completed on or before <u>July 1, 2008</u>.

Each side may propound a maximum of <u>50</u> interrogatories.  The parties recognize that the Court encourages them to serve and respond to contention interrogatories early in the case.

d.    <u>Disclosure of Expert Testimony</u>.

Sepracor proposes that, for the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on <u>November 12,</u>

2008.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on December 16, 2008.

Barr proposes that, for the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on the later of September 19, 2008 or 60 days after the Court's claim construction ruling in this case.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due 45 days after the initial expert disclosures.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

     e.     To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993):

Sepracor proposes that it shall be made by motion no later than thirty days after the close of expert discovery, unless otherwise ordered by the Court; and

Barr proposes that it shall be made by motion no later than the deadline for dispositive motions, unless otherwise ordered by the Court

     f.     Discovery Disputes.  Should counsel find that they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed

three pages, outlining that party's reasons for its opposition.  Should any document(s) be filed

under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within

one (1) hour of e-filing the document(s).  Should this Court find further briefing necessary upon

conclusion of the telephone conference, the Court will order it.  Disputes over protective orders

are to be addressed in the first instance in accordance with this paragraph.

4.    <u>Application to Court for Protective Order</u>.  Counsel find it necessary to apply to

this Court for a protective order specifying terms and conditions for the disclosure of confidential

information, and thus counsel shall confer and attempt to reach an agreement on a proposed form

of order and submit it to the Court within ten days from the date of this Order.  Should counsel

be unable to reach an agreement on a proposed form of order, then counsel must first follow the

provisions of Paragraph 3e, above.

Any proposed order will include the following paragraph:

<u>Other Proceedings</u>.  By entering this order and limiting the
disclosure of information in this case, the Court does not intend
to preclude another court from finding that information may be
relevant and subject to disclosure in another case.  Any person
or party subject to this order who becomes subject to a motion
to disclose another party's information designated
"confidential" [the parties should list any other level of
designation, such as "highly confidential," which may be
provided for in the protective order] pursuant to this order shall
promptly notify that party of the motion so that the party may
have an opportunity to appear and be heard on whether that
information should be disclosed.

5.    <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel should deliver to

the Clerk an original and one copy of the papers.

6.    <u>ADR Process</u>.  To be discussed during the Rule 16 conference.

7.    <u>Interim Status Report</u>.

Sepracor proposes that on <u>July 11, 2008</u>, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

Barr proposes that on <u>March 2, 2008</u>, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    <u>Status Conference</u>.

Sepracor proposes that on <u>July 18, 2008</u> (or thereabout in accordance with the Court's calendar), the Court will hold a Rule 16(a), (b), and (c) conference by telephone with counsel beginning at a time to be determined in accordance with the Court's calendar.

Barr proposes that on <u>March 9, 2008</u> (or thereabout in accordance with the Court's calendar), the Court will hold a Rule 16(a), (b), and (c) conference by telephone with counsel beginning at a time to be determined in accordance with the Court's calendar.

Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this Order they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.    <u>Tutorial Describing the Technology and Matters in Issue</u>.  The parties do not believe that setting a date for a tutorial on the technology at issue is necessary at this time.  However, should the Court believe a tutorial would be desirable, the parties agree to confer on a proposed date and will contact the Court with its proposal.  For any possible tutorial on the technology at issue, each party may also submit a videotape/CD of not more than 30 minutes.

The parties may also choose to present the tutorial in person.  In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.  If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial.  Any such comment shall be filed within ten (10) days of submission of the videotapes/CDs.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10.     <u>Case Dispositive Motions</u>.  The parties do not believe that setting a briefing schedule for case dispositive motions is necessary at this time.

11.     <u>Claim Construction Issue Identification</u>.

Sepracor proposes that on <u>January 12, 2009</u>, the parties shall exchange a list of those claim term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on <u>February 27, 2009</u>.

Barr proposes that on <u>October 15, 2007</u>, the parties shall exchange a list of those claim term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on <u>December 3, 2007</u>.

The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of the respective proposed constructions.  A copy of the patent(s) at issue as well as those portions of

the intrinsic record relied upon are to be submitted with the Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

       12.    <u>Claim Construction</u>.

       Sepracor proposes that the parties shall contemporaneously submit initial briefs on claim constructions issues on <u>February 27, 2009</u>.  The parties' answering/responsive briefs shall be contemporaneously submitted on <u>March 18, 2009</u>.

       Barr proposes that the parties shall contemporaneously submit initial briefs on claim constructions issues on <u>December 3, 2007</u>.  The parties' answering/responsive briefs shall be contemporaneously submitted on <u>December 17, 2007</u>.

       No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.  Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

       13.    <u>Hearing on Claim Construction</u>.  The parties do not believe that setting a date for hearing on claim construction is necessary at this time.

       14.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

       15.    <u>Pretrial Conference</u>.  The parties do not believe that setting a date for a pretrial conference, and thus a date for submission of the joint final pretrial order, is necessary at this time.

       16.    <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall

be limited to five *in limine* requests, unless otherwise permitted by the court. The *in limine*

request and any response shall contain the authorities relied upon; each *in limine* request may be

supported by a maximum of three pages of argument and may be opposed by a maximum of

three pages of argument. If more than one party is supporting or opposing an *in limine* request,

such support or opposition shall be combined in a single three (3) page submission, unless

otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests,

unless otherwise permitted by the Court.

17.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be

tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire,

instructions to the jury, and special verdict forms and jury interrogatories three full business days

before the final pretrial conference. That submission shall be accompanied by a computer

diskette (in Word Perfect format) which contains the instructions, proposed voir dire, special

verdict forms, and jury interrogatories.

18.     Trial. The parties do not believe that setting a date for trial is necessary at this

time.


[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

THE BAYARD FIRM

*/s/ Richard D. Kirk (rk0922)*
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

OF COUNSEL:

Todd R. Walters
Susan M. Dadio
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
todd.walters@bipc.com
susan.dadio@bipc.com

William E. Davis
BUCHANAN INGERSOLL & ROONEY PC
Bank of America Tower
100 S.E. Second Street, 34th Floor
Miami, FL 33131-2158
(305) 347-4080
william.davis@bipc.com


Attorneys for Plaintiff,
SEPRACOR INC.

MORRIS JAMES LLP

*/s/Richard K. Herrmann (rh0405)*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
500 Delaware Avenue, Suite 1500
P.O. Box 25130
Wilmington, DE 19801-1494
(302) 888-6800
rherrmann@morrisjames.com


OF COUNSEL:

George C. Lombardi
Imron T. Aly
Elizabeth H. Erickson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600


Attorneys for Defendant
BARR LABORATORIES, INC.