IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR INC., <br><br> Plaintiff, <br><br> vs. <br><br> BARR LABORATORIES, INC. <br><br> Defendant. | C.A. No. 07-438-*** (MPT) |

**BARR LABORATORIES' RESPONSE TO SEPRACOR'S
MOTION TO STRIKE BARR'S JURY DEMAND**

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6816
Fax: (302) 571-1750

*Of Counsel*

George C. Lombardi
Imron T. Aly
Elizabeth H. Erickson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700

*Attorneys for Defendant Barr Laboratories, Inc.*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................1

ARGUMENT.......................................................................................................................1

I.      The Issue Of Whether To Have A Jury Trial Is Not Yet Ripe. ............................1

II.     There Is No Established Precedent That Binds This Court To A Decision That Barr Is Not Entitled To A Jury Trial. ..............................................................................2

III.    Barr's Jury Demand need not be established at this point in the time................4

CONCLUSION....................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Hoechst Marion Roussel, Inc. v. Par Pharm., Inc.*,
  No. 95-3673, 1996 U.S. Dist. LEXIS 11371 (D.N.J. Mar. 14, 1996) ............................... 3-4

*In re Lockwood*,
  50 F.3d 966 (Fed. Cir. 1995), *vacated*, 515 U.S. 1182 (1995) ........................................ 3-4

*In re Technology Licensing Corp.*,
  423 F.3d 1286 (Fed. Cir. 2005) .................................................................................... 4

*Minnesota Mining & Manufacturing v. Alphapharm Pty. Ltd.*,
  No. 99-13, 2002 U.S. Dist. LEXIS 16861 (D. Minn. May 30, 2002) ................................ 2

*Pfizer v. Novopharm Ltd.*,
  No. 00 C 1475, 2001 WL. 477163 (N.D. Ill. May 3, 2001) ............................................. 4

*SGS-Thomson Microelectronics*,
  60 F.3d 839 (Fed. Cir. 1995) ........................................................................................ 4

*Simler v. Conner*,
  372 U.S. 221, 223 (1962) .............................................................................................. 4

*Tull v. United States*,
  481 U.S. 412, 95 L. Ed. 2d 365, 107 S. Ct. 1831 (1987) ................................................. 2

*Warner-Lambert Co. v. Purepac Pharm. Co.*,
  No. 98-2749, 2001 U.S. Dist. LEXIS 23292 (D.N.J. May 27, 2001) ................................ 3

**STATUTES AND RULES:**

35 U.S.C. § 271 ............................................................................................................. *passim*

Fed. R. Civ. P. 16 .......................................................................................................... 4

## **INTRODUCTION**

Sepracor's motion to strike Barr's jury demand (D.I. 15) is not yet ripe. Hatch-Waxman cases like this one often extend beyond the 30-month stay where generic manufacturers may choose to market products, no trial date has been set, and this case does not yet have an Article III judge assigned to it.[1] There is no reason to decide this motion regarding Barr's jury demand at this time.

Sepracor's motion should be denied for three reasons. First, the possibility exists that Barr may offer the accused generic drug product for sale, assuming it receives FDA approval, rendering Barr subject to damages and triggering Barr's right to a jury trial. Second, Sepracor argues that there is no right to a jury trial for patent actions brought under the Hatch-Waxman Act, but this rule has not yet been finally decided and Barr seeks to preserve its opportunity to seek a jury trial. Third, the jury demand issues need not be decided until after this case is assigned to an Article III judge, after a trial date is set, and at the pretrial conference pursuant to the Federal Rules of Civil Procedure.

## **ARGUMENT**

### I.     The Issue Of Whether To Have A Jury Trial Is Not Yet Ripe.

Sepracor's motion to strike Barr's jury demand is not needed at this time, and should not be granted so early in the case when it does not affect Sepracor and could prejudice Barr. For example, once the 30-month stay expires (and if it expires prior to trial), Barr could choose to obtain FDA approval and offer for sale products that Sepracor accuses of infringing. In that case, there is no doubt that a jury demand would apply. According to section 271(a) of the Patent Act, patent infringement claims for marketed products allow the right to a jury trial.

---

[1] As noted in the proposed Scheduling Order, the parties have not both consented to the exercise of jurisdiction by a United States Magistrate Judge.

*See, e.g., Minnesota Mining & Manufacturing v. Alphapharm Pty. Ltd.*, No. 99-13, 2002 U.S. Dist. LEXIS 16861 at *9-10 (D. Minn. May 30, 2002) (denying motion to strike jury demand once defendant received FDA approval to market its generic because defendant "has a constitutional right to a jury trial with regard to the legal claims raised in its counterclaims"), citing *Tull v. United States*, 481 U.S. 412, 417 (1987).

In fact, Sepracor's own Complaint seeks a judgment declaring not only that Barr has infringed, but also a judgment that "Barr's making, using, selling, offering to sell, or importing . . . ***will infringe*** one or more claims of each of the Sepracor patents." *See* Complaint for Patent Infringement, D.I. 14, at 5 (emphasis added). With this allegation, Sepracor exceeds the scope of section 271(e), requiring only the past act of filing an ANDA, and here invokes relief under section 271(a), referring to future conduct. It is settled that a declaratory judgment action pursuant to a claim under section 271(a) provides for the right to a jury trial. *See, e.g., Minnesota Mining*, at *9-10.

