IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR INC., <br><br> Plaintiff, <br><br> v. <br><br> BARR LABORATORIES, INC., <br><br> Defendant. | C.A. No. 07-438-*** (MPT) |

**PLAINTIFF SEPRACOR INC. 'S REPLY BRIEF
IN FURTHER SUPPORT OF ITS MOTION TO STRIKE
THE JURY TRIAL DEMAND OF DEFENDANT BARR LABORATORIES, INC.**

September 28, 2007

OF COUNSEL:

Todd R. Walters
Susan M. Dadio
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620

William E. Davis
BUCHANAN INGERSOLL & ROONEY PC
Bank of America Tower
100 S.E. Second Street, 34th Floor
Miami, FL 33131-2158
(305) 347-4080

Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
THE BAYARD FIRM
222 Delaware Ave., Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

Attorneys for Plaintiff,
SEPRACOR INC.

671783-1

TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................2

I.  THE ISSUE OF WHETHER TO HAVE A JURY TRIAL IS RIPE FOR
    IMMEDIATE DECISION...................................................................................2

    A.  A Possibility of Future Infringement Is Pointless Because No Right
        to a Jury Trial Exists Where Actual Infringement Has
        Yet to Occur...................................................................................................2

    B.  Barr's Allegation that Sepracor Exceeds the Scope of § 271(e) Thereby
        Transforming This Case Into a § 271(a) Action is Simply an Effort to
        Confuse the Court...........................................................................................3

II. CONTROLLING AUTHORITY DICTATES THAT MOTIONS
    FOR JURY DEMANDS ARE STRICKEN IN THE ABSENCE OF
    A CLAIM FOR DAMAGES ...............................................................................4

III. PRACTICAL REASONS REQUIRE THAT THIS MOTION BE
     DECIDED PROMPTLY .....................................................................................5

    A.  A Motion to Strike Barr's Jury Demand Is Not Premature Because This
        Case is Not a § 271(a) Action Where Damages are Awarded When Actual
        Infringement Occurs.......................................................................................5

    B.  A Delay in Deciding This Motion Will Prejudice Both Parties in
        Preparation for Trial.......................................................................................6

CONCLUSION....................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Astra Zeneca LP v. Tap Pharm. Prods., Inc.*, 444 F. Supp. 2d 278 (D. Del. 2006) .................. 4, 5

*Bayer AG v. Schein Pharm., Inc.*, No. 99-4659, 2000 WL 3452134
  (D.N.J. Feb. 28, 2000) ........................................................................................................ 6, 7

*Biovail Labs, Inc. v. Torpharm, Inc.*, No. 01 C 9008, 2002 WL 1732373
  (N.D. Ill. July 25, 2002) ...................................................................................................... 4, 6

*Glaxo Group Ltd. v. Apotex, Inc.*, No. 00 C 5791, 2001 WL 1246628
  (N.D. Ill. Oct. 16, 2001) ......................................................................................................... 3

*Hoechst Marion Roussel, Inc. v. Par Pharm., Inc.*, No. 95-3673, 1
  996 U.S. Dist. LEXIS 11371 (D.N.J. Mar. 14, 1996) ............................................................. 4

*In re Tech. Licensing Corp.*, 423 F.3d 1286 (Fed. Cir. 2005) ........................................................ 4

*Minnesota Mining & Mfg. Co. v. Alphapharm Pty. Ltd.*, No. 99-13,
  2002 U.S. Dist. LEXIS 16961 (D. Minn. March 20, 2002) ................................................. 2, 3

*Pfizer, Inc. v. Novopharm Ltd.*, No. 00 C 1475, 2001 WL 477163 (N.D. Ill. May 3, 2001) ........ 5

*Sanoifi-Synthelabo v. Apotex, Inc.*, No. 02 Civ. 2255 RWS, 2002 WL 1917871
  (S.D.N.Y. Aug. 20, 2002) ....................................................................................................... 5

*Tegal Corp. v. Tokyo Electra Am. Inc.*, 257 F.3d 1331 (Fed. Cir. 2001) ...................................... 4

*Tull v. United States*, 481 U.S. 412 (1987) ................................................................................... 2

