# Morris James LLP

Richard K. Herrmann
302.888.6816
rherrmann@morrisjames.com

December 7, 2007

**VIA EFILING AND HAND DELIVERY**
The Honorable Mary Pat Thynge
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:    *Sepracor Inc. v. Barr Laboratories, Inc.*, C.A. No. 07-438 \*\*\*

Your Honor:

   We realize that we have already had a scheduling conference in the above referenced matter. The parties have made repeated good faith efforts to reconcile the remaining scheduling issues, but have two minor issues remaining (the number of deposition hours and the deadline for amending pleadings, both on page one of the proposal). The parties have also made a good faith effort to resolve certain Protective Order issues but to no avail. Enclosed for the Court's review are proposed Scheduling and Protective Orders with the disputes highlighted. We would like to schedule a teleconference with Your Honor as soon as possible to resolve these remaining issues.

Respectfully,

*Richard K. Herrmann*

Richard K. Herrmann, I.D. No. 405
*rherrmann@morrisjames.com*

RKH/sch

cc:    Richard D. Kirk, Esq. (via email and hand delivery)
       Susan M. Dadio, Esq. (via email)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEPRACOR INC.,<br><br>               Plaintiff,<br><br>    v.<br><br>BARR LABORATORIES, INC.,<br><br>               Defendant. | C.A. No. 07-438-*** (MPT) |

**REVISED JOINT PROPOSED SCHEDULING PLAN**

Pursuant to the Telephone Conference with the Court on October 5, 2007, the parties hereby submit this Revised Joint Proposed Scheduling Plan.

1.    <u>Rule 26(a) (1) Initial Disclosures and E-Discovery Default Standard</u>.

Both Sepracor and Barr have already submitted their Rule 26(a)(1) initial disclosures. The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (*see* Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before _____.

3.    <u>Discovery</u>

    a.    <u>Limitation on Hours for Deposition Discovery</u>.

**Sepracor's Proposal:**  Each side is limited to a total of 50 hours of taking non-expert testimony by deposition upon oral examination.

**Barr's Proposal:**  Each side is limited to a total of 150 hours of taking non-expert testimony by deposition upon oral examination.

b.     <u>Location of Depositions</u>.  The parties agree that they will make reasonable efforts to agree on the location of depositions of any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court, unless otherwise ordered by the Court.  If after making reasonable efforts the parties cannot agree, the deposition will be required to occur at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c.     <u>Discovery Cut Off</u>.

The parties propose that all fact discovery in this case shall be initiated so that it will be completed on or before <u>September 1, 2008</u>.

Each side may propound a maximum of <u>25</u> interrogatories.  The parties recognize that the Court encourages them to serve and respond to contention interrogatories early in the case.

d.     <u>Disclosure of Expert Testimony</u>.

The parties propose that, for the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on <u>the later of November 12, 2008 or 60 days after the Court's claim construction ruling in this case</u>.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due <u>45 days after the initial expert disclosures</u>.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

e.     The parties do not believe that setting a briefing schedule for any objection to expert testimony made, pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993), is necessary at this time.

f.     <u>Discovery Disputes</u>.  Should counsel find that they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).  Should this Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.     <u>Application to Court for Protective Order</u>.  Counsel find it necessary to apply to this Court for a protective order specifying terms and conditions for the disclosure of confidential information, and thus counsel shall confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, then counsel must first follow the provisions of Paragraph 3e, above.

Any proposed order will include the following paragraph:

Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    Papers Filed Under Seal.  When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.    ADR Process.  To be discussed during the Rule 16 conference.

7.    Interim Status Report.

The parties propose that on May 7, 2008 counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    Status Conference.

The parties propose that on May 14, 2008 (or thereabout in accordance with the Court's calendar), the Court will hold a Rule 16(a), (b), and (c) conference by telephone with counsel beginning at a time to be determined in accordance with the Court's calendar.

Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this Order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.    Tutorial Describing the Technology and Matters in Issue.  The parties do not believe that setting a date for a tutorial on the technology at issue is necessary at this time.

