## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR INC.,<br><br>     Plaintiff,<br><br>v.<br><br>BARR LABORATORIES, INC.,<br><br>     Defendant. | C.A. No. 07-438 JJF |

## MOTION FOR ENTRY OF
## SCHEDULING AND PROTECTIVE ORDERS

Defendant Barr Laboratories, Inc. ("Barr") respectfully moves this Court to enter a Scheduling Order and a Protective Order in the forms attached.  In support of this motion, Barr states as follows:

1. The parties in this matter had a scheduling teleconference with Magistrate Judge Thynge on September 12, 2007.

2. On December 7, 2007, counsel for Barr wrote to Magistrate Judge Thynge describing the remaining issues and providing a proposed Scheduling Order and a proposed Protective Order with the issues highlighted.

3. Shortly thereafter, on December 11, 2007, this case was reassigned to the Honorable Joseph J. Farnan, Jr.

4. To date, the parties have been unable to reach final agreement on the remaining Scheduling and Protective Order issues.  The parties have exchanged several e-mails and held phone calls to discuss the issues, including a telephone conference between the parties held January 9, 2008.  In the interests of moving this case forward, Defendant

Barr respectfully requests that the Court enter a Scheduling Order and a Protective Order, in the forms attached hereto.

5. **<u>Scheduling Order.</u>** Following the scheduling teleconference, the parties were able to resolve various outstanding issues with respect to the proposed Scheduling Order but had some minor issues remaining. These issues were discussed in a series of meet and confer sessions, and eventually narrowed to the one remaining dispute: the number of deposition hours allowed in the litigation. Barr seeks 150 hours of deposition time, given the number of patents at issue, third parties to be interviewed for invalidity and inequitable conduct claims, and prior art depositions. Sepracor seeks to limit the deposition time to 50 hours.

6. The attached proposed Scheduling Order also re-formats the previously proposed Scheduling Plan (submitted to Judge Thynge), into the form of the routine Scheduling Order used by Judge Farnan, now that His Honor has been assigned to this case.

7. **<u>Protective Order.</u>** The parties made a good faith effort to resolve several Protective Order issues, and over the course of several meet and confer sessions narrowed the issues to the following two: (1) scope of limitations on in-house counsel for use of the opposing party's confidential information (paragraphs 2(f) and 24) and (2) procedure for return of privileged documents claimed to be inadvertently produced (paragraph 17(a)). Even these issues may be resolved based upon further discussion between the parties.

Dated:  January 10, 2008

                                  */s/ Richard K. Herrmann*

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800

George C. Lombardi
Imron T. Aly
Elizabeth Erickson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

*Attorneys for Defendant Barr Laboratories, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

SEPRACOR INC.,

                    Plaintiff,

v.                                                          C.A. No. 07-438 JJF

BARR LABORATORIES, INC.,

                    Defendant.

**RULE 16 SCHEDULING ORDER**

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED THAT:

1.    <u>Rule 26(a) (1) Initial Disclosures and E-Discovery Default Standard</u>.

Both Sepracor and Barr have already submitted their Rule 26(a)(1) initial disclosures.

The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents,

which is posted at http://www.ded.uscourts.gov (*see* Orders, etc., Policies & Procedures, Ad Hoc

Committee for Electronic Discovery), and is incorporated herein by reference.

2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other

parties, and to amend or supplement the pleadings shall be filed on or before <u>January 30, 2008</u>.

3.    <u>Discovery</u>

    a.    <u>Limitation on Hours for Deposition Discovery</u>.

Each side is limited to a total of <u>150</u> hours of taking non-expert testimony by deposition

upon oral examination.

    b.    <u>Location of Depositions</u>.  The parties agree that they will make reasonable

efforts to agree on the location of depositions of any party or representative (officer, director, or

managing agent) of a party filing a civil action in this district court, unless otherwise ordered by the Court.  If after making reasonable efforts the parties cannot agree, the deposition will be required to occur at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

           c.      <u>Discovery Cut Off</u>.

The parties propose that all fact discovery in this case shall be initiated so that it will be completed on or before <u>September 1, 2008</u>.

Each side may propound a maximum of <u>25</u> interrogatories.  The parties recognize that the Court encourages them to serve and respond to contention interrogatories early in the case.

           d.      <u>Disclosure of Expert Testimony</u>.

Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party with the initial burden of proof on the subject matter of the report by <u>November 12, 2008</u> and the supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due by <u>December 12, 2008</u>.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

           e.      The parties do not believe that setting a briefing schedule for any objection to expert testimony made, pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), is necessary at this time.

4.      <u>Non-Case Dispositive Motions</u>.

a.      Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion.  The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard.  The date selected shall be within 30 days of the filing of the motion and allow for briefing in accordance with the Federal and Local Rules.  Available motion dates will be posted on the Court's website at www.ded.uscourts.gov.

b.      At the motion hearing, each side shall be allocated twenty (20) minutes to argue and respond to questions from the Court.

c.      Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by email at:  jjf_civil@ded.uscourts.gov.

5.      <u>Markman</u>.

A Markman hearing will be scheduled in August 2008, on a specific date to be set by the Court.  Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing.  The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

The parties shall contemporaneously submit initial briefs on claim constructions issues on <u>March 24, 2008</u>.  The parties' answering/responsive briefs shall be contemporaneously submitted on <u>April 7, 2008</u>.

No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.  Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

6.    <u>Applications by Motion</u>**.**

     a.    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007).  Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-Dispositive Motions in Patent Cases.  Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing.  The Court will not consider applications and requests submitted by letter or in a form other than a motion.

     b.    No facsimile transmissions will be accepted.

     c.    No telephone calls shall be made to chambers.

     d.    Any party with a true emergency matter requiring the assistance of the Court shall email Chambers at:  jjf_civil@ded.uscourts.gov.  The email shall provide a short statement describing the emergency.

7.    <u>Pretrial Conference and Trial</u>.  After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

     The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference.  If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

Dated: _____          _____
                                     Joseph J. Farnan, Jr., J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEPRACOR INC., | |
| Plaintiff, | |
| v. | C.A. No. 07-438 JJF |
| BARR LABORATORIES, INC., | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

WHEREAS discovery in this action may involve the disclosure of certain documents, things and information in the possession, custody or control of the plaintiff, Sepracor Inc. ("Sepracor"), the defendant, Barr Laboratories, Inc ("Barr"), or non-parties, and that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties;

WHEREAS the parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS the parties have established good cause for entry of this Protective Order;

It is hereby ORDERED that the following provisions shall govern the conduct of further proceedings in this action:

<u>Definitions</u>

1.     The term "Confidential Information" shall mean any document, information, data, or other tangible thing, or oral testimony that contains or reveals what a party or non-party considers to be its trade secret, business confidential, or proprietary information.  In designating information as "Confidential Information," a party or non-party shall designate only its trade secrets, information that it has maintained in confidence, or information in which it has a proprietary interest.  Each party shall act in good faith in designating information as "Confidential Information."

2.     The term "Qualified Person" shall mean:

(a)     the Court and its official personnel;

(b)     Sepracor's outside counsel of record in Case No. 07-438-*** (MPT) and their law firms' active members, associate attorneys, paralegals, and office staff working on this case ("Sepracor's Outside Counsel");

(c)     Barr's outside counsel of record in Case No. 07-438-*** (MPT) and their law firms' active members, associate attorneys, paralegals, and office staff working on this case ("Barr's Outside Counsel");

(d)     court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids involved solely in providing litigation support services to Outside Counsel;

(e)     any independent expert or consultant who is retained by Sepracor's or Barr's Outside Counsel subject to the provisions of paragraph 11, and solely for the purpose of assisting in this action;

(f)  i.  One in-house attorney for Sepracor, namely _____ and their clerical or legal assistant employees whose functions require access to Confidential Information, all of whom, after receipt of Barr Confidential Information, and in addition to the other terms of this Protective Order, (A) shall not be involved in, nor provide advice regarding, the preparation or prosecution of any patent application that covers XOPENEX® described in New Drug Application ("NDA") No. 20-837, or Barr's generic version of XOPENEX® described in Abbreviated New Drug Application ("ANDA") No. 78-860, or levalbuterol, and (B) shall not use Barr's Confidential Information to prepare or prosecute, or provide advice regarding, any future or pending patent application for Sepracor.

ii.  One in-house attorney for Barr, namely _____ and their clerical or legal assistant employees whose functions require access to Confidential Information, all of whom, after receipt of Sepracor Confidential Information and in addition to the other terms of this Protective Order, (A) shall not be involved in, nor provide advice regarding, the preparation or prosecution of any patent application that covers XOPENEX® described in New Drug Application ("NDA") No. 20-837, or Barr's generic version of XOPENEX® described in Abbreviated New Drug Application ("ANDA") No. 78-860, or levalbuterol, and (B) shall not use Sepracor's Confidential Information to prepare or prosecute, or provide advice regarding, any future or pending patent application for Barr.

(g)  any other person who is designated as a "Qualified Person" by order of the Court or by written agreement of the parties.

– 3 –

<u>Use of Confidential Information</u>

Confidential Information shall be used solely for the purpose of this action. By way of example,

Confidential Information may not be used to prepare or prosecute any pending or future patent

application or in connection with any filing relating or communication to the FDA regarding an

ANDA submission regarding Xopenex.

     3.     Nothing in this Protective Order shall prevent any person, including a Qualified

Person, from making use of any information that is designated as Confidential Information if

such information:

     (a)     was lawfully in his or her possession prior to receipt under the provisions

of this Protective Order;

     (b)     was or becomes available to the public through no fault of a receiving

party;

     (c)     was or is obtained from a source not under an obligation of secrecy to the

designating party; or

     (d)     is exempted from the operation of this Protective Order by written consent

of the designating party.

<u>Disclosure of Confidential Information</u>

     4.     Confidential Information shall not be made available to anyone other than a

Qualified Person or the party who produced such Confidential Information, except as otherwise

provided in this Protective Order.

     5.     A document that contains or reveals Confidential Information may be shown to

any person indicated in such document to be its originator or author or the recipient of a copy.

6.      As set forth in paragraph 2(d), a document that contains or reveals Confidential Information may be copied by an independent commercial copying service, and an exhibit based upon such a document may be prepared by an independent printer or illustrator.  Any exhibit(s) so prepared shall be treated as Confidential Information.

7.      Confidential Information may be disclosed to a witness testifying under oath if the witness is an officer, director, or employee of the party who produced such Confidential Information.

8.      Confidential Information may be disclosed to a witness testifying under oath if:

        (a)      the witness was formerly an officer, director, or employee of the party who produced such Confidential Information;

        (b)      the Confidential Information was in existence during the period of his or her service or employment; and

        (c)      a foundation is established that the witness was involved in the project to which the Confidential Information relates so that it is reasonable that the witness had access to the Confidential Information during the course of his or her service or employment.

9.      Nothing in this Protective Order shall prevent disclosure of Confidential Information if the designating party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

10.      (a)      Counsel desiring to disclose Confidential Information to an independent expert or consultant according to paragraph 2(e) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person.  At least ten (10) days in advance of the proposed disclosure of any Confidential Information to that person, counsel shall serve that person's signed declaration, a curriculum vitae or resume, a general statement of any prior or current relationship

or connection with either party, and a list of all cases in which such person has been deposed or

testified as an expert for the preceding four (4) years by facsimile or e-mail on each other party.

A party may object for cause to the proposed disclosure by serving a written objection upon each

other party within seven (7) calendar days after receiving the copy of the signed declaration and

other materials by facsimile or e-mail.  Failure to timely object shall operate as a waiver of the

objection.  If a party objects to the proposed disclosure, the objecting party's Confidential

Information shall not be disclosed to such person except by order of the Court or by written

consent of the objecting party.  In the event that a motion is made, the objecting party shall have

the burden of proving that disclosure should not be made and any such motion shall be filed no

later than fourteen (14) days after the objections are made.  A party  shall not attempt to make

any contact with, including but not limited to deposing, any person whose declaration has been

served by another party pursuant to this paragraph regarding their work or the opinions formed

as an expert, investigator, consultant or advisor for the other party serving the declaration, unless

an expert report written pursuant to Fed. R. Civ. P. 26 has been served.  Nothing in this

paragraph shall preclude a party from contacting fact witnesses directly or, if the fact witness is

represented, through counsel.

   (b)  Counsel desiring to disclose Confidential Information to a person

according to paragraphs 2(f), and/or 2(g) shall first obtain a signed declaration in the form shown

in attached Exhibit A from that person.

<u>Identification and Marking of Confidential Information</u>

   11.  Any document or other tangible thing that contains or reveals Confidential

Information shall be labeled with the legend "CONFIDENTIAL INFORMATION UNDER

PROTECTIVE ORDER" or a marking of like import.  For a document, such marking shall

appear on each page of the document that contains Confidential Information.  Any document or

other tangible thing so labeled and the information it contains or reveals shall be treated in

accordance with the provisions of this Protective Order.  Any Confidential Information not

reduced to documentary or physical form or which cannot be conveniently labeled shall be so

designated by a party by serving a written notification on the receiving party.

12.    When a party initially produces documents for inspection by a Qualified Person,

no marking need be made by the producing party in advance of the inspection.  For purposes of

the inspection, all documents shall be treated as containing Confidential Information.  After the

receiving party selects specified documents for copying, the producing party shall appropriately

mark the copies of the selected documents before they are provided to the receiving party.

13.    Information disclosed in a deposition may be designated as Confidential

Information by a party or by the non-party giving the deposition either (a) on the record at the

deposition or (b) by serving a written notification on all parties and, if applicable, the non-party

who gave the deposition, within fourteen (14) days of the date on which the deposition transcript

becomes final, either by completion and service of an errata sheet or passage of the time allowed

for doing so, whichever first occurs.  Such written notification shall identify the specific pages

and lines of the transcript that contain Confidential Information.  A copy of such written

notification shall be attached to the face of the transcript and each copy of the transcript in the

possession, custody, or control of any Qualified Person.  Until the transcript becomes final, either

by completion and service of an errata sheet or passage of time allowed for doing so, whichever

first occurs, all information disclosed during any deposition shall be treated as Confidential

Information.

14.     Only Qualified Persons, the deponent, and the court reporter shall be allowed to attend any portion of a deposition in which Confidential Information is used or elicited from the deponent.

15.     Deposition transcripts containing testimony with Confidential Information shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER."

Inadvertent Production

16.     The inadvertent failure by a producing party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials.  Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information.

17.     Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not automatically constitute a waiver of such privilege(s).  Inadvertent production of documents or information shall be handled as follows, but is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

(a)     Immediately upon receiving notice from the producing party that documents or materials subject to the attorney-client privilege or work-product immunity have been inadvertently produced, the receiving party shall, except to the extent necessary to challenge the privilege claim pursuant to paragraphs 18(b)-(c), not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance.  In addition, with

the exception of outside litigation counsel, the receiving party shall, within 10 days from

receiving notice, certify that they have sought the return or destruction of the documents and

materials and all copies thereof from any individuals to whom such documents have been

distributed (such as in-house counsel and expert witnesses).

(b)    If the receiving party believes it has a good-faith basis for challenging the

privilege claim, Outside Counsel for the receiving party shall provide Outside Counsel for the

producing party with a written explanation of the good-faith basis for its belief that the

inadvertently produced documents or information are not privileged within fourteen (14) days

after receipt of the producing party's request for return.

(c)    Outside Counsel for the producing party shall respond in writing to

receiving party's Outside Counsel's timely challenge to the privilege or immunity claim within

seven (7) days from receipt of the challenge.

(d)    In the event the parties cannot agree as to the privilege or immunity status

of the inadvertently produced documents or materials, the receiving party has fourteen (14) days

from receipt of the producing party's written response to the privilege challenge to file a motion

seeking an order compelling production of the inadvertently produced documents or

information.  In the event that a motion is made, the producing party shall have the burden of

proving that the produced documents or information are privileged.  To the extent the

substantive content of the inadvertently produced documents or information is used in or with a

motion to challenge the privilege or immunity status of such material, such material shall be

treated as Confidential Information.

(e)    Within five (5) days of the receiving party's timely filing of a motion

seeking an order compelling production of the inadvertently produced documents or

information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, the producing party shall file under seal with the Court a copy of the inadvertently produced documents or information for in camera inspection by the Court. A copy of the cover letter forwarding the inadvertently produced documents or information for in camera inspection by the Court shall be provided to the moving party.

<u>Challenges to Confidential Information Designation</u>

18.     A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

(a)     In the event that a party disagrees at any time with a Confidential Information designation made by another party, the following procedure shall be used:  The party seeking such removal shall give Outside Counsel for the designating party or non-party notice thereof, in writing, specifying the documents, things, or information for which such removal is sought and the reasons for the request.  The designating party or non-party shall have fourteen (14) days after receiving that written notification within which to object to the removal of protection afforded by this Order.  Any such objection shall be made in writing.  Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

(b)     If, after conferring in good faith, the parties, or the parties and non-party, cannot reach agreement concerning the matter, then the party or non-party seeking the removal of protection for the designated Confidential Information shall follow the Court's procedures for discovery disputes as set out in paragraph 3(f) of the Rule 16 Scheduling Order entered in this matter.  The designated material shall continue to be treated as Confidential Information until

the issue is resolved by Order of this Court or by agreement of the parties, or the parties and non-party.

(c)     On any motions arising out of the designation of any material as Confidential Information under this Protective Order, the burden of justifying the designation shall lie with the designating party or non-party.

### Improper Disclosure

19.     If any designated material is disclosed to any person contrary to the terms of this Protective Order or other than in the manner authorized by this Protective Order, Outside Counsel of the party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party, and without prejudice to the rights and remedies of the producing party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on the part of the recipient of such information or material.

### Third Party Designations

20.     Where a subpoena, deposition question, or discovery request directed to a party or non-party who is designating Confidential Information under this Protective Order calls for otherwise discoverable information that is held by such party or non-party to whom it is directed under obligations of confidentiality owed to another, and the party or non-party to whom the subpoena, deposition question, or discovery request is directed refuses to provide such documents or information on that ground, that party or non-party:

(a)     Shall promptly identify to the party seeking the documents or information the name and address of each person or entity whose confidentiality interests are implicated by

the subpoena, deposition question, or discovery request and the basis for the obligation of confidentiality, including a copy of any relevant protective order;

        (b)      Shall promptly notify the person or entity whose confidentiality interests are implicated by the subpoena, deposition question, or discovery request so that the person or entity may have an opportunity to appear and be heard on whether the information should be disclosed.

<u>Filing of Confidential Information</u>

21.     The Clerk of the Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court that has been designated, in whole or in part, as containing or revealing Confidential Information.

22.     In the event that a party wishes to use any Confidential Information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, such paper shall be enclosed in a sealed envelope or other appropriate container.  The sealed envelope or other appropriate container shall:

        (a)    show the caption of this action;

        (b)    identify its contents; and

        (c)    include the following legend:

<u>CONFIDENTIAL INFORMATION</u>

This envelope [or container] is sealed pursuant to court order and contains proprietary information.  This envelope [or container] was filed by [name of party] and may not be opened, nor may its contents be displayed or revealed, except by court order or by written stipulation of the parties.

<u>Advice to Clients</u>

23.     Nothing in this Protective Order shall bar or otherwise restrict an attorney who is a Qualified Person from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of Confidential Information.  In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Confidential Information if such disclosure would be contrary to the provisions of this Protective Order.

<u>Miscellaneous</u>

24.     No party shall be responsible to another party for any use made of information that was produced and not designated as Confidential Information unless the party knew or should have known that the information was to be kept confidential.

25.     Nothing in this Protective Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

26.     Nothing in this Protective Order shall prejudice the right of any party to seek at any time a further order modifying this Protective Order.

27.     In the event that a new party is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

28.     Nothing in this Protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information.

29.     By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be

relevant and subject to disclosure in another case.  Any person or party subject to this Protective

Order who becomes subject to a subpoena, motion, governmental or administrative agency

request, or order to disclose such information, documents or things designated as Confidential

Information by another party pursuant to the Protective Order shall promptly (but in no event

later than ten (10) days after receiving said subpoena, motion, governmental or administrative

agency request, or order) notify the designating party of the subpoena, motion, governmental or

administrative agency request, or order so that the designating party may have an opportunity to

appear and be heard on whether the information should be disclosed.

30.     Within ninety (90) days after the termination of this litigation (including any

appeals), each document and each other tangible thing that contains or reveals Confidential

Information and any copies, abstracts, summaries, notes, or other records regarding the contents

of any Confidential Information shall be either: (a) returned to the attorney of record for the

producing party; or (b) destroyed with a representation of such destruction being made to the

attorney of record for the producing party.  Notwithstanding the foregoing, outside counsel for a

receiving party may retain Confidential Information to the extent such Confidential Information

is contained in counsel's work product, correspondence between outside counsel, or in copies of

pleadings and materials that are of record in the litigation, subject to the confidentiality

provisions of this Protective Order.

31.     Any Confidential Information that was filed under seal with the Clerk of the

Court shall be disposed of pursuant to the standard practices and procedures of the Court for

dealing with such documents.

32.     Time periods referred to herein shall be calculated in accordance with Fed. R.

Civ. P. 6.

33.    The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals).

34.    Any notice under this Protective Order shall be by facsimile or e-mail to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court: notice to Sepracor shall be made to Richard D. Kirk and Susan M. Dadio; notice to Barr shall be to Richard K. Herrmann and Imron T. Aly, all at their respective offices of record filed with this Court for this civil action.

**SO ORDERED:**


Dated:_____    _____

Joseph J. Farnan, Jr., J.

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEPRACOR INC., | |
| Plaintiff, | |
| v. | C.A. No. 07-438 JJF |
| BARR LABORATORIES, INC., | |
| Defendant. | |

**DECLARATION**

I, _____, being duly sworn, declare as follows:

1.  My home address is _____.

2.  My present employer is _____ and the address of my present

employer is _____.

3.  My present occupation or job description is _____.

4.  I have carefully read and understand the provisions of the Stipulated Protective Order in

this case approved by the U. S. District Court, and I will comply with and agree to be bound by

all of the provisions of the Stipulated Protective Order.

5.  I will hold in confidence and not disclose to anyone any Confidential Information or any

words, summaries, abstracts or indices of Confidential Information disclosed to me, except in

accordance with the Stipulated Protective Order.

6.   I shall not use or refer to any of the documents, things, and/or any information designated under the Stipulated Protective Order other than in connection with this litigation and as prescribed in the Stipulated Protective Order.

7.   Upon notification that this litigation has terminated, or at such earlier time as requested by the counsel or party by whom I am employed or retained, I will return all documents and things designated as containing Confidential Information, and all summaries, abstracts and indices thereof, which come into my possession, and documents or things which have been prepared relating thereto, to counsel for the party by whom I am employed or retained.

8.   I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person, wherever I shall be found, for purposes of enforcement of the Stipulated Protective Order.

9.   I declare under penalty of perjury that the foregoing is true and correct.


By:_____        Dated:_____

                                          Subscribed and sworn to before me

                                          this_____day of _____,2007.


                                          _____
                                          Notary Public
                                          My Commission Expires: