IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR INC.,<br><br>        Plaintiff,<br><br>v.<br><br>BARR LABORATORIES, INC.,<br><br>        Defendant. | C.A. No. 07-438 JJF |

**BARR'S REPLY BRIEF IN SUPPORT OF ITS MOTION
FOR ENTRY OF SCHEDULING AND PROTECTIVE ORDERS**

This is a pharmaceutical patent litigation recently assigned to this Court. The parties have resolved negotiations for proposed Scheduling and Protective Orders. There remain four disputed issues. Representing the sole disputed issue for the Scheduling Order, Barr requests 150 hours of deposition time, instead of 50. For the three Protective Order disagreements, Barr requests that (1) in-house attorneys who see confidential levalbuterol information should not work on patent prosecution for levalbuterol, the drug at issue; (2) outside counsel should be allowed to retain a copy of a produced document later claimed to be privileged, so that it can be submitted to the Court for resolution; and (3) confidentiality obligations should extend to those documents known to be confidential, even if inadvertently not marked as such.

**ARGUMENT**

**I.     The Parties Should Have 150 Deposition Hours To Develop Facts**

As noted in the opening motion, 150 deposition hours are needed to address this patent litigation. Naturally, Sepracor (as the plaintiff in this ANDA case) does not need as much time to take depositions because it has the burden of proving one issue. The same is not true for Barr, who is the defendant that may prove several different issues. There are five patents at issue in

the case, and although they are related, Sepracor obtained five different patents ostensibly because they are different and pose different issues. Further, Barr has alleged and is entitled to develop its fact-based invalidity arguments, which include third party depositions to help show that Sepracor's patents are invalid. Also, a number of depositions will focus on inequitable conduct issues, requiring third party depositions such as patent prosecution attorneys and individuals who submitted declarations to the Patent Office during the prosecution of the asserted patents. Of course, these are all in addition to the routine depositions of the inventors, developers, marketers, and others at Sepracor related to the claimed pharmaceutical.

While Sepracor claims that the depositions taken in the Breath and Dey cases will be available to Barr, Sepracor's argument is unconvincing. *First*, it does not identify any such depositions except for "Sepracor's inventors," referring to only two individuals. *Second*, Barr has not even seen these or any other deposition transcripts, or even a single Sepracor document, despite serving requests for related litigation documents on December 7, 2007. Moreover, Barr did not participate in any prior deposition that may have been taken, and should be allowed to pursue its own strategy and claims in this case. *Third*, Sepracor ignores the fact that Barr's motion relies on substantial third party discovery that it seeks, and Sepracor had no response to this basis.

For these reasons, Barr should not be limited to 50 hours – which is lower than the 70-hour floor Sepracor admits is set by the Federal Rules of Civil Procedure. Instead, Barr seeks sufficient time to pursue its factually-intense defenses to Sepracor's claims, including substantial third party discovery. Barr therefore requests that the Court enter a Scheduling Order which provides for 150 hours of fact deposition time per party.[1]

---

[1] Barr does not object to the other amendments Sepracor included in its Scheduling Order proposal, as noted in footnote 1 of Sepracor's Opposition Brief.

## II. Barr's Protective Order Better Preserves Confidential Information

### A. If they see confidential information, counsel should not seek patents

The parties already agree, in paragraph 2(f) of the Protective Order, that in-house counsel who view another party's confidential information should be restricted in what they can do. It is agreed that in-house counsel cannot prepare patents that cover each other's drugs, as described in their FDA submissions. But discovery in this case is not limited to FDA submissions. Rather, the case involves levalbuterol drug research and development, including all of a party's in-house confidential work related to that drug. Therefore, and narrowly tailored for levalbuterol, the drug at issue, in-house counsel who view confidential information should not prepare patents that cover levalbuterol products.

Sepracor claims that "this litigation concerns only a specific form of levalbuterol." (Opp'n Br., at 4.) But this claim is belied by Sepracor's own requests for discovery from Barr. For example, Sepracor's request for production 22 asks Barr to produce "[a]ll documents and things regarding research or development of Barr's Levalbuterol Inhalation Solutions, *and/or levalbuterol inhalation solutions*, including XOPENEX® (levalbuterol HCl) inhalation solutions." (emphasis added.) Moreover, as noted above, discovery in this case is not limited to FDA submissions, so the most fair way to draw the line for in-house counsel is to refer to levalbuterol drug products. Barr therefore requests that its version of paragraph 2(f) be included in the final Protective Order.

### B. Outside counsel may keep allegedly privileged documents to resolve the dispute

Barr believed that paragraph 18(a) of the Protective Order, was no longer disputed, because it was substantially amended after negotiation with Sepracor. In any event, under the new Federal Rule of Civil Procedure 26(b)(5)(B), the receiving party should collect and return

copies of produced documents that are later claimed to be privileged, but outside counsel may sequester copies, and retain and submit disputed documents to the Court for resolution. Barr's version of paragraph 18(a) of the Protective Order merely reflects these realities of Rule 26(b)(5)(B).

C. <u>Information known to be confidential should be treated as such</u>

Even if not marked, confidential information should be treated as such if the receiving party knows or should have known that the information is confidential. That is the purpose for Barr's amendment to paragraph 24. While Sepracor claims that it is a "vague and ambiguous" standard, in fact it is a fair way to avoid a party from taking advantage of information known to be confidential, but inadvertently not marked as such. These provisions are routine, for example in trade secret contracts.

## CONCLUSION

For all the above reasons, Barr respectfully requests that its proposed Scheduling Order (subject to the agreement stated in footnote 1) and Protective Order be entered.

Dated: February 1, 2008

/s/ Richard K. Herrmann

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800

George C. Lombardi
Imron T. Aly
Elizabeth H. Erickson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
*Attorneys for Defendant Barr Laboratories, Inc.*