IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEPRACOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-113-JJF |
| | ) | C.A. No. 06-604-JJF |
| v. | ) | (Consolidated) |
| | ) | |
| DEY, L.P. and DEY, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SEPRACOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-438-JJF |
| | ) | |
| BARR LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEY'S MEMORANDUM IN OPPOSITION TO SEPRACOR'S
MOTION TO CONSOLIDATE THE DEY AND BARR CASES**

**NATURE AND STAGE OF THE PROCEEDINGS**

On February 22, 2006, Sepracor, Inc. ("Sepracor") filed the instant action for infringement of U.S. Patent Nos. 5,362,755, 5,547,994, 5,760,090, 5,844,002 and 6,083,993 ("the method-of-use patents") against Defendants Dey, L.P. and Dey, Inc. (collectively "Dey"). Sepracor alleges that by filing ANDA 77-800, seeking approval to market low cost-generic 0.31 mg, 0.63 mg, and 1.25 mg per 3 mL levalbuterol hydrochloride inhalation solutions (collectively "the 3 mL solutions"), Dey has infringed the method-of-use patents. Subsequently, Dey filed a second ANDA seeking to market low cost-generic 1.25 mg per 0.5 mL levalbuterol hydrochloride inhalation solution ("the concentrate solution"). On September 27, 2006, Sepracor

filed a second infringement action against Dey alleging Dey's filing of ANDA 78-309 also constitutes infringement of the method-of-use patents. These two actions were consolidated by Judge Jordan on December 5, 2006 ("the Dey case"). Fact discovery is complete in this consolidated action, and expert discovery will close on March 13, 2007. Markman briefs are scheduled to be exchanged on April 10, 2008 and reply briefs are to be exchanged on May 1, 2008.

On July 12, 2007, almost a year and a half after it filed against Dey, Sepracor filed a third action in this district for infringement against defendants Barr, Inc. ("Barr"). This third action alleges that by filing ANDA 78-860, which seeks to market a low cost-generic levalbuterol hydrochloride inhalation solution, Barr has infringed the method-of-use patents ("the Barr case"). The Barr case is currently in the preliminary phases of fact discovery. Sepracor recently provided responses to Barr's interrogatories and document requests. (D.I. 46 in 07-cv-00438 (JJF).) No dates have been set for completion of fact or expert discovery in the Barr case.

On February 7, 2008, Sepracor moved to consolidate the Dey case with the Barr case for all purposes. (D.I. 252.) Dey opposes consolidation for the reasons set forth below.

## SUMMARY OF THE ARGUMENT

Sepracor seeks to further delay the Dey case through its motion to consolidate. Contrary to Sepracor's arguments, consolidation of these cases will prejudice Dey and cause harm to the public by delaying the availability of low cost generic levalbuterol solution. Consolidation is also contrary to the requirement of the Hatch Waxman Act that cases be expedited, because it will cause the Dey case to be prolonged unnecessarily. The Dey case and the Barr case, having been filed fifteen months apart, are in very different procedural postures. Fact discovery has closed in the Dey case, and expert discovery is scheduled to close on March 13, 2008. In contrast, the Barr case is still in the very early stages of fact discovery. Consolidation will cause

2

the Dey case, which originally was scheduled to be tried in February, 2008, to languish for a prolonged period of time while the Barr case "catches up."

The issue of consolidating the Dey case with the Barr case was already raised before Judge Thynge. Judge Thynge declined to consolidate, noting the very different procedural postures of the two cases and the amount of time the Dey case has been on the Court's docket. Accordingly, Dey respectfully submits that Sepracor's motion to consolidate the Dey case with the Barr case be denied.

## STATEMENT OF THE FACTS

Sepracor presently sells levalbuterol HCl inhalation solution under the tradename Xopenex®, labeled for the treatment of reversible obstructive airway disease. The FDA has approved Xopenex® in unit-dose vials containing: (1) 0.31 mg; (2) 0.63 mg; or (3) 1.25 mg of levalbuterol in 3 mL of solution and a fourth solution of 1.25 mg / 0.5 mL. Several manufacturers of generic drugs have submitted ANDAs for the manufacture and sale of generic levalbuterol HCl inhalation solutions. Two of those manufacturers, Dey and Breath Limited ("Breath"), have received tentative FDA approval for their ANDA products, while Barr has not.

On June 20, 2005 Breath filed ANDA No. 77-756 seeking approval to market and sell the 3 mL solutions.[1] Breath's ANDA does not seek approval to market and sell the concentrate solution. Sepracor filed suit against Breath on October 21, 2005 in the District Court for the Northern District of Illinois ("the Breath case"), asserting the method-of-use patents along with a sixth patent, U.S. Patent No. 6,451,289, which claims formulations of albuterol. Breath received tentative approval from the FDA on December 20, 2007 for ANDA No. 77-756. On December 27, 2005, the Breath case was transferred to the District Court for the District of Massachusetts.

---

[1] U.S. Food and Drug Administration, Center for Drug Evaluation and Research, Paragraph IV Patent Certifications as of February 8, 2008, http://www.fda.gov/cder/ogd/ppiv.htm.

3

Breath's 30 month stay expires on March 20, 2008. *Markman* briefing has been completed and a *Markman* hearing scheduled for February 21, 2008 has been adjourned. Trial in the Breath case is set for July 14, 2008.

On February 22, 2006, Sepracor filed suit against Dey asserting infringement of the method-of-use patents. Dey filed a second ANDA requesting approval to market the concentrate solution which is the basis for Sepracor's second suit against Dey filed on September 22, 2006. Because Dey is the first company to submit an ANDA with a Paragraph IV certification with respect to the concentrate solution, Dey is entitled to 180 days of exclusivity on that product. *See* 21 U.S.C. § 355(j)(5)(B)(iv). The 30-month stay of Dey's sale of the concentrate solution expires in February 2009. Should a judgment of invalidity, unenforceability or noninfringement be rendered prior to that date, Dey would be entitled to final approval on the date that judgment is entered. 21 U.S.C. § 355(j)(5)(B)(I)(aa). Delay of the Dey case therefore delays the sale of a low cost alternative to Sepracor's Xopenex® product. Consolidation and the resulting delay of the Dey case benefits Sepracor at the expense of Dey and the public.

The first Dey case was set for trial in February 2008 (D.I. 30.) Over Sepracor's objection,[2] Judge Jordan consolidated the two Dey cases and extended the schedule slightly, setting trial for April 2008. (D.I. 77.) Shortly thereafter, Judge Jordan was elevated to the Third Circuit Court of Appeals. The consolidated case was assigned to Judge Thynge on December 15, 2006. On December 11, 2007, the consolidated case was reassigned to this Court. Opening *Markman* briefs are scheduled to be exchanged on April 10, 2008 and reply briefs due on May 1, 2008. The trial date and *Markman* hearing date were removed from the calendar by Judge Thynge.

---

[2] It is interesting to note that Sepracor opposed consolidation of the two Dey cases which involved different concentrations of an identical product and which were filed about six months apart.

4

On July 12, 2007, Sepracor filed suit against Barr in this Court for infringement of the method-of-use patents.[3] As indicated above, the Barr case is in the early stages of fact discovery, the parties having recently exchanged responses to interrogatories and document requests.

Sepracor has consistently delayed the progress of the Dey litigation since the filing of its complaint. Sepracor initially proposed a schedule setting trial 32 months after the filing of the complaint, while Dey proposed a schedule setting trial 20 months after the case was filed. (D.I. 22.) Judge Jordan ordered a trial 24 months after the filing date. (D.I. 30.) Dey served its first set of document requests in July 2006. (D.I. 25.) Due to the glacial pace at which Sepracor was producing documents, Dey was forced to request the Court's intervention in October 2006. Judge Jordan admonished Sepracor to produce additional documents "forthwith." (D.I. 65, at 22.) In addition to the slow rate at which it produced documents, Sepracor has requested and obtained several extensions of the schedule. (*See e.g.* D.I. 119, 173, 244.)

Sepracor has also delayed the scheduling of expert depositions by failing to timely propose deposition dates for its experts and repeatedly rejecting dates offered by Dey for its experts. Despite the fact that expert discovery is to be completed by March 13, 2008, Sepracor refused to accept any proposed expert deposition dates offered by Dey prior to February 22, 2008, one month after supplemental expert reports were exchanged, leaving less than three weeks in which to depose eleven experts. It now has told this Court that taking these depositions will cause it hardship. *See* Exhibit 1. In addition, despite knowing the dates scheduled in this case months in advance, Sepracor has offered deposition dates for three of its experts after the close of discovery, informing Dey that two of those experts have no availability until April 2008.

---

[3] While Dey acknowledges that Sepracor has asserted the same method-of-use patents against both Dey and Barr, Dey does not have the details of Barr's proposed products because that information is part of Barr's confidential ANDA. Therefore, Dey cannot ascertain whether the noninfringement positions of the parties will be similar.

5

(D.I. 30.) As the record shows, Sepracor has continuously delayed the progress of this litigation. Its request for consolidation of the Dey case with the Barr case is simply the latest in a long line of such attempts.

## ARGUMENT

### A. Consolidation of the Dey and Barr Cases Would Frustrate the Purposes of the Hatch-Waxman Act, Which Entitle Dey to an Expedited Resolution So the Public Can Obtain Lower Priced Generic Drugs

Congress enacted the Hatch-Waxman Act to "get generic drugs into the hands of patients at reasonable prices—fast" in order to reduce healthcare costs. *In re Barr Labs.*, 930 F.2d 72, 76 (D.C. Cir. 1991). According to its legislative history, the purpose of the Hatch-Waxman Act is to reduce health-care costs by encouraging early patent challenges. Reflecting on the 13-year history of the Hatch-Waxman Act, Senator Hatch noted that the Act "continues to provide incentives for drug companies to undertake research on new drugs while enabling low cost, generic equivalents that are relied upon by consumers to come quickly to the market." S. Rep. No. 105-36(I), at 125 (1997); *see also* H.R. Rep. No. 108-181, at 9 (2003) (noting that Title XI, Access to Affordable Pharmaceuticals, "[i]ncorporates text of S. 1225 as adopted by the Senate, which will make lower cost generic drugs available more quickly."). To this end, the Hatch-Waxman Act requires the parties litigating a case brought under the statute to "reasonably cooperate in expediting the action." 21 U.S.C. § 355(c)(3)(C).

When an action is filed under the Hatch-Waxman Act, a 30-month-stay of final approval for the ANDA product goes into effect. The statute further provides that a court may shorten or lengthen the 30-month stay if "either party to the action failed to reasonably cooperate in expediting the action." 21 U.S.C. § 355(j)(5)(B)(iii). The courts have enforced this statutory requirement that Hatch-Waxman cases be heard expeditiously. *See Aventis Pharma Deutschland GmbH v. Lupin Ltd.*, 403 F. Supp. 2d 484, 486 (E.D. Va. 2005); *Dey. L.P. v Ivax Pharms., Inc.*,

6

233 F.R.D. 567 , 568 (C.D. Cal. 2005) (terminating plaintiff's 30-month stay because patentee unreasonably failed to expedite litigation.)

Consolidating the Dey and Barr cases will only continue to protract and delay the resolution of the Dey case. Dey's case has now been under the purview of three Judges in the District of Delaware. Judge Jordan initially set trial for February 2008 and extended it to April 2008 when he consolidated the two Dey actions. When Judge Jordan was elevated, Judge Thynge struck the trial date for the case pending assignment of a District Court Judge. In the joint status report submitted to this Court on December 27, 2007, Dey requested a trial date be set at the Court's earliest convenience. (D.I. 244 at 2.) Notably, Sepracor declined to join that request. Now, by way of its pending Motion to Consolidate, Sepracor proposes that trial be held sometime after February 2009, a year later than the date Judge Jordan originally scheduled. Sepracor Br. at 3.[4] This date could be pushed much further into the future should Sepracor or Barr request extensions to the schedule, as Sepracor has done repeatedly in the Dey case. This proposed date, more than three years after the action was filed, does not comport with the provisions of the Hatch-Waxman Act requiring an expedited resolution. Dey respectfully submits that consolidation of the Sepracor and Barr cases is antithetical to the stated purpose of the Hatch-Waxman Act. For this reason alone, Sepracor's Motion to Consolidate should be denied.

**B.     Consolidation Will Prejudice Dey Because Sepracor's Proposed Trial Schedule Will Delay the Sale of Dey's Levalbuterol Solution**

Sepracor's motion for consolidation should be denied for the additional reason that it will delay sale of the generic levalbuterol concentrate solution on which Dey was first-to-file. Sepracor argues in its brief that Dey will not "suffer any prejudice from consolidation" because

---

[4] Sepracor's Opening Brief in Support of Its Motion to Consolidate the Dey and Barr Cases is referred throughout this brief as "Sepracor Br."

7

Breath "alone is eligible for 180 days of market semi-exclusivity" and "Dey cannot obtain approval from the FDA until February 2009" with respect to the concentrate solution. Sepracor Br. at 4 n.1, 8. In other words, Sepracor argues that consolidation will not prejudice Dey because Dey cannot go to market until February 2009. Sepracor's argument is misplaced for at least two independent reasons.

The Hatch-Waxman Act permits a first-to-file generic manufacturer to get final approval to market under several scenarios. Relevant to this case are: (1) once the 30-month stay expires; or (2) once "the court enters judgment reflecting the decision" that the patent is either invalid, unenforceable or not infringed. *See* 21 U.S.C. § 355(j)(5)(B)(iii)(aa). Therefore, if a trial is held and a decision of invalidity, unenforceability or noninfringement is entered, Dey could be granted final approval and go to market as soon as that judgment is entered. For example, if a trial were held and judgment favorable to Dey is rendered in August 2008, Dey could go to market with the concentrate solution in August 2008. If the cases are consolidated and trial delayed, Dey will be prejudiced because it will be kept off the market until February 2009 at the earliest, and only if it chose to launch at risk.

Sepracor's proposed schedule contemplates having a Pretrial Conference in February 2009. Thus, under Sepracor's proposal, this Court will not even begin to consider the merits of the case until well after Dey's 30-month stay has expired. Thus, contrary to Sepracor's assertions, Dey will be prejudiced and the public harmed by consolidation because Dey's ability to go to market with its proposed product will be further delayed.

In addition, consolidation will likely delay entry of the 3 mL products. According to Wall Street analysts, Sepracor and Breath have been having settlement discussions. Exhibit 2. Should Sepracor and Breath settle their case without an admission or finding of infringement or

8

invalidity, Breath's 180-day exclusivity can essentially be parked, because entry of a settlement order or consent decree will only trigger 180-day exclusivity if the entry of final judgment "includes a finding that the patent is invalid or not infringed." 21 U.S.C. § 355(j)(5)(D)(bb)(BB). If the party holding 180-day exclusivity—in this case Breath—does not market its product, no generic company can trigger the 180-day exclusivity until there is an entry of invalidity or non-infringement as to each patent the first to file was sued on. *See* 21 U.S.C. § 355(j)(5)(D)(i)(I). Thus, should Breath and Sepracor settle without entry of a judgment of noninfringement or invalidity, Breath's exclusivity will not be triggered until after final judgment of noninfringement or invalidity is entered in another case (such as this one). The longer Sepracor delays the Dey case, the longer Breath can "park" its 180-day exclusivity, leaving Sepracor's monopoly intact and keeping low cost generic 3 mL levalbuterol off the market.

Thus, again contrary to Sepracor's assertion, Dey will be prejudiced and the public harmed by consolidation which will delay the trial in the Dey case to allow the Barr case to "catch up." Sepracor, on the other hand, has not demonstrated any prejudice if its motion to consolidate is denied.

### C. The Procedural Disparity Between the Dey Case and the Barr Case Weigh Against Consolidation

A court has broad discretion to consolidate actions involving common questions of law or fact for trial or pretrial purposes if it will facilitate the administration of justice. Fed. R. Civ. P. 42(a). The mere existence of common issues, however, does not require consolidation. *Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991); *Rohm & Hass Co. v. Mobil Oil Corp.*, 525 F. Supp. 1289, 1309 (D. Del. 1981). The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or

expense that might result from simultaneous disposition of the separate actions. *Waste Distillation*, 775 F. Supp. at 761; *Rohm & Hass Co.*, 525 F. Supp. at 1309. Moreover, "considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Debruyne v. Nat'l Semiconductor Corp.*, 11 F.3d 368, 373 (2d Cir. 1993). Indeed, consolidation where prejudice results to a defendant amounts to an abuse of discretion. *Arnold v. Eastern Airlines, Inc.*, 712 F.2d 899, 906 (4th Cir. 1983), *cert denied*, 464 U.S. 1040 (1984).

Courts have routinely denied motions for consolidation in cases against multiple defendants where, as here, the procedural disposition of the later case will delay the earlier filed litigation. *See e.g. La Chemise Lacoste, v. The Alligator Co., Inc.*, 60 F.R.D. 164, 176 (D. Del. 1973) (denying La Chemise Lacoste's motion for several reasons citing the procedural disparity between cases and noting that the "new action has only been recently instituted" and that the "disposition of the earlier case should not be delayed by the later filed litigation."); *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989) (holding that consolidation is properly denied "in instances where the cases are at different stages of preparedness for trial."); *Levis v. Four B Corp.*, 347 F. Supp. 2d 1017, 1020 (D. Kan. 2004) (denying plaintiff's motion to consolidate where the earlier filed case completed discovery, and was filed over a year prior to the later filed case wherein little or no discovery had occurred); *St. Bernard Gen. Hosp., Inc., v. Hosp. Service Assoc. of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1983) (affirming district court's ruling that consolidation would be improper where cases were at different stages of preparedness for trial). Moreover as discussed above, the exercise of the Court's discretion to avoid such delay is entirely consistent with the purposes of the Hatch-Waxman Act.

Sepracor cites several cases to support its argument that the interests of judicial economy outweigh the potential for delay, expense, confusion or prejudice. Each of these cases, however, are distinguishable and factually inapposite. For example, in *Cima Labs, Inc. v. Actavis Group HF*, the parties were at similar if not identical procedural postures. Nos. 06-1999, 06-1970, 07-893, 2007 U.S. Dist LEXIS 44996, at *19 (D.N.J. June 20, 2007) (discovery in the later filed case had not occurred and only the initial exchange of written discovery and objections had been completed in the earlier filed case). Here, if granted, Sepracor's pending motion to consolidate would have the effect of staying the Dey case in order to permit Barr sufficient time to achieve what took Dey nearly a year and a half to accomplish -- completion of fact discovery and the majority of expert discovery. *Ortho-McNeil Pharmaceutical, Inc. v. Kali Laboratories, Inc.*, is also distinguishable. In *Ortho-McNeil* none of the parties objected to consolidation and the Court determined *sua sponte* that the parties would not be prejudiced. Nos. 02-5707, 04-0886, 06-3533, 2007 U.S. Dist. LEXIS 44996, at *17 (D.N.J. June 20, 2007). Similarly, Sepracor's reliance on *SmithKline Beecham Corporation v. Geneva Pharmaceuticals, Inc.*, is misplaced. No. 99-2926, 2001 U.S. Dist. LEXIS 17434, at *22 (E.D. Pa. Sept. 28, 2001). In *SmithKline*, the court consolidated the actions for pretrial discovery purposes only, while preserving the parties right to request further consolidation for trial purposes. *Id.* at *22; *see also MedPoint Healthcare Inc. v. Hi-Tech Pharmacal Co.*, No. 03-5550, 2007 U.S. Dist. LEXIS 4652, at *19 (D.N.J. Jan. 22, 2007) (consolidating actions for liability only with separate trials on damages and inequitable conduct).

Thus, the procedural disparities between the Dey and Barr cases weigh heavily against consolidation. Sepracor states in its brief that fact discovery will take Barr at least five to seven months to complete. Sepracor Br. at 3. Based upon Dey's experience in this matter, it will likely

take even longer. The earlier filed Dey case should not be delayed by the later filed Barr case. Because of the procedural disparities between the Dey and Barr cases, Sepracor's motion to consolidate should be denied.

### D. Judge Thynge Previously Considered and Rejected Consolidation of the Dey Case with the Barr Case

Judge Thynge previously rejected the idea of consolidation of the Dey case with the Barr case. During the October 5, 2007 teleconference with Sepracor, Dey and Barr, Judge Thynge observed that the Dey case has been around "for quite some time" and a disparity exists in the procedural stances. (D.I. 207 at 12.) Judge Thynge discussed the "appropriateness of or whether any of the parties were interested in consolidating in part the case . . ." Dey opposed consolidation and Judge Thynge concluded that Dey's schedule should "stay[] in place." (D.I. 207 at 2, 4.) Although Judge Thynge stated that it made sense to "have the claim construction briefing in these two cases on some type of similar track so its teed up for the judge to look at," Judge Thynge did not extend the Dey schedule. (D.I. 207 at 17.)

The disparity in the procedural posture of the two cases persists, and Judge Thynge's observations and reasoning are valid now they were last October. Accordingly, this Court should deny Sepracor's motion for consolidation and set dates for a Markman hearing, a pretrial conference and trial.

## CONCLUSION

For the reasons set forth above, Dey respectfully requests that this Court deny Sepracor's motion to consolidate.

                        ASHBY & GEDDES

                        */s/ John G. Day*

                        _____
                        Steven J. Balick (I.D. #2114)
                        John G. Day (I.D. #2403)
                        Tiffany Geyer Lydon (I.D. #3950)
                        500 Delaware Avenue, 8th Floor
                        P.O. Box 1150
                        Wilmington, Delaware 19899-1150
                        (302) 654-1888
                        sbalick@ashby-geddes.com
                        jday@ashby-geddes.com
                        tlydon@ashby-geddes.com

                        *Attorneys for Defendants,*
                        *Counterclaim Plaintiffs*

*Of Counsel:*

Edgar H. Haug
Sam V. Desai
Frommer, Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@flhlaw.com
sdesai@flhlaw.com

Elizabeth A. Leff
Frommer, Lawrence & Haug LLP
1667 K Street, N.W.
Washington, DC 20006
(202) 292-1530
eleff@flhlaw.com

Dated: February 25, 2008
188557.1

# EXHIBIT 1

**SBalick**

| | |
|---|---|
| From: | Blumenfeld, Jack [JBlumenfeld@MNAT.com] |
| Sent: | Friday, February 15, 2008 8:23 AM |
| To: | jjf_civil@ded.uscourts.gov |
| Cc: | SBalick; eleff@flhlaw.com; Ratliff, Preston K.; Louden, Karen Jacobs |
| Subject: | Sepracor v. Dey, C.A, No. 06-113-JJF (Consolidated) |

Dear Judge Farnan:

We write to seek the Court's assistance with regard to a dispute that has arisen concerning expert discovery in this action. Specifically, plaintiff Sepracor requests that the March 13 deadline for completion of expert depositions be postponed until after Markman proceedings.

This case, as well as Sepracor v. Barr (C.A. No. 07-438 (JJF)) concerning the same patents, was recently reassigned to Your Honor. Sepracor has moved to consolidate the two cases. That motion is noticed for March 7, 2008. In that motion, Sepracor proposes a consolidated schedule to prepare the two cases for a single trial. Under the current Scheduling Order in this case, and proposed by both parties in the Barr case, Markman briefing is due to begin on April 10, 2008, with answering briefs due on May 1, 2008. No Markman hearing, pretrial conference or trial date has yet been set in either case.

An earlier action that Sepracor filed against a third company, Breath, is pending in the District of Massachusetts. A Markman hearing in that case is set for next Thursday, February 21. Also, many of the same experts who have submitted reports in this case are being deposed in the Breath case.

Sepracor has proposed to Dey that the parties defer expert depositions in the Dey case until after Markman proceedings so that the parties may complete expert depositions with the benefit of the Court's Markman ruling. Sepracor has also advised Dey that proceeding with expert depositions at this time poses a real hardship to Sepracor and its experts given the Markman hearing and expert depositions in the Massachusetts case. Even though such an extension could not pose any hardship to Dey, given that no Markman hearing or pretrial conference has been scheduled here, it has refused to discuss extending expert depositions more than a week or two. Even as it insists that expert depositions go forward now, Dey has refused to coordinate with depositions in the Breath case, for example, by refusing to depose Sepracor's Dr. Page on a consecutive day from his deposition in the Breath case, even though Dr. Page is traveling from the United Kingdom.

For the foregoing reasons, Sepracor requests that the expert deposition deadline be extended until after Markman proceedings. At a minimum, Sepracor requests that expert depositions be suspended pending the Court's ruling on Sepracor's motion to consolidate noticed for March 7, 2008.

        Respectfully,

        Jack B. Blumenfeld (#1014)

# EXHIBIT 2

**JDay**

NEW YORK - Shares of Cephalon Inc. jumped Thursday as Wall Street brushed
off concerns that a federal lawsuit could result in generic competition to
sleep-disorder drug Provigil.

The stock gained $3.98, or 6.9 percent, to $61.42. Shares have traded
between $56.20 and $84.83 over the last 52 weeks.

On Wednesday, the Federal Trade Commission sued Cephalon Inc., accusing the
company of illegally blocking the sale of generic Provigil. It cited
"anticompetitive conduct" in Cephalon's move to pay four drug developers
more than $200 million to halt sales of generic versions until 2012.

Cowen and Co. analyst Eric Schmidt reaffirmed a "Outperform" rating for
Cephalon, saying a definitive court verdict is unlikely before 2011 and the
company has a good chance of prevailing. The FTC lawsuit is more likely a
move to set long-term antitrust policy rather than drive a quick reversal
of the Provigil settlements, he said.

Jefferies & Co. analyst David Windley also reaffirmed "Buy" rating with a
$85 price target, saying the FTC had the issue in its sights for a while
and the lawsuit should not come as a surprise. Still, it will likely have

1

no impact on the company.


Meanwhile, Cowen and Co. analyst Ian Sanderson reaffirmed a "Outperform" rating on Sepracor Inc., saying a possible patent settlement with Breath Limited over asthma drug Xopenex will likely remain unaffected by the FTC
lawsuit. He expects Sepracor to settle with Breath Limited in order to keep
a generic version of the drug off the market.


Shares of Sepracor rose 58 cents, or 2.4 percent, to $24.55. Shares have traded between $22.25 and $57.11 over the last 52 weeks.

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, you must not copy this message or attachment or disclose the contents to any other person. If you have received this transmission in error, please notify the sender immediately and delete the message and any attachment from your system. Generics [UK] Ltd does not accept liability for any omissions or errors in this message which may arise as a result of E-Mail transmission or for damages resulting from any unauthorized changes of the content of this message and any attachment thereto. Generics [UK] Ltd does not guarantee that this message is free of viruses and does not accept liability for any damages caused by any virus transmitted therewith.

Generics [UK] Ltd, Albany Gate, Darkes Lane, Potters Bar, Herts, EN6 1AG,
UK  Tel: +44(0)1707853000  Fax: +44(0)1707643148 Company No.1558756