## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SEPRACOR INC.,

                Plaintiff,

v.

BARR LABORATORIES, INC.,

                Defendant.

C.A. No. 07-438 JJF

## BARR'S OPPOSITION TO SEPRACOR'S MOTION
## TO CONSOLIDATE THE DEY AND BARR CASES

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800

George C. Lombardi
Imron T. Aly
Elizabeth H. Erickson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

*Attorneys for Defendant Barr Laboratories, Inc.*

Dated:  February 25, 2008

# TABLE OF CONTENTS

ARGUMENT ...........................................................................................................................1

I.    To Consolidate Fairly, Barr Should Be Allowed Adequate
      Time For Discovery ............................................................................................2

      A.    Barr's Modified Scheduling Proposal Maximizes Efficiency ................................2

      B.    Barr's Modified Scheduling Proposal Renders No Undue Delay for Dey ............3

II.   To Consolidate Fairly, Sepracor Should Provide Barr With Relevant
      Litigation Documents From The Pending Breath and Dey Cases .........................3

III.  To Consolidate Fairly, Barr Should Be Allowed Its Own Opportunity
      to Depose Sepracor Individuals ...........................................................................4

      A.    Barr Has the Right to Take Its Own Depositions of Sepracor Individuals...........5

      B.    Barr Proposed Reasonable Limits for Sepracor Witnesses Deposed
            In Other Cases.................................................................................................5

CONCLUSION.....................................................................................................................7

Barr is not wholly opposed to Sepracor's motion to consolidate the pending *Sepracor v. Barr* and *Sepracor v. Dey* cases. Indeed, it was Barr who successfully sought to combine claim construction briefing schedules for the two cases. But judicial efficiency cannot come at the cost of Barr's right to develop its own case and take the discovery it needs to fairly pursue its defenses. As Sepracor admits, "Sepracor recognizes that Barr should be entitled to any non-duplicative follow-up or gap-filling discovery." (D.I. 45, Sepracor's Opening Brief, at 9.)

Of course Barr should be allowed to take the discovery it needs to develop this case. After all, Barr was not a part of the Dey case when depositions were taken, and Barr was not at any depositions in the Dey case (or the Breath case, for that matter). Thus, Barr opposes Sepracor's motion as stated because it does not allow Barr sufficient discovery, but Barr is willing to agree to consolidation *if* the Court orders three discovery parameters: (1) Barr's modified scheduling order (Exhibit A, attached) — which Sepracor does not oppose — should be adopted; (2) Barr should be provided access to the litigation documents from the Breath and Dey cases; and (3) Barr should be allowed to depose Sepracor individuals to develop Barr's case. These three parameters provide a reasonable approach to consolidate these pending cases.[1]

## ARGUMENT

As outlined above, Barr is not opposed to consolidating its case with Dey's to maximize efficiency, so long as Barr's discovery rights are not sacrificed. Under Sepracor's proposal, Barr should live with the discovery taken by Dey in that separate case, even though Barr was not involved, was not invited to attend, and had no opportunity for cross-examination. Sepracor's position is not tenable, and ignores Barr's right to discovery in order to pursue its claims and defenses.

---

[1] Barr has offered compromise positions to Sepracor, in order to resolve these discovery issues, but Sepracor has not yet accepted the offer. Barr remains willing to negotiate a compromise in advance of the hearing on this motion.

**I.    To Consolidate Fairly, Barr Should Be Allowed Adequate Time For Discovery.**

Just weeks before Sepracor filed its motion to consolidate, it had stipulated to a different schedule. On January 10, 2008, Barr filed a motion to submit a joint Scheduling Order (D.I. 34), with the sole remaining dispute relating to the number of deposition hours, and not to any scheduling dates. Sepracor understood there had been such a stipulation, and in its January 28, 2008 responsive filing agreed that "[t]he sole dispute regarding the Scheduling Order concerns the total number of hours for fact depositions." (D.I. 34 at 2.) Sepracor nonetheless filed this motion to consolidate, *only ten days later*, presenting a different proposed schedule.

### A.    *Barr's Modified Scheduling Proposal Maximizes Efficiency*

Sepracor's new proposed schedule does not allow sufficient time for Barr's fact discovery, and does not allow sufficient time between a *Markman* hearing and expert reports. Because the parties agree that judicial efficiency should be maximized, it makes sense to have the legal issue of claim construction sufficiently develop — and perhaps even decided — before experts take up the task of applying claim construction. This is exactly the same argument Sepracor itself recently made to this Court with respect to the Dey case: "Sepracor has proposed to Dey that the parties defer expert depositions in the Dey case until after Markman proceedings so that the parties may complete expert depositions with the benefit of the Court's Markman ruling." (Sepracor's 2/15/08 e-mail to the Court, attached as Exhibit B.)  In the spirit of compromise, Barr is willing to even further accelerate the originally agreed joint proposal, and made some minor adjustments. These minor adjustments are reflected in the schedule attached as Exhibit A, and Sepracor has represented that it does not oppose this modified schedule. (Sepracor's 2/24/08 e-mail, attached as Exhibit C.)

### B.    *Barr's Modified Scheduling Proposal Renders No Undue Delay For Dey*

Dey will undoubtedly argue that it will experience some "delay" by virtue of consolidating the Dey and Barr cases. It will not. *First*, the Dey case is still moving along, but no claim construction briefing has been submitted, no *Markman* hearing has been scheduled, depositions are still underway, and no pretrial date has been set. *Second*, expert discovery is still underway, and Sepracor has even sought to extend expert discovery further into 2008. (Sepracor's 2/15/08 e-mail, attached as Exhibit B.) *Third*, Dey will not be differently affected by adding Barr, in terms of launching generic drugs, because it can launch after its 30-month stay expires if the FDA provides approval. In summary, the accelerated schedule attached as Exhibit A, which Sepracor does not oppose, maximizes judicial economy while allowing time for discovery.

## II.    To Consolidate Fairly, Sepracor Should Provide Barr With Relevant Litigation Documents From The Pending Breath And Dey Cases.

As noted above, Barr is not wholly opposed to Sepracor's motion to consolidate. Sepracor's motion, however, is premised on the understanding that Barr will have access to the litigation work completed thus far. Sepracor knows this, and asserted in the introduction to its motion that "...Sepracor is willing to provide Barr access to the discovery that has already occurred in the Dey case (and earlier Breath case)...." (D.I. 45 at 1.) Sepracor even went on to represent that:

> Barr will have access to the relevant fact and expert discovery from the Dey case (and even the relevant discovery from the Breath case), including the document production, pleadings, discovery responses such as interrogatory and request for admission responses, expert reports, and deposition testimony of fact and expert witnesses. (D.I. 45 at 9.)

But Sepracor has not made these documents available to Barr, despite Sepracor's own representation and despite Barr's request for them. To the contrary, Sepracor has objected to

Barr's requests, and ignored correspondence seeking to obtain such documents. (Exhibit D, attached).

For Barr to live with the accelerated schedule, it must be provided access to the relevant documents from Sepracor's other cases. Barr should be allowed to access the printed prior art, expert reports, depositions, and claim construction briefing from the *Sepracor v. Breath* case (pending in Massachusetts) and the *Sepracor v. Dey* case (co-pending in Delaware). Otherwise there is no opportunity for efficiency. Barr can "ramp up" on the issues in this case to facilitate consolidation, but not without having access to the papers already submitted in these other cases.

To the extent there are any confidential documents that are produced, Barr agrees to treat these consistent with Local Rule 26.2 until a protective order is entered. When a protective order is entered, Barr further agrees to treat such documents consistent with the narrower of the protective order entered in the Dey case or the Barr case. Confidentiality cannot be an excuse to avoid production, if at the same time Sepracor claims that its production of materials from the other cases will allow for efficiency.

### III.    To Consolidate Fairly, Barr Should Be Allowed Its Own Opportunity To Depose Sepracor Individuals.

Sepracor asks that "Barr be required to make some showing why it needs to re-depose a witness that has already been deposed in the Dey and Breath cases and to avoid duplicative questioning at any such deposition." (D.I. 45 at 9-10.) It is Sepracor's burden, and not Barr's, to request a protective order precluding Barr from seeking discovery, even of witnesses already deposed in other litigation. *See, e.g., Christy v. Pennsylvania Turnpike Comm'n*, 160 F.R.D. 51, 52 (E.D. Pa. 1995). Nonetheless, Barr is still willing to compromise to allow Barr to develop its own defenses while at the same time minimizing duplication.

4

As a premise to Sepracor's own argument regarding efficiency, Sepracor must first produce to Barr the depositions from the Dey and Breath cases. As noted above, Sepracor claims it will do just that, but so far Sepracor's production of deposition transcripts remains incomplete. Barr cannot know what has already happened in the depositions from the other cases without having access to them. As tautological as that seems, it must be said in this context because Sepracor claims that Barr will be able to rely on deposition transcripts from other cases, but has not yet produced them to Barr.

### A.    Barr Has The Right To Take Its Own Depositions Of Sepracor Individuals

Barr has the right to depose Sepracor individuals, even if they have already been deposed in other cases. After all, Barr was not invited to any of the earlier depositions. Barr was not present at any of the earlier depositions. Barr did not have the opportunity to cross-examine or ask questions at any of those depositions. Indeed, Sepracor did not sue Barr — a new party in a new lawsuit — until over a year after Breath and Dey. Barr should therefore be allowed to take depositions of Sepracor individuals, even if they have been deposed in other litigation. *See, e.g., Scripps Clinic & Res. Found. v. Baxter Travenol Labs., Inc.*, 1988 U.S. Dist. LEXIS 7495, at *9 (D. Del. 1988). Sepracor admits this, and notes that "Sepracor recognizes that Barr should be entitled to any non-duplicative follow-up or gap-filling discovery." (D.I. 45 at 9.)

### B.    Barr Proposed Reasonable Limits For Sepracor Witnesses Deposed In Other Cases

Once Sepracor produces the deposition transcripts, and Barr has the opportunity to review them, Barr can determine how best to follow up appropriately with each individual fact witness. Even without having reviewed the transcripts, Barr is already willing to accept reasonable restrictions both on the material covered with Sepracor individuals already deposed, and the time spent with them. With respect to material covered, Barr has no interest in

retreading ground already covered in previous depositions. Follow-up depositions of Sepracor individuals will be used to develop and pursue Barr's claims and defenses in this case. *See id.* With respect to time, Barr has already proposed to Sepracor a self-restricting 5-hour time limit per person for fact depositions of Sepracor individuals who have already been deposed. But Sepracor so far has not agreed to these conditions.

Barr must be allowed the opportunity to cross-examine Sepracor fact individuals, even if they have already been deposed in other cases.[2] This is especially true for the named inventors and individuals who were involved in the prosecution of the asserted patents. Not only is this simple fairness, but Barr will be prejudiced if it is not allowed to develop its own claims and defenses, which may or may not overlap with Dey's (again, it is impossible to tell without the discovery responses from the other cases, which Sepracor has refused to produce). Therefore, Barr should be allowed the opportunity, even if limited in time, to depose Sepracor fact individuals even if they have already been deposed.

---

[2] Experts are not included in Sepracor's proposal, and Barr agrees they should be viewed as separate with each party allowed its own time and opportunity to cross-examine retained testifying expert witnesses.

## CONCLUSION

For all the above reasons, Barr respectfully requests that Sepracor's motion to consolidate be denied, unless the conditions proposed in this motion are ordered, namely:  (1) Barr's proposed scheduling order (Exhibit A, attached) — which Sepracor does not oppose — should be adopted; (2) Barr should be provided access to the litigation documents in the Breath and Dey cases; and (3) Barr should be allowed to depose Sepracor individuals, even if they have already been deposed in other cases.


Dated:  February 25, 2008

                                    /s/ Richard K. Herrmann
                            Richard K. Herrmann (#405)
                            Mary B. Matterer (#2696)
                            MORRIS JAMES LLP
                            500 Delaware Avenue, Suite 1500
                            Wilmington, DE 19801
                            (302) 888-6800

                            George C. Lombardi
                            Imron T. Aly
                            Elizabeth H. Erickson
                            WINSTON & STRAWN LLP
                            35 West Wacker Drive
                            Chicago, Illinois 60601
                            (312) 558-5600

                            *Attorneys for Defendant Barr Laboratories, Inc.*

# EXHIBIT A

**EXHIBIT A**

| Event | Joint Proposal Previously Submitted By Sepracor and Barr (1/28/08) | Sepracor's New Proposal (2/7/08) | Barr's Compromise Proposal (2/22/08) |
|---|---|---|---|
| Claim construction opening briefs | 4/10/2008 | Same | Same |
| Claim construction responsive briefs | 5/1/2008 | Same | Same |
| *Markman* hearing | August 2008 | Same | Same |
| Close of fact discovery | 9/1/2008 | 7/1/2008 | 8/15/08 |
| Expert reports – opening | 11/12/2008 | 9/1/2008 | 10/6/08 |
| Expert reports – rebuttal | 12/19/2008 | 10/1/2008 | 11/17/08 |
| Close of expert discovery | (none) | 12/15/2008 | 1/16/09 |
| Pretrial conference | (none) | February 2009 | March 2009 |

# EXHIBIT B

**SBalick**

| | |
|---|---|
| **From:** | Blumenfeld, Jack [JBlumenfeld@MNAT.com] |
| **Sent:** | Friday, February 15, 2008 8:23 AM |
| **To:** | jjf_civil@ded.uscourts.gov |
| **Cc:** | SBalick; eleff@flhlaw.com; Ratliff, Preston K.; Louden, Karen Jacobs |
| **Subject:** | Sepracor v. Dey, C.A. No. 06-113-JJF (Consolidated) |

Dear Judge Farnan:

We write to seek the Court's assistance with regard to a dispute that has arisen concerning expert discovery in this action. Specifically, plaintiff Sepracor requests that the March 13 deadline for completion of expert depositions be postponed until after Markman proceedings.

This case, as well as Sepracor v. Barr (C.A. No. 07-438 (JJF)) concerning the same patents, was recently reassigned to Your Honor. Sepracor has moved to consolidate the two cases. That motion is noticed for March 7, 2008. In that motion, Sepracor proposes a consolidated schedule to prepare the two cases for a single trial. Under the current Scheduling Order in this case, and proposed by both parties in the Barr case, Markman briefing is due to begin on April 10, 2008, with answering briefs due on May 1, 2008. No Markman hearing, pretrial conference or trial date has yet been set in either case.

An earlier action that Sepracor filed against a third company, Breath, is pending in the District of Massachusetts. A Markman hearing in that case is set for next Thursday, February 21. Also, many of the same experts who have submitted reports in this case are being deposed in the Breath case.

Sepracor has proposed to Dey that the parties defer expert depositions in the Dey case until after Markman proceedings so that the parties may complete expert depositions with the benefit of the Court's Markman ruling. Sepracor has also advised Dey that proceeding with expert depositions at this time poses a real hardship to Sepracor and its experts given the Markman hearing and expert depositions in the Massachusetts case. Even though such an extension could not pose any hardship to Dey, given that no Markman hearing or pretrial conference has been scheduled here, it has refused to discuss extending expert depositions more than a week or two. Even as it insists that expert depositions go forward now, Dey has refused to coordinate with depositions in the Breath case, for example, by refusing to depose Sepracor's Dr. Page on a consecutive day from his deposition in the Breath case, even though Dr. Page is traveling from the United Kingdom.

For the foregoing reasons, Sepracor requests that the expert deposition deadline be extended until after Markman proceedings. At a minimum, Sepracor requests that expert depositions be suspended pending the Court's ruling on Sepracor's motion to consolidate noticed for March 7, 2008.

        Respectfully,

        Jack B. Blumenfeld (#1014)

# EXHIBIT C

## Aly, Imron

| | |
|---|---|
| **From:** | Ratliff, Preston K. [prestonratliff@paulhastings.com] |
| **Sent:** | Sunday, February 24, 2008 7:24 PM |
| **To:** | Aly, Imron |
| **Subject:** | RE: Sepracor v. Dey - Sepracor's Motion for Consolidation |

Mr. Aly,

Sepracor will not object to the consolidated case schedule proposed by Barr in your e-mail below. Regarding discovery, Sepracor continues to believe that Barr should only be entitled to non-duplicative follow-up or gap-filling discovery. Specifically, Barr should be limited to 50 hours of deposition time for fact witnesses, and should be required to make a showing why it needs to re-depose any witness whose deposition was already taken in the Breath or Dey cases. Also, the only statement that I made concerning the witnesses listed in your e-mail below is that their depositions were taken by Dey.

Very truly yours,

Preston

---

**Preston K. Ratliff II, Litigation Associate | Paul, Hastings, Janofsky & Walker LLP | 75 East 55th Street, New York, NY 10022| direct: 212 318 6055 | main: 212 318-6000 | direct fax: 212 230 7742 | prestonratliff@paulhastings.com| www.paulhastings.com**

**From:** Aly, Imron [mailto:IAly@winston.com]
**Sent:** Friday, February 22, 2008 3:56 PM
**To:** Ratliff, Preston K.
**Subject:** RE: Sepracor v. Dey - Sepracor's Motion for Consolidation

Mr. Ratliff,

It is hard to make a proposal about deposition limitations without having the chance to review the transcripts. But here is what I ask that you consider: close of fact discovery 8/15/08, expert reports initial due 10/6, expert rebuttals 11/17, close of expert discovery 1/16/09, and pretrial conference march 2009. Even though the parties had stipulated to a different schedule just a few weeks ago, Barr is willing to consider these dates in order to mutually resolve Sepracor's motion for consolidation, which will otherwise be opposed in due course.

Meanwhile, regarding discovery, Barr is willing to limit to 5 hours of deposition time the following individuals, based on your representation that they have been deposed twice and that we will have access to their transcripts and they may be used at trial as if they were a part of the Barr litigation: Aberg, Hansen, Maebius, Magnetti, McGrath, McVicar, Morley, Roach, Simon, and Yelle.

Very truly yours,

Imron

> **From:** Ratliff, Preston K. [mailto:prestonratliff@paulhastings.com]
> **Sent:** Friday, February 22, 2008 8:21 AM
> **To:** Aly, Imron
> **Subject:** RE: Sepracor v. Dey - Sepracor's Motion for Consolidation
>
> Mr. Aly,
>
> I am out of the office today.  I will see what I can do about the transcripts.  If you have a proposal, please send it to my e-mail.
>
> Very truly yours,
>
> Preston
>
> > **From:** Aly, Imron [mailto:IAly@winston.com]
> > **Sent:** Thursday, February 21, 2008 6:48 PM
> > **To:** Ratliff, Preston K.
> > **Subject:** RE: Sepracor v. Dey - Sepracor's Motion for Consolidation
> >
> > Mr. Ratliff,
> >
> > Thank you for your email.  I do not know the relatedness of the Barr and Dey cases, but I did request the names of fact witnesses deposed to see if there might be room for agreement on the pending motion to consolidate.  To that effect, I reviewed Sepracor's CD of deposition transcript production, and did not see transcripts for the following depositions listed in your attached chart:  Aberg, Maebius, McGrath, Morley, and Young.  Perhaps you can send them as attachments tonight for efficiency, and then follow up with official produced versions (or let us know if they are produced by providing production numbers).  Tomorrow, we can discuss terms for a potentially agreed schedule, if we can agree upon one.
> >
> > Imron
> >
> > > **From:** Ratliff, Preston K. [mailto:prestonratliff@paulhastings.com]
> > > **Sent:** Thursday, February 21, 2008 4:23 PM
> > > **To:** Aly, Imron
> > > **Subject:** Sepracor v. Dey - Sepracor's Motion for Consolidation
> > >
> > > Mr. Aly,
> > >
> > > This concerns our telephone conversations yesterday and today regarding consolidating the Barr case with the Dey case also pending before Judge Farnan.  In light of the relatedness of the Barr and Dey cases, you requested the names of the fact witnesses that Dey deposed.  Please see the attached document.
> > >
> > > Very truly yours,

Preston

**Preston K. Ratliff II, Litigation Associate | Paul, Hastings, Janofsky & Walker LLP | 75 East 55th Street, New York, NY 10022| direct: 212 318 6055 | main: 212 318-6000 | direct fax: 212 230 7742 | prestonratliff@paulhastings.com| www.paulhastings.com**

```
*********************************************************
IRS Circular 230 Disclosure:    As required by U.S.

Treasury Regulations governing tax practice, you are

hereby advised that any written tax advice contained

herein was not written or intended to be used (and cannot

be used) by any taxpayer for the purpose of avoiding

penalties that may  be imposed under the U.S. Internal

Revenue Code.
*********************************************************
This message is sent by a law firm and may contain

information that is privileged or confidential.  If you

received this transmission in error, please notify the

sender by reply e-mail and delete the message and any

attachments.

For additional information, please visit our website at

www.paulhastings.com.
```

The contents of this message may be privileged and confidential. Therefore, if this me been received in error, please delete it without reading it. Your receipt of this message intended to waive any applicable privilege. Please do not disseminate this message wi permission of the author.
***********************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be use (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, a:

```
*********************************************************
IRS Circular 230 Disclosure:    As required by U.S.

Treasury Regulations governing tax practice, you are

hereby advised that any written tax advice contained

herein was not written or intended to be used (and cannot
```

be used) by any taxpayer for the purpose of avoiding

penalties that may  be imposed under the U.S. Internal

Revenue Code.
*********************************************************

This message is sent by a law firm and may contain

information that is privileged or confidential.  If you

received this transmission in error, please notify the

sender by reply e-mail and delete the message and any

attachments.

For additional information, please visit our website at

www.paulhastings.com.


The contents of this message may be privileged and confidential. Therefore, if this message has
been received in error, please delete it without reading it. Your receipt of this message is not
intended to waive any applicable privilege. Please do not disseminate this message without the
permission of the author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you
(or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


==================================================
*********************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

# EXHIBIT D

# WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

25 AVENUE MARCEAU
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

IMRON T. ALY
(312) 558-8929
ialy@winston.com

February 13, 2008

**VIA MAIL AND E-MAIL**

Preston K. Ratliff II
Paul, Hastings,
   Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022

      RE       **Sepracor v. Barr**

Dear Mr. Ratliff:

      This letter regards Barr's December 7, 2007 requests for production. I wrote you about Sepracor's objections to those requests on January 23, 2008. I did not receive a response. I inquired again on January 28, and then by e-mail to your colleague Mr. Christiansen on February 6. But I still received no response. I am writing to let you know we will assume that you will not respond to the issues raised in the January 23, 2008 letter, and that therefore you have refused to discuss or meet and confer on those objections.

      While I am writing, I am informed that Barr does not have on hand the isolated active ingredient used for Barr's levalbuterol drug products. Pursuant to Sepracor's requests for production, we will be gathering and producing samples of finished formulations, but do not have the active ingredient in separate form. Therefore, Barr hereby amends its response to Sepracor's request for production number 46, to read that "Subject to and without waiving its general objections, Barr has not located after a reasonable search active ingredient in separate form responsive to this request, but is gathering for production samples of finished formulations."

      Very truly yours,

      Imron T. Aly