IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEPRACOR INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-113 (JJF) |
| v. | ) | C.A. No. 06-604 (JJF) |
| | ) | (CONSOLIDATED) |
| DEY, L.P. and DEY, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SEPRACOR INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-438 (JJF) |
| v. | ) | |
| | ) | |
| BARR LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT FINAL JUDGMENT AND DISMISSAL

**WHEREAS**, this is a consolidated civil action of Civil Action Nos. 06-113-JJF, 06-604-JJF, and 07-438-JJF.

**WHEREAS**, this Consent Final Judgment and Dismissal concerns only *Sepracor, Inc.* v. *Barr Laboratories, Inc.*, Civil Action No. 07-438-JJF (referred to herein as the "Litigation").

**WHEREAS**, Plaintiff Sepracor Inc. ("Sepracor") and Defendant Barr Laboratories, Inc. ("Barr"), having agreed to a final settlement of the Litigation request that this Consent Final Judgment and Dismissal be entered in the above-captioned case.

**WHEREAS**, Sepracor owns, licenses or has the legal title and interest in and to United States Patent Nos. 5,362,755 ("the '755 patent"), 5,547,994 ("the '994 patent"),

5,760,090 ("the '090 patent"), 5,844,002 ("the '002 patent"), and 6,083,993 ("the '993 patent") (collectively the "Sepracor Patents").

**WHEREAS,** in the Litigation, Sepracor alleged that Barr infringed the Sepracor Patents under 35 U.S.C. § 271(e)(2) by virtue of Barr's submission of Abbreviated New Drug Application No. 78-860 ("Barr's ANDA") to the United States Food and Drug Administration ("FDA").

**WHEREAS,** Barr's ANDA was submitted to the FDA under 21 U.S.C. § 355(j), and seeks FDA approval for certain levalbuterol hydrochloride inhalation solutions.

**WHEREAS,** Barr's ANDA is currently pending with the FDA and has not yet been approved.

**WHEREAS,** Sepracor and Barr have reached an agreement to finally settle the Litigation as set forth in this Consent Final Judgment and Dismissal and a separate Settlement and License Agreement ("Settlement Agreement") which is contemporaneously and separately being executed.

**WHEREAS,** final settlement of the Litigation will help Sepracor and Barr avoid the substantial uncertainty and risks involved with prolonged litigation.

**WHEREAS,** final settlement of the Litigation will permit Sepracor and Barr to save litigation costs, as well as adhere to the judicially recognized mandate that encourages the settlement of litigation whenever possible.

**WHEREAS,** final settlement of the Litigation serves the public interest by saving judicial resources and avoiding the risks to each of Sepracor and Barr associated with infringement.

**WHEREAS**, final settlement of the Litigation will permit the management of Sepracor and Barr to refocus on running their respective companies rather than devoting substantial time and resources to the Litigation.

**WHEREAS**, money saved by this final settlement can now be invested by Sepracor and Barr into research and development to identify new uses for current drugs, and to further the creation of new pharmaceutical products.

**WHEREAS,** by settling this Litigation finally, Barr avoids the possibility of incurring treble damages were Barr found to have willfully infringed the Sepracor Patents by entering the market prior to expiration of the Sepracor Patents.

**WHEREAS,** by finally settling this Litigation finally, Barr avoids the possibility of having to pay Sepracor's attorneys' fees were Barr's conduct found to be exceptional under 35 § U.S.C. 285.

**WHEREAS**, "Affiliate" means any entity controlling, controlled by or under common control with a party, but only as long as such control continues, where "control" means: (i) the ownership of at least fifty percent (50%) of the equity or beneficial interest of such entity, or the right to vote for or appoint a majority of the board of directors or other governing body of such entity; or (ii) the power to directly or indirectly direct or cause the direction of the management and policies of such entity by any means whatsoever.

**WHEREAS**, "Related Parties" means a party's directors, officers, employees, agents, representatives, heirs, assigns, predecessors, and successors.

**WHEREAS**, Sepracor and Barr each consent to personal jurisdiction in Delaware for purposes of enforcing the Settlement Agreement.

**WHEREAS**, Sepracor and Barr each consent to the entry of this Consent Final Judgment and Dismissal.

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED as follows:**

1. The Court has jurisdiction over the parties and the subject matter of this Litigation.

2. The '755, '994, '090, '002, and '993 patents are valid and enforceable.

3. Barr has infringed the '755, '994, '090, '002, and '993 patents under 35 U.S.C. § 271(e)(2).

4. All claims in this Litigation are hereby dismissed without prejudice and all counterclaims in this Litigation are hereby dismissed with prejudice.

5. Barr, its Affiliates, subsidiaries, Related Parties, and anyone acting in concert with Barr, are hereby ordered to comply with the terms of the Settlement Agreement dated March 10, 2009.

6. Each party shall bear its own costs and attorney fees.

7. The Court shall retain jurisdiction over any matters related to or arising from the interpretation or enforcement of the Settlement Agreement or any legal or equitable claim concerning the Settlement Agreement by any third party.

**IT IS SO ORDERED, DECREED AND ADJUDGED** this _13_ day of March, 2009 by:

_____
The Honorable Joseph J. Farnan JR.
United States District Judge

4