In any event, a decision at the present date regarding whether the issues of the case should be brought before a jury is premature, because it is not known what facts and circumstances will play out during the course of this litigation. Though Sepracor may argue that a request for a jury trial can be filed at some time in the future, so too could Sepracor reserve its motion for an appropriate time when the issue of whether or not there will be a jury becomes ripe and relevant. For the time being, Barr has properly filed a jury demand in order to preserve its right to a jury trial, and seeks to preserve the opportunity to proceed with a jury at trial.

II.     **There Is No Established Precedent That Binds This Court To A Decision That Barr Is Not Entitled To A Jury Trial.**

Though Sepracor asserts that there is no right to a jury trial in a patent infringement suit brought under the Hatch-Waxman Act, this rule has not been definitively

2

established. Barr has a counterclaim of patent invalidity, and at least that counterclaim is triable to a jury. Sepracor cites a number of district court cases where jury demands have been stricken in Hatch-Waxman cases similar to this one. There are also a number of district court cases where jury demands have not been stricken. This is true even in this context of lawsuits brought under the Hatch-Waxman Act and pursuant to 35 U.S.C. § 271(e)(2), so long as the defendant – as Barr has done here – requests a declaratory judgment of invalidity. *See, e.g., Warner-Lambert Co. v. Purepac Pharm. Co.*, No. 98-2749, 2001 U.S. Dist. LEXIS 23292 at *7 (D.N.J. May 27, 2001) (denying plaintiff's motion to strike defendant's jury demand in a case arising under 35 U.S.C. § 271(e) "[b]ecause [defendant's] invalidity counterclaim raises legal issues and is analogous to an action that could have been brought in a court of law, the Court finds that its jury demand is proper") (citations omitted); *Hoechst Marion Roussel, Inc. v. Par Pharm., Inc.*, No. 95-3673, 1996 U.S. Dist. LEXIS 11371(D.N.J. Mar. 14, 1996) (denying a motion to strike defendant's jury demand where defendant counterclaimed for a declaratory judgment of invalidity; a right to a jury trial exists under either section 271(e)(2) or 271(a) as long as the defendant filed a declaratory judgment action).

Like the district courts, even different panels of the Federal Circuit have decided this issue differently. For this reason, as Sepracor recognizes in n.4 of its brief, the Federal Circuit's *Lockwood* case is still considered "persuasive as a 'source of guidance' and as an indication of the Federal Circuit's likely position on the 7th Amendment question." *See* Sepracor's Opening Brief in Support of Motion to Strike Jury Trial Demand, D.I. 15, p. 5, n.4, citing *Pfizer v. Novopharm Ltd.*, No. 00 C 1475, 2001 WL 477163 (N.D. Ill. May 3, 2001). The decision regarding whether a right to a jury trial attaches to a suit filed under § 271(e)(2) has not yet been ultimately decided by the Federal Circuit en banc, nor by the Supreme Court.

3

In *In re Lockwood*, 50 F.3d 966 (Fed. Cir. 1995), *vacated*, 515 U.S. 1182 (1995), the Federal Circuit held that a jury right attached where defendant filed a declaratory judgment action for invalidity.[2]  Specifically, the *Lockwood* Court stated that "declaratory judgment actions are, for Seventh Amendment purposes, only as legal or equitable in nature as the controversies on which they are founded." *Lockwood* at 973, citing Fed. R. Civ. P. 57; *Simler v. Conner*, 372 U.S. 221, 223 (1962).  In applying *Lockwood* and *Simler*, the *Hoescht* court cited this exact language and held that a right to a jury trial attaches in a declaratory judgment case regardless of whether the action is brought under § 271(a) or (e). *Hoechst*, at *9-10.  Even in the relatively recent case of *In re Technology Licensing Corp.*, relied upon by Sepracor for its motion, Judge Newman issued a dissent, writing that "[t]he court's deprivation of the jury right when invalidity is raised by declaratory action, whether or not damages are requested for infringement, is contrary to the Constitution and contrary to precedent." 423 F.3d 1286, 1296 (Fed. Cir. 2005) (Newman, J., dissent).

### III.  Barr's Jury Demand need not be established at this point in the time.

Under Rule 16 of the Federal Rules of Civil Procedure, a pretrial conference will be held shortly before the trial is to proceed.  There is no practical reason to have a decision on this issue before the pretrial conference, particularly when the facts will change over time, and there is no need to have the issue decided now.  At the pretrial conference, the jury demand will be evaluated as a matter of course, to determine which claims (if any) may be heard by a jury.  Barr submitted its jury demand with its counterclaims in order to preserve its right a jury.

---

[2] The Federal Circuit reinforced its reasoning in *SGS-Thomson Microelectronics*, 60 F.3d 839 (Fed. Cir. 1995) (unpublished), holding that the defendant had a right to jury trial on its counterclaim of invalidity even though the patentee sought only an injunction to prohibit future infringement.

## CONCLUSION

For the foregoing reasons, Barr respectfully requests that this Court deny Sepracor's Motion to Strike Barr's Jury Demand.

/s/ Richard K. Herrmann
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6816
Fax: (302) 571-1750

George C. Lombardi
Imron T. Aly
Elizabeth H. Erickson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700

*Attorneys for Defendant Barr Laboratories, Inc.*

5