*Warner-Lambert Co. v. Purepac Pharm. Co.*, No. 98-2749, 2001 U.S. Dist. LEXIS 23292
  (D.N.J. May 27, 2001) ........................................................................................................... 4

**Statutes**

21 U.S.C. § 355 ............................................................................................................................... 6

35 U.S.C. § 271 ....................................................................................................................... *passim*

Fed. R. Civ. P. 12(f) ....................................................................................................................... 1

## INTRODUCTION

Plaintiff Sepracor Inc. ("Sepracor") respectfully submits this reply brief in further support of its motion (D.I. 14) pursuant to Fed. R. Civ. P. 12(f), to strike the jury trial demand of Defendant Barr Laboratories, Inc. ("Barr"). Courts have consistently held that there is no right to a jury trial in a patent infringement case in the absence of a claim for damages brought under 35 U.S.C. § 271(e)(2)(A) of the Drug Price Competition and Patent Term Restoration Act of 1984 (the "Hatch-Waxman Act"). Thus, the Court should grant Sepracor's motion and strike Barr's jury demand.

In its Opening Brief (D.I. 15), Sepracor proved that Barr is not entitled to a jury trial under 35 U.S.C. § 271(e)(2)(A) because where no *actual* infringement occurs, damages cannot apply. Therefore, in the absence of a claim for damages, no right to a jury trial exists. (*See* D.I. 15.) In its response (D.I. 21), Barr puts forth three arguments in an effort to persuade this Court that Barr is entitled to a jury trial: (i) Sepracor's motion to strike Barr's jury trial demand is not yet ripe, (ii) there is no established precedent binding this Court, and (iii) no practical reasons exist to decide this issue now. (*See* D.I. 21 at 1-2, 4.) However, none of Barr's arguments withstand scrutiny.

# ARGUMENT

I. **THE ISSUE OF WHETHER TO HAVE A JURY TRIAL IS RIPE FOR IMMEDIATE DECISION**

   A. **A Possibility of Future Infringement Is Pointless Because No Right to a Jury Trial Exists Where Actual Infringement Has Yet to Occur**

As shown by Sepracor in its Opening Brief, no right to a jury trial exists in patent infringement actions brought under § 271(e)(2)(A) of the Hatch-Waxman Act in the absence of a claim for damages where the defendant has not yet attempted to market or sell the product. (*See* D.I. 15 at 5-9.) Barr attempts to circumvent this rule and confuse the Court with its reliance on cases addressing the applicability of the right to a jury under § 271(a). Such cases are readily distinguishable.

Barr places principal reliance on *Minnesota Mining & Mfg. Co. v. Alphapharm Pty. Ltd.*, No. 99-13, 2002 U.S. Dist. LEXIS 16961 (D. Minn. March 20, 2002). Barr would have the Court believe that, in the *Minnesota Mining* case, the court struck the jury demand motion because a constitutional right to a jury trial with regard to legal claims existed due to the fact that the defendants received FDA approval to market the generic product. (*See* D.I. 21 at 2 (citing *Tull v. United States*, 481 U.S. 412, 417 (1987).) However, Barr neglects a critical factual distinction between *Minnesota Mining* and this case. In *Minnesota Mining*, the defendant received approval from FDA to market its generic product and subsequently shipped the generic product to its distributor. *Minnesota Mining*, No. 99-13, 2002 U.S. Dist. LEXIS 16961, at *9. Therefore, at that point the case transformed into a typical patent infringement action involving both legal and equitable claims. *Id.* Only then did the court reason that the defendant had a constitutional right to a jury trial with regard to the legal claims raised in its counterclaims under *Tull*. *Id.* at *10. These critical facts distinguish this case from the decision in *Minnesota Mining*

2

because an action brought under Hatch-Waxman "for the specific purpose of posturing drug patent claims for adjudication *before* actual infringement occurs" is inherently equitable and the remedies are limited. *Id.* (citing *Glaxo Group Ltd. v. Apotex, Inc.*, No. 00 C 5791, 2001 WL 1246628, at *5 (N.D. Ill. October 16, 2001)) (emphasis added).

> B. **Barr's Allegation that Sepracor Exceeds the Scope of § 271(e) Thereby Transforming This Case Into a § 271(a) Action is Simply an Effort to Confuse the Court**

Barr alleges that "Sepracor exceeds the scope of § 271(e), requiring only the past act of filing an ANDA, and here invokes relief under § 271(a), referring to future conduct." (D.I. 21 at 2.) Again, Barr attempts to rely on the possibility of some future act to persuade this Court that this is a § 271(a) action and, therefore, Barr is entitled to a jury trial. Barr further argues that since it is settled that a declaratory judgment action under § 271(a) provides for the right to a jury trial, it would follow then that Barr is entitled to a jury trial because it is a § 271(a) action. (*See* D.I. 21 at 2.) This circular logic should fail. While *Minnesota Mining* may have denied the motion to strike a jury demand in actions where *actual* infringement occurred, it does not support a rule entitling litigants to a jury trial on 271(e)(2)(A) claims under Hatch-Waxman where infringement has yet to occur.

Barr conveniently ignores important facts in *Minnesota Mining*. Notably, in *Minnesota Mining*, the court denied the motion to strike the jury demand because plaintiff moved two weeks *after* defendant began to engage in manufacture, use, sale or offer of sale of a drug. *Minnesota Mining*, No. 99-13, 2002 U.S. Dist. LEXIS 16961, at *9 (emphasis added). Because the defendant commenced infringement with the distribution, the case was "transformed into a typical patent infringement case involving both legal and equitable claims." *Id.* Thus, Barr's assertion that a declaratory judgment action under § 271(a) provides for the right to a jury trial is

3

671783-1

misleading. Merely because some patent infringement actions may have been entitled to jury trial does not mean that **all** patent infringement actions have a right to a jury trial. *See Biovail Labs., Inc. v. Torpharm, Inc.*, No. 01 C 9008, 2002 WL 1732372, at *2 (N.D. Ill. July 25, 2002). There is no indication, and it is not alleged, that Barr has yet engaged in the commercial manufacture, use, offer of sale, or sale of a generic version of Sepracor's XOPENEX® (levalbuterol hydrochloride) inhalation solutions. As such, no activities have occurred in the present case that would entitle Barr to damages.

II. **CONTROLLING AUTHORITY DICTATES THAT MOTIONS FOR JURY DEMANDS ARE STRICKEN IN THE ABSENCE OF A CLAIM FOR DAMAGES**

Barr is correct in that there are "a number of district court cases where jury demands have been stricken in Hatch-Waxman cases similar to this one." (D.I. 21 at 3.) Nevertheless, Barr principally relies on two cases that are not in this Court's jurisdiction in attempt to persuade the Court that it is entitled to a jury trial: (i) *Warner-Lambert Co. v. Purepac Pharm. Co.*, No. 98-2749, 2001 U.S. Dist. LEXIS 23292 (D.N.J. May 27, 2001); and (ii) *Hoechst Marion Roussel, Inc. v. Par Pharm., Inc.*, No. 95-3673, 1996 U.S. Dist. LEXIS 11371 (D.N.J. Mar. 14, 1996). Neither of these cases is binding on this Court. Moreover, both cases rely upon the fact that the defendant raises a counterclaim of patent invalidity. However, the Federal Circuit has affirmed that that there is no right to a jury trial in an action where the patentee only seeks injunctive relief, whether or not there is a claim of patent invalidity. *In re Tech. Licensing Corp.*, 423 F.3d 1286, 1286-91 (Fed. Cir. 2005); *see also Tegal Corp. v. Tokyo Electra Am. Inc.*, 257 F. 3d 1331, 1339-41 (Fed. Cir. 2001).

Additionally, while not a Hatch-Waxman case, there is decision in a Lanham action case that is instructive and provides the Court with controlling authority regarding motions to strike jury demands in the absence of damages. *Astra Zeneca LP v. Tap Pharm. Prods., Inc.*, 444

4

671783-1

F.Supp.2d 278 (D. Del. 2006). In the *Astra Zeneca* case, the Court granted a motion to strike a jury demand in the absence of damages based on the valid reason that injunctive relief was an equitable remedy. *Id.* at 288. The same holds true for this case. As a result, this Court should hold that there is no right to a jury trial on counterclaims seeking a declaration of non-infringement or invalidity in a case commenced pursuant to § 271(e)(2)(A) in the absence of actual damages. *Id.*

### III. PRACTICAL REASONS REQUIRE THAT THIS MOTION BE DECIDED PROMPTLY

#### A. A Motion to Strike Barr's Jury Demand Is Not Premature Because This Case is Not a § 271(a) Action Where Damages Are Awarded When Actual Infringement Occurs

Barr asks the Court to deny Sepracor's motion to strike Barr's jury demand as premature, suggesting that it is not known what facts and circumstances will play out during the course of this litigation and that damages might be incurred at some future time (D.I. 21 at 2, 4.) Pursuant to § 271(e)(4)(C), "damages or other monetary relief may be awarded against an infringer *only* if there has been a commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of an approved drug." 35 U.S.C. § 271(e)(4)(C) (emphasis added); *Sanoifi-Synthelabo v. Apotex Inc.*, No. 02 Civ. 2255 RWS, 2002 WL 1917871, at * 6 (S.D.N.Y. Aug. 20, 2002). Barr has not yet engaged in such activities.

Barr has submitted a Paragraph IV Certification, which functions as a "technical act of infringement in order to "provide [] patentees with a defined act of infringement sufficient to create case or controversy jurisdiction to enable a court to promptly resolve any dispute concerning infringement and validity." *Pfizer Inc. v. Novopharm Ltd.*, No. 00 C 1475, 2001 WL 477163, at *3 (N.D. Ill. May 3, 2001).

Possibly, Barr will engage in such activities prior to the resolution of this case. Sepracor agrees that under the relevant statutes, the FDA must suspend approval for a maximum of thirty months, or until the court rules. 21 U.S.C. § 355(j)(4)(B)(iii)(I)-(III). If a trial takes place after the expiration of the thirty months, it is possible that the FDA may approve Barr's ANDA prior to trial. On the other hand, should this action go to trial after the thirty-month period has elapsed and Barr has started to manufacture, market or sell its ANDA product, the possibility of damages would then exist. If that particular situation arises, then Barr can simply request leave to file an amended complaint with a jury demand at that time. *Biovail*, No. 01 C 9008, 2002 WL 1732372, at *2 (granting permission to file amended complaint with jury demand if prior to trial defendant engaged in manufacture, use sale or offer of sale of subject of disputed ANDA). That possibility, however, should not deter the Court from denying Barr's motion now.

### B. A Delay in Deciding This Motion Will Prejudice Both Parties in Preparation for Trial

Barr also argues that Sepracor's motion to strike its jury demand is not needed at this time, and should not be granted so early in the case when it does not affect Sepracor and could prejudice Barr. (*See* D.I. 21 at 1.) But a delay in ruling on this motion to strike the jury demand would prejudice both parties in the preparation and trial of these matters. In *Bayer AG v. Schein Pharm., Inc.*, the court granted a motion to strike the jury trial demand because it reasoned that "[a]ny seasoned trial attorney knows that preparing a case for a jury trial may be realistically, different from preparing for a bench trial." *Bayer AG v. Schein Pharm., Inc.*, No. 99-4659, 2000 WL 34521434, at *3 (D.N.J. Feb. 28, 2000). Methods of examining a deponent, the need to even conduct the deposition, refinement of costly written discovery and stipulations agreed upon are all factors that may, in the real world, entail a myriad of differing considerations depending on

whether there is a bench or jury trial. *Id.* As in *Bayer AG*, the parties and their attorneys have a right to know as soon as possible how a particular case is to be tried. *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiff Sepracor Inc. respectfully requests that this Court grant its Motion to Strike the Jury Trial Demand of Defendant Barr Laboratories, Inc.

September 28, 2007

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

Attorneys for Plaintiff,
SEPRACOR INC.

OF COUNSEL:

Todd R. Walters
Susan M. Dadio
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620

William E. Davis
BUCHANAN INGERSOLL & ROONEY PC
Bank of America Tower
100 S.E. Second Street, 34th Floor
Miami, FL 33131-2158
(305) 347-4080

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 28, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard K. Herrmann, Esquire
Mary B. Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494

The undersigned counsel further certifies that, on September 28, 2007, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

George C. Lombardi, Esquire
Imron T. Aly, Esquire
Elizabeth H. Erickson, Esquire
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

667705-1