However, should the Court believe a tutorial would be desirable, the parties agree to confer on a proposed date and will contact the Court with its proposal. For any possible tutorial on the technology at issue, each party may also submit a videotape/CD of not more than 30 minutes. The parties may also choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10.     <u>Case Dispositive Motions</u>. The parties do not believe that setting a briefing schedule for case dispositive motions is necessary at this time.

11.     <u>Claim Construction Issue Identification</u>.

On <u>January 14, 2008</u>, the parties shall exchange a list of those claim term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on <u>March 24, 2008</u>.

The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of the respective proposed constructions. A copy of the patent(s) at issue as well as those portions of

the intrinsic record relied upon are to be submitted with the Joint Claim Construction Chart.  In

this joint submission, the parties shall not provide argument.

      12.    <u>Claim Construction</u>.

      The parties shall contemporaneously submit initial briefs on claim constructions issues on

<u>March 24, 2008</u>.  The parties' answering/responsive briefs shall be contemporaneously submitted

on <u>April 7, 2008</u>.

      No reply briefs or supplemental papers on claim construction shall be submitted without

leave of the Court.  Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and

responsive (answering) briefs.

      13.    <u>Hearing on Claim Construction</u>.  The parties do not believe that setting a date for

hearing on claim construction is necessary at this time.

      14.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to

the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the

Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-

dispositive motion should contain the statement required by Local Rule 7.1.1.

      15.    <u>Pretrial Conference</u>.  The parties do not believe that setting a date for a pretrial

conference, and thus a date for submission of the joint final pretrial order, is necessary at this

time.

      16.    <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine*

requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall

be limited to five *in limine* requests, unless otherwise permitted by the court.  The *in limine*

request and any response shall contain the authorities relied upon; each *in limine* request may be

supported by a maximum of three pages of argument and may be opposed by a maximum of

three pages of argument.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

      17.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference.  That submission shall be accompanied by a computer diskette (in Word Perfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

      18.    <u>Trial</u>.  The parties do not believe that setting a date for trial is necessary at this time.

| | |
|---|---|
| Richard K. Herrmann (#405) | Richard D. Kirk (rk0922) |
| Mary B. Matterer (#2696) | Ashley B. Stitzer (as3891) |
| MORRIS JAMES LLP | THE BAYARD FIRM |
| 500 Delaware Avenue, Suite 1500 | 222 Delaware Avenue, Suite 900 |
| P.O. Box 25130 | P.O. Box 25130 |
| Wilmington, DE 19801-1494 | Wilmington, DE 19899-5130 |
| (302) 888-6800 (Phone) | (302) 655-5000 (Phone) |
| rherrmann@morrisjames.com | (302) 658-6395 (Fax) |
| | rkirk@bayardfirm.com |
| OF COUNSEL: | astitzer@bayardfirm.com |

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 25130
Wilmington, DE 19801-1494
(302) 888-6800 (Phone)
rherrmann@morrisjames.com

OF COUNSEL:

George C. Lombardi
Imron T. Aly
Elizabeth H. Erickson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

Attorneys for Defendant
BARR LABORATORIES, INC.

Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000 (Phone)
(302) 658-6395 (Fax)
rkirk@bayardfirm.com
astitzer@bayardfirm.com

OF COUNSEL:

Todd R. Walters
Susan M. Dadio
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620 (Phone)
(703) 836-2021 (Fax)
todd.walters@bipc.com
susan.dadio@bipc.com

William E. Davis
BUCHANAN INGERSOLL & ROONEY PC
Bank of America Tower
100 S.E. Second Street, 34th Floor
Miami, FL 33131-2158
(305) 347-4080 (Phone)
(305) 347-4089 (Fax)
william.davis@bipc.com

Joseph M. O'Malley, Jr.
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
Park Avenue Tower
75 East 55th Street, First Floor
New York, NY 10022
(212) 318-6000 (Phone)
(212) 319-4090 (Fax)
josephomalley@paulhastings.com

Attorneys for Plaintiff,
SEPRACOR INC.

Dated:  December 7, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR INC., <br><br>                         Plaintiff, <br><br> v. <br><br> BARR LABORATORIES, INC., <br><br>                         Defendant. | C.A. No. 07-438-*** (MPT) |

## STIPULATED PROTECTIVE ORDER

WHEREAS discovery in this action may involve the disclosure of certain documents, things and information in the possession, custody or control of the plaintiff, Sepracor Inc. ("Sepracor"), the defendant, Barr Laboratories, Inc ("Barr"), or non-parties, and that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties;

WHEREAS the parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS the parties have established good cause for entry of this Protective Order;

It is hereby ORDERED that the following provisions shall govern the conduct of further proceedings in this action:

<u>Definitions</u>

1.      The term "Confidential Information" shall mean any document, information, data, or other tangible thing, or oral testimony that contains or reveals what a party or non-party considers to be its trade secret, business confidential, or proprietary information.  In designating information as "Confidential Information," a party or non-party shall designate only its trade secrets, information that it has maintained in confidence, or information in which it has a proprietary interest.  Each party shall act in good faith in designating information as "Confidential Information."

2.      The term "Qualified Person" shall mean:

(a)      the Court and its official personnel;

(b)      Sepracor's outside counsel of record in Case No. 07-438-*** (MPT) and their law firms' active members, associate attorneys, paralegals, and office staff working on this case ("Sepracor's Outside Counsel");

(c)      Barr's outside counsel of record in Case No. 07-438-*** (MPT) and their law firms' active members, associate attorneys, paralegals, and office staff working on this case ("Barr's Outside Counsel");

(d)      court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids involved solely in providing litigation support services to Outside Counsel;

(e)      any independent expert or consultant who is retained by Sepracor's or Barr's Outside Counsel subject to the provisions of paragraph 11, and solely for the purpose of assisting in this action;

      (f)    i.

**Sepracor's Proposal:** Two in-house attorneys for Sepracor, namely _____ and

their clerical or legal assistant employees whose functions require access to Confidential

Information, all of whom, after receipt of Barr Confidential Information, and in addition to the

other terms of this Protective Order, (A) shall not be involved in, the preparation or prosecution

of any patent application that covers XOPENEX® described in New Drug Application ("NDA")

No. 20-837 or Barr's generic version of XOPENEX® described in Abbreviated New Drug

Application ("ANDA") No. 78-860 for the duration of the action including any appeals, and (B)

shall not use Barr's Confidential Information to prepare or prosecute any future or pending

patent application for Sepracor.

**Barr's Proposal**: One in-house attorney for Sepracor, namely _____ and their

clerical or legal assistant employees whose functions require access to Confidential Information,

all of whom, after receipt of Barr Confidential Information, and in addition to the other terms of

this Protective Order, (A) shall not be involved in, nor provide advice regarding, the preparation

or prosecution of any patent application that covers XOPENEX® described in New Drug

Application ("NDA") No. 20-837 or Barr's generic version of XOPENEX® described in

Abbreviated New Drug Application ("ANDA") No. 78-860, and (B) shall not use Barr's

Confidential Information to prepare or prosecute, or provide advice regarding, any future or

pending patent application for Sepracor.

      ii.

**Sepracor's Proposal:** Two in-house attorneys for Barr, namely _____ and their

clerical or legal assistant employees whose functions require access to Confidential Information,

all of whom, after receipt of Sepracor Confidential Information and in addition to the other

terms of this Protective Order, (A) shall not be involved in the preparation or prosecution of any

patent application that covers XOPENEX® described in New Drug Application ("NDA") No.

20-837 or Barr's generic version of XOPENEX® described in Abbreviated New Drug

Application ("ANDA") No. 78-860 for the duration of the action including any appeals, and (B)

shall not use Sepracor's Confidential Information to prepare or prosecute any future or pending

patent application for Barr.

**Barr's Proposal:** One in-house attorney for Barr, namely _____ and their

clerical or legal assistant employees whose functions require access to Confidential Information,

all of whom, after receipt of Sepracor Confidential Information and in addition to the other

terms of this Protective Order, (A) shall not be involved in, nor provide advice regarding, the

preparation or prosecution of any patent application that covers XOPENEX® described in New

Drug Application ("NDA") No. 20-837 or Barr's generic version of XOPENEX® described in

Abbreviated New Drug Application ("ANDA") No. 78-860, and (B) shall not use Sepracor's

Confidential Information to prepare or prosecute, or provide advice regarding, any future or

pending patent application for Barr.

        (g)     any other person who is designated as a "Qualified Person" by order of the

Court or by written agreement of the parties.

<u>Use of Confidential Information</u>

3.      Confidential Information shall be used solely for the purpose of this action.

**Barr Further Proposes:**  By way of example, Confidential Information may not be used to prepare or prosecute any pending or future patent application or in connection with any filing relating or communication to the FDA regarding an ANDA submission regarding Xopenex.

4.      Nothing in this Protective Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Confidential Information if such information:

        (a)      was lawfully in his or her possession prior to receipt under the provisions of this Protective Order;

        (b)      was or becomes available to the public through no fault of a receiving party;

        (c)      was or is obtained from a source not under an obligation of secrecy to the designating party; or

        (d)      is exempted from the operation of this Protective Order by written consent of the designating party.

<u>Disclosure of Confidential Information</u>

5.      Confidential Information shall not be made available to anyone other than a Qualified Person or the party who produced such Confidential Information, except as otherwise provided in this Protective Order.

6.      A document that contains or reveals Confidential Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

7.      As set forth in paragraph 2(d), a document that contains or reveals Confidential Information may be copied by an independent commercial copying service, and an exhibit based upon such a document may be prepared by an independent printer or illustrator.  Any exhibit(s) so prepared shall be treated as Confidential Information.

8.      Confidential Information may be disclosed to a witness testifying under oath if the witness is an officer, director, or employee of the party who produced such Confidential Information.

9.      Confidential Information may be disclosed to a witness testifying under oath if:

    (a)      the witness was formerly an officer, director, or employee of the party who produced such Confidential Information;

    (b)      the Confidential Information was in existence during the period of his or her service or employment; and

    (c)      a foundation is established that the witness was involved in the project to which the Confidential Information relates so that it is reasonable that the witness had access to the Confidential Information during the course of his or her service or employment.

10.      Nothing in this Protective Order shall prevent disclosure of Confidential Information if the designating party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

11.      (a)      Counsel desiring to disclose Confidential Information to an independent expert or consultant according to paragraph 2(e) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person.  At least ten (10) days in advance of the proposed disclosure of any Confidential Information to that person, counsel shall serve that person's signed declaration, a curriculum vitae or resume, a general statement of any prior or current relationship

or connection with either party, and a list of all cases in which such person has been deposed or testified as an expert for the preceding four (4) years by facsimile [**Barr Proposes**: or e-mail] on each other party.  A party may object for cause to the proposed disclosure by serving a written objection upon each other party within seven (7) [**Barr Proposes:** calendar] days after receiving the copy of the signed declaration and other materials by facsimile [**Barr Proposes**: or e-mail]. Failure to timely object shall operate as a waiver of the objection.  If a party objects to the proposed disclosure, the objecting party's Confidential Information shall not be disclosed to such person except by order of the Court or by written consent of the objecting party.  In the event that a motion is made, the objecting party shall have the burden of proving that disclosure should not be made and any such motion shall be filed no later than fourteen (14) days after the objections are made.  A party  shall not attempt to make any contact with, including but not limited to deposing, any person whose declaration has been served by another party pursuant to this paragraph regarding their work or the opinions formed as an expert, investigator, consultant or advisor for the other party serving the declaration, unless an expert report written pursuant to Fed. R. Civ. P. 26 has been served.  Nothing in this paragraph shall preclude a party from contacting fact witnesses directly or, if the fact witness is represented, through counsel.

(b)     Counsel desiring to disclose Confidential Information to a person according to paragraphs 2(f), and/or 2(g) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person.

<u>Identification and Marking of Confidential Information</u>

12.     Any document or other tangible thing that contains or reveals Confidential Information shall be labeled with the legend "CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER" or a marking of like import.  For a document, such marking shall

appear on each page of the document that contains Confidential Information. Any document or

other tangible thing so labeled and the information it contains or reveals shall be treated in

accordance with the provisions of this Protective Order. Any Confidential Information not

reduced to documentary or physical form or which cannot be conveniently labeled shall be so

designated by a party by serving a written notification on the receiving party.

13.    When a party initially produces documents for inspection by a Qualified Person,

no marking need be made by the producing party in advance of the inspection. For purposes of

the inspection, all documents shall be treated as containing Confidential Information. After the

receiving party selects specified documents for copying, the producing party shall appropriately

mark the copies of the selected documents before they are provided to the receiving party.

14.    Information disclosed in a deposition may be designated as Confidential

Information by a party or by the non-party giving the deposition either (a) on the record at the

deposition or (b) by serving a written notification on all parties and, if applicable, the non-party

who gave the deposition, within fourteen (14) days of the date on which the deposition transcript

becomes final, either by completion and service of an errata sheet or passage of the time allowed

for doing so, whichever first occurs. Such written notification shall identify the specific pages

and lines of the transcript that contain Confidential Information. A copy of such written

notification shall be attached to the face of the transcript and each copy of the transcript in the

possession, custody, or control of any Qualified Person. Until the transcript becomes final, either

by completion and service of an errata sheet or passage of time allowed for doing so, whichever

first occurs, all information disclosed during any deposition shall be treated as Confidential

Information.

15.     Only Qualified Persons, the deponent, and the court reporter shall be allowed to attend any portion of a deposition in which Confidential Information is used or elicited from the deponent.

16.     Deposition transcripts containing testimony with Confidential Information shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER."

**Sepracor Further Proposes:** Except as to experts, all such deposition transcripts shall also be prominently marked on the front page with a statement that provides "Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them or entities they represent."

<u>Inadvertent Production</u>

17.     The inadvertent failure by a producing party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials.  Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information.

18.     Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not [**Barr Proposes:** automatically] constitute a waiver of such privilege(s).  Inadvertent production of documents or information shall be handled as follows, but is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

(a)     Immediately upon receiving notice from the producing party that documents or materials subject to the attorney-client privilege or work-product immunity have been inadvertently produced, the receiving party shall, except to the extent necessary to challenge the privilege claim pursuant to paragraphs 18(b)-(c), not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance.

**Sepracor Further Proposes:** In addition, the receiving party shall return the documents or materials and all copies or certify they have been destroyed within ten (10) days from receiving notice.

(b)     If the receiving party believes it has a good-faith basis for challenging the privilege claim, Outside Counsel for the receiving party shall provide Outside Counsel for the producing party with a written explanation of the good-faith basis for its belief that the inadvertently produced documents or information are not privileged within fourteen (14) days after receipt of the producing party's request for return.

(c)     Outside Counsel for the producing party shall respond in writing to receiving party's Outside Counsel's timely challenge to the privilege or immunity claim within seven (7) days from receipt of the challenge.

(d)     In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the receiving party has fourteen (14) days from receipt of the producing party's written response to the privilege challenge to file a motion seeking an order compelling production of the inadvertently produced documents or information.  In the event that a motion is made, the producing party shall have the burden of proving that the produced documents or information are privileged.  To the extent the substantive content of the inadvertently produced documents or information is used in or with a

motion to challenge the privilege or immunity status of such material, such material shall be treated as Confidential Information.

(e)    Within five (5) days of the receiving party's timely filing of a motion seeking an order compelling production of the inadvertently produced documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, the producing party shall file under seal with the Court a copy of the inadvertently produced documents or information for in camera inspection by the Court. A copy of the cover letter forwarding the inadvertently produced documents or information for in camera inspection by the Court shall be provided to the moving party.

<u>Challenges to Confidential Information Designation</u>

19.    A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

(a)    In the event that a party disagrees at any time with a Confidential Information designation made by another party, the following procedure shall be used: The party seeking such removal shall give Outside Counsel for the designating party or non-party notice thereof, in writing, specifying the documents, things, or information for which such removal is sought and the reasons for the request. The designating party or non-party shall have fourteen (14) days after receiving that written notification within which to object to the removal of protection afforded by this Order. Any such objection shall be made in writing. Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

(b)    If, after conferring in good faith, the parties, or the parties and non-party, cannot reach agreement concerning the matter, then the party or non-party seeking the removal of protection for the designated Confidential Information shall follow the Court's procedures for discovery disputes as set out in paragraph 3(f) of the Rule 16 Scheduling Order entered in this matter.  The designated material shall continue to be treated as Confidential Information until the issue is resolved by Order of this Court or by agreement of the parties, or the parties and non-party.

(c)    On any motions arising out of the designation of any material as Confidential Information under this Protective Order, the burden of justifying the designation shall lie with the designating party or non-party.

## Improper Disclosure

20.    If any designated material is disclosed to any person contrary to the terms of this Protective Order or other than in the manner authorized by this Protective Order, Outside Counsel of the party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party, and without prejudice to the rights and remedies of the producing party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on the part of the recipient of such information or material.

## Third Party Designations

21.    Where a subpoena, deposition question, or discovery request directed to a party or non-party who is designating Confidential Information under this Protective Order calls for otherwise discoverable information that is held by such party or non-party to whom it is directed under obligations of confidentiality owed to another, and the party or non-party to whom the

subpoena, deposition question, or discovery request is directed refuses to provide such documents or information on that ground, that party or non-party:

      (a)     Shall promptly identify to the party seeking the documents or information the name and address of each person or entity whose confidentiality interests are implicated by the subpoena, deposition question, or discovery request and the basis for the obligation of confidentiality, including a copy of any relevant protective order;

      (b)     Shall promptly notify the person or entity whose confidentiality interests are implicated by the subpoena, deposition question, or discovery request so that the person or entity may have an opportunity to appear and be heard on whether the information should be disclosed.

<u>Filing of Confidential Information</u>

22.     The Clerk of the Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court that has been designated, in whole or in part, as containing or revealing Confidential Information.

23.     In the event that a party wishes to use any Confidential Information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, such paper shall be enclosed in a sealed envelope or other appropriate container.  The sealed envelope or other appropriate container shall:

      (a)     show the caption of this action;

      (b)     identify its contents; and

      (c)     include the following legend:

<u>CONFIDENTIAL INFORMATION</u>

This envelope [or container] is sealed pursuant to court order and contains proprietary information. This envelope [or container] was filed by [name of party] and may not be opened, nor may its contents be displayed or revealed, except by court order or by written stipulation of the parties.

<u>Advice to Clients</u>

24.     Nothing in this Protective Order shall bar or otherwise restrict an attorney who is a Qualified Person from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of Confidential Information. In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Confidential Information if such disclosure would be contrary to the provisions of this Protective Order.

<u>Miscellaneous</u>

25.     No party shall be responsible to another party for any use made of information that was produced and not designated as Confidential Information.

**Barr Further Proposes:** unless the party knew or should have known that the information was to be kept confidential.

26.     Nothing in this Protective Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

27.     Nothing in this Protective Order shall prejudice the right of any party to seek at any time a further order modifying this Protective Order.

28.     In the event that a new party is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

29.     Nothing in this Protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information.

30.     By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who becomes subject to a subpoena, motion, governmental or administrative agency request, or order to disclose such information, documents or things designated as Confidential Information by another party pursuant to the Protective Order shall promptly (but in no event later than ten (10) days after receiving said subpoena, motion, governmental or administrative agency request, or order) notify the designating party of the subpoena, motion, governmental or administrative agency request, or order so that the designating party may have an opportunity to appear and be heard on whether the information should be disclosed.

31.     Within ninety (90) days after the termination of this litigation (including any appeals), each document and each other tangible thing that contains or reveals Confidential Information and any copies, abstracts, summaries, notes, or other records regarding the contents of any Confidential Information shall be either: (a) returned to the attorney of record for the producing party; or (b) destroyed with a representation of such destruction being made to the attorney of record for the producing party.  Notwithstanding the foregoing, outside counsel for a receiving party may retain Confidential Information to the extent such Confidential Information is contained in counsel's work product, correspondence between outside counsel, or in copies of pleadings and materials that are of record in the litigation, subject to the confidentiality provisions of this Protective Order.

32.     Any Confidential Information that was filed under seal with the Clerk of the Court shall be disposed of pursuant to the standard practices and procedures of the Court for dealing with such documents.

33.     Time periods referred to herein shall be calculated in accordance with Fed. R. Civ. P. 6.

34.     The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals).

35.     Any notice under this Protective Order shall be by facsimile [**Sepracor proposes: and**; **Barr Proposes:  or**] e-mail to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court: notice to Sepracor shall be made to Richard D. Kirk and Susan M. Dadio; notice to Barr shall be to Richard K. Herrmann and Imron T. Aly, all at their respective offices of record filed with this Court for this civil action.

**SO ORDERED:**


Dated:_____          _____
                                       Hon. Mary Pat Thynge
                                       United States Magistrate Judge

**SO STIPULATED AND AGREED TO:**

**BUCHANAN INGERSOLL &  ROONEY PC**       **THE BAYARD FIRM**

_____       _____
Todd R. Walters                              Richard D. Kirk (rk0922)
Susan M. Dadio                               Ashley B. Stitzer (as3891)
Buchanan Ingersoll & Rooney PC               The Bayard Firm
1737 King Street, Suite 500                  222 Delaware Avenue, Suite 900
Alexandria, VA 22314-2727                    P.O. Box 25130
(703) 836-6620 (Phone)                       Wilmington, DE 19899-5130
(703) 836-2021 (Fax)                         (302) 655-5000 (Phone)
                                             (302) 658-6395 (Fax)
William E. Davis
BUCHANAN INGERSOLL & ROONEY PC               Attorneys for Plaintiff,
Bank of America Tower                        SEPRACOR INC.
100 S.E. Second Street, 34th Floor
Miami, FL 33131-2158
(305) 347-4080 (Phone)
(305) 347-4089 (Fax)

Jayson R. Wolfgang
BUCHANAN INGERSOLL & ROONEY PC
One South Market Square
213 Market Street, 3rd Floor
Harrisburg, PA 17101-2121
(717) 237-4800 (Phone)
(717) 233-0852 (Fax)

**WINSTON & STRAWN LLP**               **MORRIS JAMES LLP**

_____       _____
George C. Lombardi                     Richard K. Herrmann (#405)
Imron T. Aly                           Mary B. Matterer (#2696)
Elizabeth H. Erickson                  Morris James LLP
Winston & Strawn LLP                   500 Delaware Avenue, Suite 1500
35 West Wacker Drive                   Wilmington, DE  19801-1494
Chicago, IL  60601                     (302) 888-6800 (Phone)
(312) 558-5600 (Phone)                 (302) 571-1750 (Fax)
(312) 558-5700 (Fax)

                                       Attorneys for Defendant,
                                       BARR LABORATORIES, INC.

## EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEPRACOR INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>BARR LABORATORIES, INC.,<br><br>                    Defendant. | C.A. No. 07-438-*** (MPT) |

## DECLARATION

I, _____, being duly sworn, declare as follows:

    1.  My home address is _____.

    2.  My present employer is _____ and the address of my present

employer is _____.

    3.  My present occupation or job description is _____.

    4.  I have carefully read and understand the provisions of the Stipulated Protective Order in

this case approved by the U. S. District Court, and I will comply with and agree to be bound by

all of the provisions of the Stipulated Protective Order.

    5.  I will hold in confidence and not disclose to anyone any Confidential Information or any

words, summaries, abstracts or indices of Confidential Information disclosed to me, except in

accordance with the Stipulated Protective Order.

    6.  I shall not use or refer to any of the documents, things, and/or any information designated

under the Stipulated Protective Order other than in connection with this litigation and as

prescribed in the Stipulated Protective Order.

7.    Upon notification that this litigation has terminated, or at such earlier time as requested by the counsel or party by whom I am employed or retained, I will return all documents and things designated as containing Confidential Information, and all summaries, abstracts and indices thereof, which come into my possession, and documents or things which have been prepared relating thereto, to counsel for the party by whom I am employed or retained.

8.    I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person, wherever I shall be found, for purposes of enforcement of the Stipulated Protective Order.

9.    I declare under penalty of perjury that the foregoing is true and correct.


By:_____        Dated:_____

                                                                  Subscribed and sworn to before me

                                                                  this_____day of _____,2007.


                                                                  _____
                                                                  Notary Public
                                                                  My Commission Expires: